RECEIVED

SEP 1 7 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Michael Patrick Siano
102 Haines Street East
Lanoka Harbor, New Jersey 08734
(732)788-0772
Mikee1987@yahoo.com

**MICHAEL PATRICK SIANO™,**

**Plaintiff Corporate Entity**

**V.**

**M&T BANK,**
**PARKER McCAY P.A. LAW**
**OFFICES et al. and all Unknown Parties**

**Defendants**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**COMPLAINT WITH**
**QUIET TITLE**

Comes now, Michael Patrick Siano™ (herein after Siano) as one of "We the People" and informant with the following information, hereby presents to this Honorable Court, a showing of willful and gross neglect of federal law, and violations thereof, executed by the Defendants according to State and Federal Law. Siano presented such evidence by the record before the State Court, as the State Court has now failed "Equal Protection" of Siano's rights found under State/Federal Constitutions. Therefore, raises a Federal question. Siano is a peaceable citizen of the united states of America, and has at all times during these events lived at 102 Haines Street East Lanoka Harbor, New Jersey 08734. Defendant M&T BANK, through PARKER McCAY P.A. LAW OFFICES et al., is a corporation doing business at various locations inside the State of New Jersey, but headquartered in the State of New York at 1 M&T PLAZA Buffalo, New York 14203, and at all times relevant, claimed to be servicer of the subject credit transaction at

1

hand. Defendant PARKER McCAY LAW OFFICES is a legal firm doing business in New Jersey located at 9000 Midlantic Drive Suite 300 P.O. Box 5054 Mount Laurel, New Jersey 08054, at all times times relevant, had agents actively engaged against Siano on behalf of M&T BANK.

## JURISDICTION AND VENUE

1.      Jurisdiction is established upon this Court pursuant to 28 U.S.C. § 1331 in that the claims alleged therein arise under the laws of the United States.

2.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's State law claims, including but not limited to determination of status as holder in due course under New Jersey Statutes N.J.S.A. 12A:3-103-N.J.S.A 12A:3-119, N.J.S.A 12A:3-201-12A:3-207; and the equitable action for quiet title under N.J.S.A. 2A:62-1.

3.      The foregoing State/Federal laws provide "threshold jurisdiction" and foundation for Siano's claims as to raising a Federal Question along with gross violations of Siano's rights Due Process and "Equal Protection" during the conclusion of THE OCEAN COUNTY SUPERIOR COURT CHANCERY DIVISION kangaroo- court docket number F-014382-19.

## SUBSTANTIVE CLAIMS

4.      On July 19, 2017 unbeknownst to Siano, Siano was induced into a one-sided, unenforceable, deceitful credit transaction under the false pretense of a loan with Glendenning Mortgage Corporation herein after GMC as being the claiming "Lender".

5.      GMC failed "disclosures" to Siano by concealing many pertinent factors lacking the essentials establishing an enforceable contract required by the Federal Truth in Lending Act.

6.    M&T BANK acts as the servicer and is not considered "the owner" of the alleged "mortgage loan" of subject transaction since or about April 2, 2019. See 12 CFR § 226.39 - Mortgage transfer disclosures.

7.    Whereas, 12 CFR § 226.39 states specifically that "a servicer of a mortgage loan shall not be treated as the owner of the obligation if the servicer holds title to the loan, or title is assigned to the servicer, solely for the administrative convenience of the servicer in servicing the obligation," M&T BANK acts in gross neglect of codified law to harm Siano with false claims.

8.    On April, 23, 2019, M&T Bank executed a deceitful mortgage assignment through MERS "tracking" system and has filed such assignment with the town's recorders office. *Book 17499, page 337*

9.    Mortgage Electronic Registration Systems Inc. (a.k.a. "MERS"), who is also a party to the subject transaction, has conceded publicly to the Federal Reserve Board of having no capacity to assign Mortgages. This unmanned, unsupervised registry system known as "MERS" is only meant for the tracking of mortgage documents and not as an avenue to record deceptive assignments to perpetrate deceitful foreclosure actions on thousands of unsuspecting, unknowledgeable Americans.

10.    On September 1, 2019, without lawful authority, and with the intent to deceive, M&T BANK filed claims against Siano in case number F-014382-19 in State Court.

11.    M&T BANK through its legal Counsel conspires together, in attempting "civil theft" of Siano's property, acting ultra vires with gross absence of the required evidence of lawful authority.

12.    M&T BANK as it appears is using organized racketeer influence throughout America after falsifying mortgage assignments through an unmanned, unsupervised registry system in an attempt to steal property after an insurance claim.

13.     On 08/08/2020, after recent discovery of M&T Bank's failed disclosures, Siano sent via regular Mail, constructive notice of his Right to rescind the credit transaction including the Form H-8 Right to Recission."

14.     M&T BANK failed to recognize Siano's right to rescission, having 20 days to refund all moneys pursuant to 15 U.S.C. §1635 (a-b), and as of today, 09/16/2020 has failed to do so.

15.     On 08/24/2020, Siano put the New Jersey Superior Court on notice that Siano rescinded the transaction in question. In gross neglect of 15 U.S.C. §1635,  the New Jersey Superior Court continued forward ultra vires, with full knowledge of its lack of jurisdiction over the subject matter with an unlawful foreclosure action that is now "VOID" according to 15 U.S.C. §1635.

16.     Furthermore, M&T BANK along with Parker McCay P.A. (collectively herein after Defendants) used the mail system to perpetrate their fraud.

17.     With these actions performed by the Defendants, Defendants have damaged Siano with irreparable harm, financially, socially and emotionally, via social and mental harassment, defamation of character/name, having willful intentions in causing slander of title, via concealed criminal intent.

Siano as being one of "We the People", acting as an informant, with the following information presenting evidentiary facts before this Honorable Court for enforcement I state the following:

## COUNT ONE

### Violation of 18 U.S.C. §1962(c)

18.     A separate count of Mail and Wire Fraud took place each and every time a deceptive pleading, Affidavit, Note Assignment, and Mortgage Assignment was sent by a Defendant to the

Court and Siano, through the internet filing system and the use of the U.S. mail system. Likewise is true for any documents sent via electronic mail.

19.     As the evidence on the record shows, there is a series of patterns of racketeering activity, specifically "mail and/or wire fraud," the Defendants subject to this Court willingly participated in a criminal enterprise affecting interstate commerce and Siano is not the only victim of this deceitful stratagem.

20.     As the evidence shows, the Defendants knowingly used deceptive affidavits, assignments and pleadings to the Clerks of Court, Judge, and Siano executing their actions. As it appears, the Defendants intentionally participated in a scheme to defraud and mislead Siano, having full understanding of their actions, utilized the U.S. Mail system and the internet to perpetrate their actions.

21.     The facts show a pattern of criminal conspiracy affecting interstate commerce in more ways than one. The factual evidence now show a repeated pattern of concealment of the true identity of the transactions "Creditor/Lender" concealed at before and during closing, failing to provide the truth in lending.

22.     GMC made an agreement with the REMIC trust creating a new concealed debt, making Siano a party to an undisclosed agreement called the Pooling and Servicing agreement.

23.     The foregoing is cumulative constructive "acts" of fraud (fraudulent inducement), which were accomplished through the U.S. Mail/internet systems, also being filed in the record, which are specifically attributable to the Defendants bound by this Court which are:

a.)     Filing suit, and filing at the Recorders office, under false pretenses, executing a deceptive assignment, as "if" the servicer is the injured party, the real party in interest, which Siano recently uncovered and has brought fraud upon the State Court and the public record. The

Defendant's actions show, a failed attempt by using the unsupervised MERS system, as any member has access to any recorded mortgage documents within the MERS "tracking" system, and executed a deceptive assignment, without any authority, and executed this action as a servicer to deceive the Court.

b.) Defendants claim and allege that they were/are the "owner" and "holder" of the note and mortgage in contravention of 15 U.S.C. §1635, subject to committing fraud upon the State Court.

c.) Actively concealing there lack of standing in their complaint to foreclose and has caused harm to Siano.

d.) The record appears and shows the racketeering pattern using deceptive affidavit(s) and documents by persons working for the Defendants with no prior knowledge at all of the truth, or of their contents and has misled the Courts before any judgments were rendered.

The Defendants actions rises to the level of "Racketeer Influence" as it meets and satisfies the RICO requirements, showing a pattern of deception through non-disclosure in the attempted civil theft of Siano's property by concealing and misleading the State Court. Based on the Defendants actions, Siano is entitled to receive judgment in the amount of three times actual damages, plus costs and attorney fee under 18 U.S.C. §1964(c).

## COUNT TWO

### Violation of 18 U.S.C. §1962(d)

24.     The record reflects the Defendants have conspired together to violate 18 U.S.C. §1962(d), by perpetrating fraudulent actions utilizing the U.S. Mail system and the internet. The Defendants

actions have the same "modus operandi" the attempted theft of real property through illegal foreclosure, with full knowledge and understanding of their actions.

25.     Those who help and support an illegal enterprise are liable for the actions of those who perpetrate the villainous acts, Nevertheless, whether they participated in that particular criminal act. Based off the actions by the Defendants, Siano is entitled to judgement for "Treble Damages" in the amount of three times the amount of Defendant's Claim, plus attorney fee and costs.


## COUNT THREE

### Violation of 18 U.S.C. §1962(b)

26.     The evidence on the record reflects that the Defendants conspired together and have violated 18 U.S.C. §1962(b) by filing false claims with the court, committing fraudulent actions in an attempt to collect a false debt via the U.S. Mail system and the internet via e-mail, having superior knowledge and willful intention.

27.     The record reflects that the Defendants have conspired to bring forth a suit without proper evidence of standing in an attempt to defraud not only Siano, but also the State Court, with full knowledge and understanding as to filing a sham foreclosure complaint.

28.     The preparation, filing, and prosecution of this misleading sham complaint to Foreclose and to attempt to enforce a nonexistent contract, is a willful act in its pattern of racketeering activity.


## COUNT FOUR

### Violation of 18 U.S.C. 1346

29.     It appears the Defendants used the MERS artifice and have illegally filed suit, while engaging in one or more of the following illegal practices:

30.     Defendants have filed foreclosures throughout the State of New Jersey and the United States of America knowing that they were not the "owners" or beneficiaries of the transaction they filed the wrongful foreclosure upon.   They knowingly and intentionally set out to deceive the Courts as to this fact and had full knowledge of the fact that they lacked standing to file suit.

31.     Defendants used the unmanned MERS artifice to execute Assignments and Notes as Exhibits to foreclosures and filed these Assignments in the public record in all over the State of New Jersey and this country.   In such cases and public recording, essential evidentiary documentation to prove chain of title/ownership had not been obtained. Siano believes the essential evidentiary documentation to prove chain of title does not exist, as no competent evidence of such as required by law for jurisdiction is entered proper before the Court.

32.     The evidence shows Defendants have filed altered or fabricated documents in this case (like in other foreclosure cases) to support their claims of ownership, including copies of notes without the endorsement to hide the true holder in due course and make it seem as if they have the right to collect on a converted note.

33.     These illegal foreclosure actions could not be possible without the ability to utilize MERS and the Defendants' contempt for due process compounded by their specific intention to obviate the requirement that documents prepared for legal use be truthful, authentic, and legitimate.

## COUNT FIVE

### COMMON LAW FRAUD

34.     In the United States, common law generally identifies nine elements needed to establish fraud: (1) a representation of fact; (2) its falsity; (3) its materiality; (4) the representer's knowledge of its falsity or ignorance of its truth; (5) the representor's intent that it should be acted upon by the

person in the manner reasonably contemplated; (6) the injured party's ignorance of its falsity; (7) the injured party's reliance on its truth; (8) the injured party's right to rely thereon; and (9) the injured party's consequent and proximate injury.

35.     The record reflects that the filed "misleading" mortgage assignments are the foundational linchpin to effectuate the unlawful foreclosure. As the evidence reflects the conspirators knew the material presented on the record was false. The Defendant's actions show, their willful filed documents on the record before the Court, was an attempt to establish a legitimate claim to the property in this question.

36.     As the record shows the Defendants predecessor GMC failed to follow the must have requirements under the "Truth in Lending Act" Regulation Z given Siano the right to cancel the transaction.

37.     The note and mortgage were separated or bifurcated at the closing table with the mortgage recorded with MERS as nominee. However the original so-called "Lender" never actually lent anything of value, certainly not "money." This material fact was concealed with full knowledge and intent to mislead Siano into thinking an honest "Loan" transaction took place.

38.     MERS has now become nominal Mortgagee for a so-called "Lender" with absolutely no financial risk forever changing the economics of the entire transaction; Siano is not the only casualty in this type of bad behavior by "Pretender Lenders".

39.     As the facts are uncovered, the blatant attempt to mislead Siano and the Court is considered fraud upon the Court with willful scienters intentions.

## COUNT SIX

### Defamation/Libel

40.     As the record reflects and show the Mortgage assignments filed by the Defendants were made in an attempt to portray a valid enforceable assignment on the record, without having any

9

proper authority, which has now clouded the title, and has caused irreparable defamation and libel against Siano.

41.     As the Defendant's action show, the Defendant's had prior knowledge and intent of purposely filing misleading statements, and claims before the Court and purposely intended to harm Siano with an outright attempt to steal Siano's property.

42.     As the record reflects that the Defendants have and continue to reported false remarks about Siano to all major credit bureaus with the upmost willful understanding of the damage this is inflicting on Siano with no regard.

## COUNT SEVEN

### Illegal Liens

43.     A person is guilty of filing an illegal lien when he/she files a documents or lien that is known or should have known was forged, groundless, contained a material misstatement, or was a false claim.

44.     The Defendants predecessor mislead Siano into thinking there was a lien on the property.

45.     The willful filling of a Lis Pendens under false misleading pretenses is clear example of willful intent to file the false claim on an illegal lien.

46.     Under New Jersey law this willful action is a second-degree crime, by filing a false lien.

47.     All parties taking part in or who conspired with those who participated in the acts or practices in question are jointly and severally liable

## COUNT EIGHT

### Conspiracy

48.     Now discovered, the biggest deception establishing the strongest possible proof of malicious intentions of such a conspiracy is the concealment of one's true identity under the tracking system called MERS, executed by both defendants.

49.     The Defendants used MERS 'tracking system", which has no supervision, without any authority and has executed Siano's mortgage assignment as if the Defendant were the rightful owner, and had a right to the claims to the future proceeds of the lenders self-created concealed debt with the REMIC Trust known as Ginnie Mae.

50.     Defendant's willful actions were to purposely mislead the State Court and tried to portray "as" being the real parties in interest as the injured party. In truth it's an impossibility after the transformation and process known as securitization was executed.

51.     The Defendants willfully mislead the Court, by using an affidavit sworn under Oath and penalty of perjury by an employee with no prior first hand knowledge, in an attempt to mislead the Court, trying to portray that the Defendant is the rightful just true owner and holder of the "original" note and mortgage, which has now stated an impossibility.

52.     The evidence shows that Siano's mortgage document show, MERS is listed as the nominee for the lender listed on Sianos Note, therefore it seems rather easy for the Defendants to simply print off copies of Siano's altered forged documents as this is what MERS does "electronically" track mortgage documents.

53.     The uncovered fact that the Note was table funded before closing, meaning the lender on the Note never lent any valuable consideration to provide "something" of value completing a valid transaction between the parties.

54.     Another deceptive act is GMC used MERS as a scapegoat, as the "nominee" which is an actual unmanned, unsupervised entity acting as only a tracking system which has absolutely no financial interest in any Note.

11

55.     The Mortgage document states that MERS "is" the nominee for the lender.    "Is" is present tense this seems to indicate that as of the time of execution of the transaction, MERS was performing some unknown service for both lender and its successors and assigns even though outwardly the mortgage had not been executed. Upon the assignment, it would seem to be impossible for MERS to act as nominee for the original lender. This phrase wordlessly acknowledges that the mortgage will be assigned without supervision.

56.     To further the goal of this scheme and to maintain this model was the inclusion in the mortgage of intentionally ambiguous and malleable provisions pertaining to MERS.

57.     The conspiracy also has another hidden gem, the false transfer of rights in the property. This Security Instrument secures to Lender: (1) the repayment of the transaction, and all renewals, extensions and modifications of the Note; and (2) the performance of Borrower's covenants. There is no "purpose" stated in the preceding sentence.

58.     How can the borrower concurrently convey the property to: (1) MERS as nominee For the lender; (2) MERS as nominee for lender's successors and assigns; and (3) MERS's own successors and assigns? Furthermore, who are such successors and assigns? No assignment could have existed as of the moment the mortgage was executed by the borrowers, and if somehow same did exist, it should have been disclosed as a fundamental and material aspect of the transaction. If the assignment occurred prior to the mortgage, the mortgage itself is void on its face because the "Lender" had no interest to secure. Therefore, the Plaintiff (M&T BANK) and the State Court's actions are **ultra vires**.

59.     While any transaction is still "wet" and now appears virtually non-existent legally, the "Lender" promptly sold the credit transaction, in secret, to "investors" for some percentage or fraction of what had been the alleged value of the mortgage and the property by which it was secured just days or weeks earlier or the credit transaction was listed inside a Mortgage Backed

Security and sold before the credit transaction was even done sold without the Note ever being in the possession of the Mortgage Backed Security. The investors (the undisclosed unknown party to the transaction) A.K.A the real parties in interest actually bought nothing, but were simply misled.

60.    The investors were paid back via default insurance which Siano paid the premium.

61.    If that is not bad enough these sinners didn't want to pay the associated fee with recording the mortgage and they won't be bothered with the trouble of keeping track of the originals. The known fact is the original "Note" was destroyed simply for the reason; any further use will be considered securities fraud.

## COUNT NINE

### TILA Violations

62.    As the evidence shows, the Creditor/Lender Failed to comply with **all** the disclosure requirements under the Federal Truth and Lending Act ("TILA") 15 U.S.C. §1601 et. seq.

63.    At closing the Creditor/Lender failed to provide Siano the required Truth in Lending Disclosure Statement, or any similar form of his right to rescind.

64.    The failure of full material disclosure is detrimental to the Defendants.

65.    As of August 8, 2020 Siano used the proper TILA procedure under the authority of 15 U.S.C. §1635 to rescind this transaction. *See exhibit B*

66.    Under the authority of TILA 15 U.S.C. §1635 the Defendants "shall have 20 days after receipt of notice to return to the obligor (borrower) any money or property given as earnest money, down payment, or otherwise, and **shall take any action necessary**" or appropriate to reflect the termination of any security interest created under the transaction", but simply failed to do so.

67.    Accordingly, when M&T BANK (the servicer) took it upon themselves to create a misleading deceptive assignment of the subject mortgage, it knew or should have known about the

existence of the violations pursuant to State and Federal laws set forth herein, but simply went ahead and executed the mortgage assignment misleading all parties.

68.    M&T BANK claims to hold the Mortgage and Mortgage Note by voluntary assignment. Under said voluntary assignment, pursuant to 15 U.S.C. §1641, M&T BANK as the "assignee" has now became liable of all claims as well as all liabilities under the subject mortgage transaction, and all criminal activities per 15 U.S.C. §1641.

## COUNT TEN

### VIOLATION 12 C.F.R. §226.23, 15 U.S.C. §1635

69.    Again reiterating at the closing table the "Creditor" failed to fully make the material disclosures prescribed by Federal Law concealing the fact of who the true "Creditor/Lender" is and never provided to Siano any appropriate appendix H recession form or any similar form as required.

70.    As the record reflects the transaction was never consummated requiring 2 known parties and with the newly uncovered deceptive activity, Siano rescinded the transaction under the authority of 15 U.S.C. §1635 on August 8, 2020.

71.    The Courts have made it clear that if the true Lender is not disclosed the loan was never consummated, the statute of limitations of 3 days does not toll until the requirements are met. M&T BANK is now in violations of 15 U.S.C. §1635(a-b) and is now liable under 15 U.S.C. §1640.

## COUNT ELEVEN

### Mail Fraud.

14

72.     The evidence shows that the Defendant and legal counsel conducted mail fraud more than two times in conjunction with trying to collect an unlawful unknown concealed debt under 18 U.S.C. §1341, §1342.

73.     Whereas Defendants have used the United States Postal Service in an attempt to carry out their racketeering in their attempt to defraud Siano, and the State Court by means of false deceptive pretenses to collect on a false debt and an attempt to steal my property.

74.     Each separate mailing by the Defendants stating the claim that they are a debt collector trying to collect a debt constitutes a new violation of 18 U.S.C. §1341, §1342.

## COUNT TWELVE

### The Use of Siano's altered Converted Notes and deceptive Mortgage Assignments

75.     As the evidence was before the State Court, introduced into the record by the Defendants, the truth is blaringly obvious. Siano signed on the second and last page of a simple promise to pay in an exchange for a "loan" from the "Lender".

76.     The Defendants willfully filed into the State Courts record, the smoking gun, by intentionally introducing into the evidence only the first two pages of Siano's "Note" trying to conceal the allonge or endorsement page evidencing the alteration and conversion.

77.     *See Exhibit A* showing the altered forged promissory note, in which was "altered" after signing without my knowledge or consent, as the evidence is on the third page, and ultimately forever changed the terms of the transaction with this conversion. *See U.C.C. 3-407*

78.     This action appears to be a felony level crime in New Jersey.

79.     Siano's Note started off as a simple "promise to pay", and was forever converted into an "order to pay", without Siano's knowledge and consent. *See U.C.C. 3-420*

80.     Siano's negotiable instruments are governed by article three (3) of the Uniformed Commercial Code (*U.C.C.*)

81.     *U.C.C. 3-301* states in order to enforce a negotiable instrument a person must be a holder of the note.

82.     The strict definition of "holder" means the person must possess the **original** "Note", and the "Note" must be issued or endorsed to him or to his order or to bearer or in blank.

83.     The evidence on the record reflects that Siano's "Note" is endorsed to WELLS FARGO evidencing a willful alteration after the signing. **"If"** it was a valid enforceable Note, there is no evidence of any "endorsement" to Defendant and Defendant is claiming to be in possession of the original negotiable instrument, and now is claiming a legal impossibility.

84.     The Defendants used the unmanned, unsupervised, entity named "MERS" as "MERS" is simply a tracking system, as evidenced the Defendants premeditatedly used it as an avenue to perpetrate their illegal actions. Anybody can become a member of "MERS", and any member throughout the world can assign any mortgage to any party but is it legal, lawful, and just?

## COUNT THIRTEEN

85.     Plaintiff repeats the allegations of all the statements in each count of the Complaint and makes the same a part hereof, as if repeated at length.

86.     As a direct and proximate result of the foregoing misrepresentations of material fact, Siano has been damaged, by Defendants willfully executed filed foreclosure suit, which is now fraud on the Court, by an Officer of the Court, which is simply a criminal activity.

87.     Siano has been damaged, and is now entitled to all damages and the proceeds of the undisclosed sale of Siano's "only" promise to pay Note.

## AND DEMAND FOR JURY TRIAL

88.     By reason of damage enacted by the named Defendants, as stated herein before in this Complaint, Siano demands Trial by Jury to recoup all relief prescribed by law, and criminal

charges brought before all acting parties based off the established information presented before this Honorable Court.

## Quiet Title

### N.J.S.A 2A:62-1

89.    A person in "peaceable possession" may, when title to his lands or any part of them is denied or disputed, or when a lien or encumbrance is asserted against his lands, use this process "to settle the title to such lands and to clear up all doubts or disputes" concerning the land.    *N.J.S.A. 2A:62-1.*

90.    This Court has jurisdiction over the matter and is the proper venue as the property is within the jurisdiction of this Honorable Court located in Ocean County at 102 Haines Street East Lanoka Harbor, New Jersey 08734.

91.    Siano has a right to file this petition as Siano is the rightful last and only registered owner of the named property with legal possession evidenced by the transferred to me with the recorded Bargain and Sale Deed on record. *See Exhibit B* Certified Copy of Bargain & Sale Deed.

## Indisputable Facts

92.    No legal and lawful transfer title of property had taken place. The Creditor's lack of full disclosure, meeting of the minds, lack of valuable consideration, and signatures between two (2) known parties, allowed Siano the right to rescind the original transaction under the authority of 15 U.S.C. §1635(a-b). *See Exhibit B.*  Copy of rescission letter with appendix H-8 form attached.

93.    Any reliance on the mortgage documents have been void ab initio.

94.    Siano is the last recorded real party of interest. *see Exhibit A.*

95.    Siano always has had superior claim since July 19, 2017  and is recorded on the record at the OCEAN COUNTY recorder's office at book 16822 page 1450 to the property and challenges

anyone to come forward of their **strict proof with** evidence to the contrary having a superior recorded deed.

96.    The Defendants have filed false documents with THE OCEAN COUNTY CLERK recorder's office and has clouded the title and has harmed Siano which must be corrected.

## Relief Sought

97.    The Defendant M&T BANK pay damages to Siano in the amount of three (3) times the transaction sum of the matter at $204,265.57 as prescribed by law for Siano's injuries sustained in this lawless plot.

98.    Apportioned between the Conspirators attorney fee and costs granted to Siano in the amount of $14,721.15 or as the Court finds equitable and just.

99.    Siano be awarded the amount of $30,167.80 for all payments of $1508.39 tendered over the months of 07/11/2017 through 03/29/19 as their failure to follow 15 U.S.C. §1635.

100.   All Defendants known and unknown be declared to have no estate, title, or interest on Siano's property. Michael Patrick Siano is entitled to quiet undisturbed possession of the property as described herein above.

101.   For damages against all Defendants as applicable as well as compensatory and punitive damages under the Civil Rico Statutes in an amount to be determined at trial in the amount to show such practices are unpalatable to the People of New Jersey.

## Affidavit of Truth to the Facts

I, Michael Patrick Siano, testify on my own behalf and by my own free will act and deed, under penalty of perjury that the statements and facts in this complaint set forth herein are true and correct to the best of my ability and will testify under oath if case may be, so help me God.

18

Under my Hand and Seal,                    Dated: 9 – 17 - 20

By: _____
   Michael Patrick Siano
   102 Haines Street East
   Lanoka Harbor, NJ 08734
   Phone: 732-788-0772

*Intentionally Left Blank*

Michael Patrick Siano
102 Haines Street East
Lanoka Harbor, New Jersey 08734
(732)788-0772
Mikee1987@yahoo.com

| | |
|---|---|
| **MICHAEL PATRICK SIANO™,** | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Plaintiff Corporate Entity** | |
| **V.** | |
| **M&T BANK,**<br>**PARKER McCAY P.A. LAW**<br>**OFFICES et al. and all Unknown Parties** | **PETITION FOR PERMANENT**<br>**INJUNTIVE RELIEF** |
| **Defendants** | |

Plaintiff Michael Patrick Siano[TM] herein after Siano located at 102 Haines Street East

Lanoka Harbor, New Jersey 08734 in this petition for the above complaint against M&T BANK

doing business in various location throughout New Jersey and has its Corporate Headquarters at

1 M&T PLAZA Buffalo, New York 14203 and PARKER McCAY P.A. located at 9000

Midlantic Drive Suite 300 P.O. Box 5054 Mount Laurel, New Jersey 08054 collectively herein

after Defendants comes now to this Honorable Court asking for Injunctive Relief as Siano has

had Suit brought against him by the above captioned Defendants using deceptive means, the

State Court granted judgments in the Defendants favor in gross violation of Siano's rights and

20

equal protections afforded by the Constitution. These ultra vires acts in State Court complied with The Defendants violation of 15 U.S.C. §1635 have cause harm to Siano who is bringing these acts to this Honorable Court for justice.

## JURISDICTION AND VENUE

1.      Jurisdiction has been established upon this Court pursuant to 28 U.S.C. § 1331 in that the claims alleged therein arise under the laws of the United States.

2.      Interstate banking activities are the exclusive jurisdiction of the United States District Court.

## UNDISPUTABLE FACTS

3.      Siano brings this action for violations of 15 U.S.C. §1635 whereas Siano has properly rescinded this transaction under the authority of 15 U.S.C. §1635, and 12 C.F.R. §226.23.

4.      Upon serving the notice of rescission, the TILA statute and Regulation Z state that by operation of the law, the security interest automatically becomes void and the "debtor" is relieved of any obligation to pay any finance or other charge (15 U.S.C. §1635(b), Reg. Z §226.15(d)(1), §226.23(d)(1)) after 20 days.

5.      12 C.F.R. §226.15 right of rescission (3) states "If the required notice and material disclosures are not delivered, the right to rescind shall expire three years after the occurrence giving rise to the right of rescission".

6.      The so-called "Lender" failed to disclose who the actual Lender was, so the transaction was never truly consummated, and the statute of limitations does not toll until "*the date you received this notice of your right to cancel*".

7.      The Courts have made it clear that if the true lender is not disclosed the loan was never consummated, nor is there any enforceable contract. The statute of 3 days does not toll until the true lender is disclosed. No statute gives Courts equitable discretion to alter TILA's substantive provisions.

8.      Siano used his absolute right to rescind accordingly as of 08/8/2020 making any mortgage documents void and thus any judgment arising out of reliance on the mortgage documents void.

9.      If the moving party fails to challenge Siano's right to rescind in 20 days, the Lender is barred and will be in Non-compliance, and is in violation of the act which gives rise to a claim for actual and statutory damages under 15 U.S.C. §1640.

10.      On 8/24/20 the SUPERIOR COURT Clerk filed a "Motion to Vacate" on behalf of Siano, attached to same was a Declaration of Rescission of Mortgage. The Court knew or should have known it did not have jurisdiction over the matter, instead continued to deny Siano his right and opposed Siano's "Motion to Vacate" on 09/11/2020 with evidential facts sworn under penalty of perjury uncontested on the record.

11.      The State Court shows a clear pattern of denying Siano's rights and equal protection given to him under the Constitution, which raises a federal question.

12.      With the uncovered facts neglected by the State Court, and now presented to this Honorable Court, Siano moves for permanent injunctive relief from a judgment acquired under fraudulent pretenses from the State of New Jersey Superior Court.

## DEFENDANTS BUSINESS PRACTICES

13.      Defendants used the MERS tracking system to gain and execute, and file a deceptive mortgage assignment.

14.     Defendants used the MERS tracking system that is unmanned, and unsupervised to acquire forged altered copies of Siano's Note right before filing suit.

15.     Defendants used the MERS artifice to bring suit without proper standing and introduced these fraudulent evidences as the very means to manipulate the State Court.

16.     I'm not the only victim of these horrific business practices, as I've uncovered a pattern of criminal racketeering in a plot for unjust enrichment.

17.     Defendant M&T BANK has violated 15 U.S.C. §1635, as such there are penalties for non-compliance under 15 U.S.C. §1640.

## PLAINTIFFS PRAYER FOR RELIEF

18.     Siano has been a victim of pretender lender activity and was misled under false pretenses and from a party who provided no enforceable contract but simply a credit transaction according to the Federal Reserve Board.

19.     Siano has not had the opportunity to articulate his evidential facts and has been denied his Constitutional rights, and is bringing such evidence before this Honorable Court.

20.     Siano has no other remedies at law to protect himself from those which the record shows have conspired to deprive Siano of his most fundamental guaranteed rights.

21.     Siano is very likely to prevail as his averments in the under lying case are undeniable as the evidence shows a clear pattern of racketeering.

22.     Public interest would not be impaired by granting injunctive relief; Public interest will be impaired by denial of same as the awareness that citizens can be victimized by those who consider themselves of a higher class with superior knowledge, to steal what is not theirs.

23.     Granting injunctive relief preserves the property no matter who prevails, Denial of injunctive relief would cause a greatly unbalanced harm loss of home, damage to reputation, character, and assault on personhood to the status of a bell which can't be "unrung".

## **Affidavit of Truth to the Facts**

I, Michael Patrick Siano, testify on my own behalf and by my own free will act and deed, under penalty of perjury that the statements and facts in this Petition for Injunctive Relief set forth herein are true and correct to the best of my ability and will testify under oath if case may be, so help me God.

Under my Hand and Seal,

Dated: 9-17-20

By: _____

Michael Patrick Siano
102 Haines Street East
Lanoka Harbor, NJ 0873
Phone: 732-788-0772
Mikee1987@yahoo.com