# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

MICHAEL PATRICK SIANO<sup>TM</sup>,

                Plaintiff Corporate Entity,

    v.

M&T BANK,
PARKER McCAY P.A. LAW
OFFICES et al. and all Unknown Parties,

           Defendants.

**Document Filed Electronically**
Civil Action No.: 3:20-cv-12827-MAS-DEA

---

## DEFENDANT M&T BANK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

---

On the Brief:
James P. Berg, Esq. (Parker Ibrahim & Berg LLP)

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT .......................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................. 1

    I.     The Loan ................................................................................. 1

    II.    The Foreclosure Action ........................................................ 2

    III.   The Instant Action ................................................................. 5

LEGAL ARGUMENT ....................................................................................... 6

    I.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED
         PURSUANT TO FED. R. CIV. P. 12(b)(1) ............................. 6

        A.  Applicable Standard of Review - Fed. R. Civ. P. 12(b)(I) ................................. 6

             a.  The *Rooker-Feldman* Doctrine Bars Plaintiff's Claims ............................ 8

             b.   This Court Should Abstain from Deciding Plaintiff's Claims
                 under *Colorado River* ............................................ 10

             c.  Plaintiff's Claims Are Barred by the Entire Controversy Doctrine ........ 12

             d.  The Complaint Should Be Dismissed Pursuant to the
                 First-Filed Rule ....................................................... 14

             e.  Plaintiff's Claims Are Barred by the Doctrine of *Res Judicata* and
                 Collateral Estoppel .................................................. 14

    II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED
         AS IT VIOLATES FED. R. CIV. P. 8(a) ............................. 17

        A.  Plaintiff's Complaint Should be Dismissed as it Fails to State a Claim upon
           Which Relief Can be Granted ........................................ 17

CONCLUSION ................................................................................................. 18

## TABLE OF AUTHORITIES

**Cases**

*Ala' Ad-Din Bey, United States DOJ*
   457 F. App'x 90 (3d Cir. 2012) ............................................................................ 17

*Aliperio v. Bank of Am.*
   No. 2:16-CV-01008-KM-MAH, 2016 U.S. Dist. LEXIS 172490
   (D.N.J. Dec. 13, 2016) .......................................................................................... 7

*Anselmo v. Hardin*
   253 F.2d 165 (3d Cir. 1958)................................................................................. 15

*Arthur v. JP Morgan Chase Bank, NA*
   569 F. App'x. 669 (11th Cir. 2014) ..................................................................... 12

*Assocs. Home Equity Servs., Inc. v. Troup*
   778 A.2d 529 (Super. Ct. App. Div. 2001) .......................................................... 13

*Bd. of Trs. Of Trucking Emps. of N.J. Welfare Fund, Inc.-Pension Fund v. Centra*
   983 F.2d 495 (3d Cir. 1992).................................................................................. 15

*Coleman v. Chase Home Fin., LLC*
   446 F. App'x 469 (3d Cir. 2011) .......................................................................... 13

*Colorado River Water Conservation Dist. v. U.S.*
   424 U.S. 800 (1976)............................................................................................. 10

*Common Cause v. Pennsylvania*
   558 F.3d 249 (3d Cir. 2009).................................................................................. 7

*Culver v. Ins. Co. of N. Am.*
   115 N.J. 451, 559 A.2d 400 (1989)...................................................................... 15

*DaimlerChrysler Corp. v. Cuno*
   547 U.S. 332 (2006).............................................................................................. 7

*EEOC v. Univ. of Pa.*
   850 F.2d 969 (3d Cir. 1988).................................................................................. 14

*Erickson v. Pardus*
   551 U.S. 89 (2007)................................................................................................ 7

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*
  544 U.S. 280 (2005).................................................................................................. 8, 9

*Great W. Miming & Mineral Co. v. Fox Rothchild LLP*
  615 F.3d 159 (3d Cir. 2010)......................................................................................... 9

*Harris v. Wells Fargo Bank, N.A.*
  No. 16-CV-3147 (ES) (JAD), 2017 U.S. Dist. LEXIS 137723
  (D.N.J. Aug. 28, 2017) ................................................................................................ 7

*Hernandez v. Fannie Mae*
  No. 2:14-7950 (WJM), 2015 U.S. Dist. LEXIS 67476 (D.N.J. May 26, 2015) ...................... 18

*IFC Interconsult, AG v. Safeguard Int'l. Partners, LLC.*
  438 F.3d 298 (3d Cir. 2006).......................................................................................... 11

*In re Estate of Gabrellian*
  372 N.J. Super. 432 (Super. Ct. App. Div. 2004) ...................................................... 12

*In re Singh,*
  No. 11-18396 (MBK), 2012 Bankr. LEXIS 1310 (Bankr. D.N.J. Mar. 22, 2012) .................. 16

*In re Target Indus., Inc.*
  328 B.R. 99 (Bankr. D.N.J. 2005) ............................................................................... 15

*Kahn v. GMC*
  889 F.2d 1078 (Fed. Cir. 1989)................................................................................... 14

*Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*
  342 U.S. 180 (1952).................................................................................................... 14

*Laychock v. Wells Fargo Home Mortg.*
  399 F. App'x 716 (3d Cir. 2010) ................................................................................ 10

*Leisure Tech.-Northeast, Inc. v. Klingbeil Holding Co.*
  137 N.J. Super. 353 (1975) .......................................................................................... 13

*Madera v. Ameriquest Mortg. Co. (In re Madera)*
  586 F.3d 228 (3d Cir. 2009)........................................................................................ 10

*Mantovani v. Wells Fargo Bank, N.A.*
  No. 18-cv-0886 (PGS) (DEA), 2018 U.S. Dist. LEXIS 135910 (D.N.J. Aug. 13, 2018) ........ 13

*Mullarkey v. Tamboer (In re Mullarkey)*
  536 F.3d 215 (3d Cir. 2008)........................................................................................ 13

*Nubenco Enters. v. Inversiones Barberena, S.A.*
    963 F. Supp. 353 (D.N.J. 1997) ............................................................... 12

*Patrick v. America's Servicing Co.*
    No. 2:14–6563 (WJM), 2015 U.S. Dist. LEXIS 50570 (D.N.J. Apr. 17, 2015) ...................... 18

*Phila. Fed'n of Teachers v Ridge*
    150 F.3d 319 (3d Cir. 1998) .................................................................... 6

*Ricoh Co. Ltd v Honeywell, Inc.*
    817 F.Supp. 473 (D.N.J. 1993) ................................................................ 14

*Ryan v. Johnson*
    115 F.3d 193 (3d Cir. 1997) ................................................................... 11

*Rycoline Prods. v. C & W Unlimited*
    109 F.3d 883 (3d Cir. 1997) ................................................................... 11

*Spuck v. Pa. Bd. of Prob. & Parole*
    563 F. App'x 156 (3d Cir. 2014) ............................................................... 8

*St. Clair v. Wertzberger*
    637 F. Supp. 2d 251 (D.N.J. 2009) ......................................................... 12, 18

*Taliaferro v. Darby Township Zoning Bd.*
    458 F.3d 181 (3d Cir. 2006) .................................................................... 8

*Tarus v. Borough of Pine Hill*
    189 N.J. 497 (2007) ........................................................................... 16

*Thakar v. Tan*
    372 F. App'x 325 (3d Cir. 2010) ............................................................... 7

*Todd v. United States Bank Nat'l Ass'n*
    685 F. App' 103 (3d Cir. 2017). ............................................................... 9

*Ungar v. Mandell*
    471 F.2d 1163 (2d Cir. 1972) ................................................................. 12

*United States ex rel. Atkinson v. Pa. Shipbuilding Co.*
    473 F.3d 506 (3d Cir. 2007) ................................................................... 7

**Rules & Statutes**

12 C.F.R § 226.23 ................................................................................................ 5, 6

15 U.S.C § 1635 ................................................................................................. 5, 6

18 U.S.C § 1346 ................................................................................................. 5, 6

18 U.S.C § 1962(b) ............................................................................................ 4, 5

18 U.S.C § 1962(c) ............................................................................................ 4, 5

18 U.S.C § 1962(d) ............................................................................................ 4, 5

28 U.S.C. § 2283 ............................................................................................. 12, 18

Fed. R. Civ. 12(h)(3) ............................................................................................. 7

Fed. R. Civ. 12(b)(1) ..................................................................................... 1, 6, 8

Fed. R. Civ. 8(a) ................................................................................................... 17

Defendant M&T Bank ("M&T Bank"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Complaint ("Complaint") of *Pro Se* Plaintiff Michael Patrick Siano™ ("Plaintiff"), with prejudice, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (the "Motion").

## PRELIMINARY STATEMENT

The Complaint should be dismissed in its entirety, with prejudice, against M&T Bank as this Court lacks subject matter jurisdiction over Plaintiff's claims. The instant action appears to be Plaintiff's latest attempt to forum shop and extend a state foreclosure action which has been pending since August 19, 2019.

On the face of his Complaint, Plaintiff is seeking to either collaterally attack a judgment properly entered against him in the State Foreclosure Action or attempting to re-litigate claims that were, or could have been, raised therein. This matter involves substantially the same parties and the same claims regarding the enforceability of a note and mortgage that Plaintiff is presently litigating in the State Foreclosure Action. As a result, M&T Bank respectfully submits that this Court should abstain from and/or dismiss Plaintiff's Complaint pursuant to *Rooker-Feldman*, *Colorado River*, New Jersey's Entire Controversy Doctrine, First-Filed Rule and the doctrines of *res judicata* and collateral estoppel.

For these reasons, and for the reasons set forth more fully below, the Motion should be granted and Plaintiff's Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### I.    The Loan

On or about July 19, 2017, Plaintiff executed a Note in favor of Glendenning Mortgage Corporation ("Glendenning") in the original principal amount of $193,922 (the "Note"). *See*

Declaration of James P. Berg in Support of Motion to Dismiss Complaint by Defendant M&T Bank (the "Berg Decl.") ¶ 2, Exh. 1.

On or about July 19, 2017, Plaintiff granted a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Glendenning, against real property located at 102 Haines Street, East Lanoka Harbor, New Jersey 08734 (the "Property") to secure the Note (the "Mortgage"). *See* Berg Decl., ¶ 3, Exh. 2. The Mortgage was recorded by the Ocean County Register on August 2, 2017 in Book 16822, Page 1456 under Instr. # 2017079442.

On or about October 17, 2018, MERS, as nominee for Glendenning, assigned the Mortgage to Wells Fargo Bank, N.A. ("Wells Fargo") *See* Berg Decl., ¶ 4, Exh. 3. This Assignment was recorded by the Ocean County Register on October 18, 2018 in Book 17273, Page 652 under Instr. # 2018102572.

On or about April 23, 2019, Wells Fargo assigned the Mortgage to M&T Bank. *See* Berg Decl., ¶ 5, Exh. 4. This Assignment was recorded by the Ocean County Register on April 24, 2019 in Book 17449, Page 337 under Instr. # 2019037246.

The foregoing documents are referred to herein as the "Loan Documents" that memorialize the "Loan."

M&T Bank is the holder of the Note and Mortgage. *See* Berg Decl. ¶ 10, Exh. 9.

## II.    The Foreclosure Action

On or about August 19, 2019, M&T Bank commenced a foreclosure action against Plaintiff in the Superior Court of New Jersey, Ocean County, captioned as *M&T Bank v. Maichael P. Siano et al.* and docketed at No. SWC-F-14382-19 (the "Foreclosure Action"). *See* Berg Decl. ¶¶ 6-7 Exhs. 5 & 6.

On or about September 25, 2019, Plaintiff filed a Contesting Answer with Affirmative Defenses in the Foreclosure Action (the "Answer").  *See* Berg Decl. ¶ 8 Exh. 7.  In particular, the Answer included, *inter alia*, the following affirmative defenses: 1) Failure of M&T Bank to provide documentation about origination and accounting of the Loan; and 2) Breach of contract alleging violations of the truth and lending act for non-disclosure.

On or about December 17, 2019, M&T Bank filed a Motion for Summary Judgment in the Foreclosure Action.  *See* Berg Decl. ¶ 9 Exh. 8.

On January 14, 2020, Plaintiff filed Opposition to M&T Bank's Motion for Summary Judgment.  *See* Berg Decl. ¶ 11 Exh. 10.  Notably, Plaintiff's opposition did not contain or raise any of the same violations which now make up the causes of action within the present Complaint. *See id*.

On or about January 24, 2020, Judge Francis R. Hodgson, Jr., P.J.Ch. entered an Order granting M&T Bank's Motion for Summary Judgment whereby the Court struck Plaintiff's Answer.  *See* Berg Decl. ¶ 12 Exh. 11.

On or about March 4, 2020, M&T Bank filed a Motion for Entry of Final Judgment wherein M&T Bank requested the Court to enter a judgment for the amount due on the Loan and that the amount be paid out of the proceeds from the foreclosure sale of the Property.  *See* Berg Decl. ¶ 13 Exh. 12.  Plaintiff did not oppose this motion.  *See* Berg Decl. ¶ 6 Exh. 5.

On or about June 30, 2020, Judge Francis R. Hodgson, Jr., P.J.Ch. entered an Order of Final Judgment in the amount of $204,265.57 in favor of M&T Bank ("Judgment").  *See* Berg Decl. ¶ 14 Exh. 13.

Contemporaneously with the entry of the Judgment, on June 30, 2020, the Clerk of the Superior Court of Ocean County signed a Writ of Execution directing the Ocean County Sheriff's Office to sell the Property at auction.  *See* Berg Decl. ¶ 15 Exh. 14.

On or about August 24, 2020, Plaintiff filed a Motion to Vacate the Judgment ("Vacate Motion").  *See* Berg Decl. ¶ 16 Exh. 15.  Notably, Plaintiff again did not claim any of the violations which are raised in the current Complaint.  *See id.*

On September 10, 2020, Plaintiff unilaterally filed a document entitled Counterclaim with Quite Title ("Foreclosure Counterclaim") which included the following causes of action[1]:

- Count 1 – Violation of 18 U.S.C. §1962(b), (c), and (d)

- Count 2 – Common Law Fraud

- Count 3 – Defamation/Libel

- Count 4 – Illegal Liens

- Count 5 – Conspiracy

- Count 6 – TILA Violations

- Count 7 – Mail Fraud

- Count 8 – Creation and Use of Fraudulent Promissory Note and Mortgage Assignments

- County 9 – Quiet Title

*See* Berg Decl. ¶ 18 Exh. 17.

On or about September 11, 2020, the court rejected Plaintiff's Foreclosure Counterclaim indicating that Plaintiff is in default and the filing of the Foreclosure Counterclaim would require an Order vacating the default before it could be accepted.  *See* Berg Decl. ¶ 6 Exh. 6.

---

[1] The causes of action asserted in the Foreclosure Counterclaim mirror the causes of action asserted in the instant Complaint.

4

Contemporaneously with the rejection of Plaintiff's Foreclosure Counterclaim, on or about September 11, 2020, Judge Francis R. Hodgson, Jr., P.J.Ch. entered an Order denying Plaintiff's Vacate Motion.  *See* Berg Decl. ¶ 19 Exh. 18.

### III.    <u>The Instant Action</u>

On or about September 18, 2020, less than 10 days after Judge Francis R. Hodgson, Jr., P.J.Ch. denied Plaintiff's Vacate Motion in the Foreclosure Action, Plaintiff commenced the within action by filing a Complaint in this Court which was assigned Case No. 3:20-cv-12827-MAS-DEA (the "Federal Court Action").  *See* Berg Decl. ¶ 20 Exh. 19.

Upon review, the allegations in Plaintiff's Complaint – filed against M&T Bank and Schiller, Knapp, Lefkowitz & Hertezel, LLP ("Schiller Knapp"), its counsel in the Foreclosure Action – are substantially identical to those they made against M&T Bank in their Foreclosure Counterclaim in the Foreclosure Action.  Specifically, Plaintiff's Complaint in the Federal Court Action alleges thirteen (13) causes of action, which include:

- Violation of 18 USC 1962(c);
- Violation of 18 USC 1962(d)
- Violation of 18 USC 1962(b);
- Violation of 18 USC 1346;
- Common Law Fraud;
- Defamation/Libel;
- Illegal Liens;
- Conspiracy;
- TILA violations;
- Violation of 12 CFR 226.23 and 15 USC 1635;

- Mail Fraud;

- Use of an altered note in a state court proceeding;

- A general reference to criminal activity premised upon the Foreclosure Action which is purportedly a fraud on the Court and therefore a "criminal activity.";

- Quiet Title to the Property

*See* Berg Decl. ¶ 20 Exh. 19.

Indeed, only the alleged violations of 18 USC 1346 and 12 CFR 226.23 and 15 USC 1635 purports to plead a "new" claim against M&T Bank that – while not previously specifically delineated as separate counts in his Foreclosure Counterclaim – is clearly germane to same in contesting M&T Bank's compliance with statutory conditions precedent to foreclose on the Property.

Pursuant to the Order dated October 20, 2020, M&T Bank's deadline to answer, move, or otherwise respond to the Complaint was extended to November 3, 2020.

Based upon the facts and procedural history of the Foreclosure Action, M&T Bank now timely moves and respectfully requests that this Court abstain from and/or dismiss the Complaint.

## **LEGAL ARGUMENT**

I.   **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1)**

A.   **Applicable Standard of Review – Fed. R. Civ. P. 12(b)(1)**

Fed. R. Civ. P. 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case.  *See* Fed. R. Civ. P. 12(b)(1); *see also Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 322-23 (3d Cir. 1998) ("The existence of a case and controversy is a prerequisite to all federal

actions, including those for declaratory or injunctive relief."). "Unless affirmatively demonstrated, a federal court is presumed to lack subject matter jurisdiction." *Harris v. Wells Fargo Bank, N.A.*, No. 16-CV-3147 (ES) (JAD), 2017 U.S. Dist. LEXIS 137723, at * 4-5 (D.N.J. Aug. 28, 2017) (internal citations omitted).[2]  In opposition to this motion, Plaintiff is required to demonstrate the existence of subject matter jurisdiction. *See Common Cause v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 9 (2006)). If this Court determines that it lacks subject matter jurisdiction, then it must dismiss this action. *See* Fed. R. Civ. P. 12(h)(3).

M&T Bank acknowledges that Plaintiff is proceeding *pro se* and as such, his complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  Notwithstanding, "[w]hile a litigant's *pro se* status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se*." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

In adjudicating this motion, M&T Bank submits that this Court can – and should – "review evidence outside the pleadings" in finding that subject matter jurisdiction does not exist herein. *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). This includes documents publicly filed on the dockets in the Foreclosure Action that are intrinsic and integral to the Federal Court Action, and of which this Court may take judicial notice. *See Aliperio v. Bank of Am.*, No. 2:16-CV-01008-KM-MAH, 2016 U.S. Dist. LEXIS 172490, at *13-14 (D.N.J. Dec. 13, 2016) (dismissing borrower's affirmative litigation against mortgage servicer

---

[2] *See* Berg Decl., ¶ 21, Exh. 20.

associated with related foreclosure action, holding that "on a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity," and noting that "even setting aside judicial notice, however, records of the foreclosure action that are intrinsic to the allegations of the complaint may be considered without converting a facial Rule 12(b)(1) challenge into a factual one, or a Rule 12(b)(6) motion into one for summary judgment.") (internal citations omitted).[3]

Once it does so, this Court will find that dismissal is appropriate pursuant to *Rooker-Feldman,* the *Colorado River Doctrine*, New Jersey's Entire Controversy Doctrine, First-Filed Rule and the doctrine of *res judicata* and collateral estoppel argued below.

    a.    **The *Rooker-Feldman* Doctrine Bars Plaintiff's Claims**

Plaintiff's Complaint is nothing more than an attempt to collaterally attack the rulings issued by the state court in the Foreclosure Action and is therefore wholly barred by the *Rooker-Feldman* doctrine.

Under *Rooker-Feldman*, "federal district courts lack subject matter jurisdiction to sit in direct review of state court decisions." *Spuck v. Pa. Bd. of Prob. & Parole*, 563 F. App'x 156, 159 (3d Cir. 2014). (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)). "[A] district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling." *Taliaferro v. Darby Township Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006). "[A]pplication of the *Rooker-Feldman* doctrine is necessarily limited to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered

---

[3] *See id.*, ¶ 22, Exh. 21.

before the district court proceedings commenced and inviting district court review and rejection

of those judgments.'" *Id.* (quoting *Exxon Mobil Corp.,* 544 U.S. at 280). Further, it is well-

settled that *Rooker-Feldman* doctrine applies to all state court judgments, including state court

foreclosure proceedings or by default. *See Todd v. United States Bank Nat'l Ass'n,* 685 Fed

Appx 103, 105 (3d Cir. 2017).

The Third Circuit has identified four requirements that must be met in order for *Rooker-*

*Feldman* to apply:

> (1) the federal plaintiff lost in state court; (2) the plaintiff
> 'complain[s] of injuries caused by [the] state-court
> judgments'; (3) those judgments were rendered before the
> federal suit was filed; and (4) the plaintiff is inviting the
> district court to review and reject the state judgments.

*Great W. Miming & Mineral Co. v. Fox Rothchild LLP*, 615 F.3d at 166 (quoting *Exxon Mobil*

*Corp.*, 544 U.S. at 284).

Applying the Third Circuit's four-part test, this Court lacks subject matter jurisdiction

over the claims brought by Plaintiff. First, as established above, Plaintiff is clearly a "state-court

loser", who is now taking issue with, and contesting the validity of, the rulings of the state court

(i.e. the Court's decision to deny Plaintiff's Vacate Motion and to reject the Foreclosure

Counterclaims in the Foreclosure Action) including the final judgment entered against him in the

Foreclosure Action. *See* Berg Decl. at Exhs. 11, 13, & 18. Second, Plaintiff complains of

injuries caused by the state court rulings, and indeed, Plaintiff specifically requests the very relief

that was denied to him by the state court. *See e.g.,* Berg Decl. Exh. 19 at ¶ 4 (Plaintiff was

induced into a one-sided, unenforceable, deceitful credit transaction under the false pretense of a

loan); *id.* at ¶ 6 (M&T Bank is not the owner of the alleged mortgage Loan); *id.* at ¶ 10 (without

lawful authority and with the intent to deceive, M&T Bank filed claims against Plaintiff in the

Foreclosure Action); *id.* at ¶ 11 (M&T Bank is attempting civil theft of the Property). Third, the orders denying Plaintiff's Vacate Motion and rejecting his Foreclosure Counterclaims were rendered prior to the filing of the Federal Court action. *See* Berg Decl. Exhs. 5 & 18. And fourth, Plaintiff now seeks to have this Court make certain findings (namely to "review and reject the state judgment" and "to declare Plaintiff to have quiet undisturbed possession of the Property and reimbursed for prior payments plus damages") that necessarily rest upon a conviction that the state court erred with respect to the validity of the foreclosure proceedings and would therefore require this Court to improperly undertake the role of reviewing – and overruling – the state court's orders which is precisely what *Rooker-Feldman* seeks to bar. *See e.g., Madera v. Ameriquest Mortg. Co. (In re Madera)*, 586 F.3d 228 (3d Cir. 2009), 586 F.3d at 232 (finding claims for rescission under TILA barred by *Rooker-Feldman*); *Laychock v. Wells Fargo Home Mortg.*, 399 F. App'x 716, 718 (3d Cir. 2010) ("Any claim relying on allegations of wrongful foreclosure must be rejected under the *Rooker-Feldman* doctrine.").

Accordingly, this Court should find that the state court's rulings in the Foreclosure Action bar this Court's review under the *Rooker-Feldman* Doctrine, and dismiss Plaintiff's Complaint with prejudice for lack of jurisdiction.

### b. This Court Should Abstain from Deciding Plaintiff's Claims under *Colorado River*

This Court should also dismiss the Complaint and abstain from exercising jurisdiction over this matter pursuant to the *Colorado River* abstention doctrine.

In *Colorado River Water Conservation Dist. v. U.S.*, the Supreme Court held that a federal court may abstain from hearing certain cases where doing so would serve an important interest, such as respect for "considerations of [wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. 800,

817 (1976).  The doctrine applies when the state and federal cases involve the same parties and substantially identical claims, raising nearly identical allegations and issues.  *See IFC Interconsult, AG v. Safeguard Int'l. Partners, LLC.,* 438 F.3d 298, 306 (3d Cir. 2006); *Ryan v. Johnson,* 115 F.3d 193, 196 (3d Cir. 1997).  Other considerations are: (1) which court first assumed jurisdiction over a relevant *res,* if any; (2) whether the federal court is inconvenient; (3) whether abstention would aid in avoiding piecemeal litigation; (4) which court first obtained jurisdiction; (5) whether federal or state law applies; and (6) whether the state action is sufficient to protect the federal plaintiff's rights.  *See Rycoline Prods. v. C & W Unlimited,* 109 F.3d 883, 890 (3d Cir. 1997).  In the instant case, these factors support this Court's abstention.

Here, the state court has assumed jurisdiction over Plaintiff's claims and the Property via the Foreclosure Action.  Not only is foreclosure governed by state law, but given that the State of New Jersey has a special track specifically for adjudicating foreclosure matters, the state court is fully equipped to adjudicate the foreclosure in question – including any of Plaintiff's collateral attacks regarding the orders or writs issued by its courts.

Further, the parties (Plaintiff and M&T Bank) and the underlying allegations in this case and in the Foreclosure Action are identical.  As a result, any potential ruling from this Court in Plaintiff's favor would necessarily implicate the validity of, *inter alia*, the Order denying Plaintiff's Vacate Motion in the State Court Action.  Thus, given the relief Plaintiff seeks in the instant action, it would not be possible for this Court to render a ruling on Plaintiff's claims without re-litigating and potentially casting doubt on the legitimacy of the orders issued in the ongoing Foreclosure Action.

Precisely for these reasons, this Court has previously abstained from exercising jurisdiction over a mortgagor's state and federal claims related to the subject mortgage during the

11

pendency of a state court foreclosure action under *Colorado River*.  In *St. Clair v. Wertzberger*, this Court reasoned:

> If the Court were to find that defendants violated the FDCPA by improperly instituting the state foreclosure action, such a finding would be an impermissible direct contradiction of the final judgment of foreclosure, if it is entered . . . It would also effectively constitute an injunction enjoining the state court from ordering a foreclosure sale, which is prohibited by the Anti–Injunction Act. 28 U.S.C. § 2283.

637 F. Supp. 2d 251, 254-55 (D.N.J. 2009).   Similarly, here, if this Court were to find for example, that Judgement or Writ of Execution was invalid, this would in effect constitute an injunction against the continuation of the Foreclosure Action in state court.  As such, this Court should abstain from exercising jurisdiction over this matter.  *See*, *e.g., Ungar v. Mandell*, 471 F.2d 1163, 1165 (2d Cir. 1972) (holding that Anti-Injunction Act did not permit injunction of state court foreclosure proceeding); *see also Arthur v. JP Morgan Chase Bank, NA*, 569 F. App'x. 669, 678 (11th Cir. 2014) (upholding application of Anti-Injunction Act to deny request for injunction regarding state court foreclosure).

### c.   Plaintiff's Claims Are Barred by the Entire Controversy Doctrine

This Court should also dismiss the Complaint pursuant to New Jersey's entire controversy doctrine as Plaintiff's claims are germane counterclaims that should have been raised, and, in fact were attempted to be raised in the Foreclosure Action.

New Jersey's entire controversy doctrine is "a particularly strict application of the rule against splitting causes of action."  *Nubenco Enters. v. Inversiones Barberena, S.A.*, 963 F. Supp. 353 (D.N.J. 1997).   The doctrine "requires the assertion of all claims arising from a single controversy in a single action at the risk of being precluded from asserting them in the future." *See In re Estate of Gabrellian*, 372 N.J. Super. 432, 444 (Super. Ct. App. Div. 2004); *see also*

N.J. Ct. R. 4:30A ("[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims…").

In the context of foreclosure actions, the doctrine has more limited application and bars only those claims that are "germane" to the foreclosure. *Leisure Tech.-Northeast, Inc. v. Klingbeil Holding Co.*, 137 N.J. Super. 353, 358 (1975). New Jersey Courts, however, have expressly found the type of claims raised by Plaintiff to be germane. *See, e.g., Mullarkey v. Tamboer (In re Mullarkey)*, 536 F.3d 215, 230 (3d Cir. 2008) (ruling that claims are germane if they "aris[e] out of the mortgage transaction which is the subject matter of the foreclosure"); *Coleman v. Chase Home Fin., LLC*, 446 F. App'x 469, 472 (3d Cir. 2011) (finding claims germane because they would not exist "but for the foreclosure action"); *Assocs. Home Equity Servs., Inc. v. Troup*, 778 A.2d 529, n.5 (Super. Ct. App. Div. 2001) (finding TILA claims to be germane); *Mantovani v. Wells Fargo Bank, N.A.*, No. 18-cv-0886 (PGS) (DEA), 2018 U.S. Dist. LEXIS 135910, at *10 (D.N.J. Aug. 13, 2018)) ("[C]laims relating to 'payment and discharge, [and] incorrect computation of the amounts due'" are germane) (citations omitted)[4].

Here, Plaintiff purports to challenge the adequacy of the loan documents (i.e. Note, Mortgage, Assignment), loan level disclosure documentation and the validity of the underlying foreclosure. *See* Berg Decl. Exh. 19. Clearly, these types of claims "arise out of the mortgage transaction" and/or would not exist "but for the foreclosure action", making them germane to the Foreclosure Action. Accordingly, Plaintiff's claims should be barred by the entre controversy doctrine.

---

[4] *See id.*, ¶ 23, Exh. 22.

**d.      The Complaint Should Be Dismissed Pursuant to the First-Filed Rule**

The Court should also dismiss the Complaint pursuant to the "first-filed" rule.  The "first-filed" rule is a well-settled legal doctrine, instructing that the court that first has possession of the subject matter, must decide it.  *EEOC v. Univ. of Pa.*, 850 F.2d 969 (3d Cir. 1988); *see also Kahn v. GMC,* 889 F.2d 1078, 1081 (Fed. Cir. 1989) (where two suits are filed in different forums, the first has priority).

The Supreme Court has acknowledged that application of the "first-filed" rule promotes "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation...." *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952).  When two suits involving the same parties and subject matter are pending concurrently, the first-filed suit should have priority absent a showing that the balance of inconvenience favors transfer or unless there are special circumstances which justify giving priority to the second suit.  *Ricoh Co. Ltd v. Honeywell, Inc.*, 817 F.Supp. 473 (D.N.J. 1993).

As outlined above, the Foreclosure Action and the instant Federal Court Action are nearly identical claims from both a factual perspective (i.e. same parties and same allegations involving the Loan Documents and Foreclosure Action) and legal perspective (i.e. same causes of action in the Foreclosure Action and the instant Federal Court Action) to invoke the first-filed rule.  As the Foreclosure Action was first in time, the Complaint should be dismissed.

**e.      Plaintiff's Claims Are Barred by the Doctrine of *Res Judicata* and Collateral Estoppel**

As detailed above, the issues raised in Plaintiff's Complaint have previously been addressed (or could have been addressed) in prior litigation.  As a result, *res judicata* bars Plaintiff's present attempt to secure a second bite at the proverbial apple.

*Res judicata*, or claim preclusion, bars re-litigation of claims that have been adjudicated or that could and should have been raised in a previous proceeding.  *See In re Target Indus., Inc.,* 328 B.R. 99, 115-16 (Bankr. D.N.J. 2005).  The bar applies "not only to 'all matters litigated and determined by such judgment but also as to all relevant issues which could have been presented, but were not.'"  *Culver v. Ins. Co. of N. Am.*, 115 N.J. 451, 463, 559 A.2d 400, 406 (1989) (quoting *Anselmo v. Hardin*, 253 F.2d 165, 168 (3d Cir. 1958)).  *Res judicata* is applicable when: (1) the claims in the subsequent action grew out of the same transaction or occurrence as the earlier action; (2) the parties in the two actions are the same or in privity with one another; and (3) a final judgment was entered in the earlier action by a court of competent jurisdiction.  *See In re Target Indus., Inc.*, 328 B.R. at 115 (citing *Bd. of Trs. Of Trucking Emps. of N.J. Welfare Fund, Inc.-Pension Fund v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992)); *Culver,* 115 N.J. at 451). All three elements are present in the case at bar.

First, Plaintiff's claims arise from the same transaction or occurrence that was the subject of the Foreclosure Action.  Indeed, the issues advanced in Plaintiff's Complaint could have been presented therein, and in fact, expressly were through the Foreclosure Counterclaim which were rejected due to Plaintiff's failure to vacate the default.  *See* Berg Decl. Ex. 6 & 17.

As for the second and third prong, it is indisputable that Plaintiff and M&T Bank were parties in the Foreclosure Action and also indisputable that a final judgment was entered therein. *See* Berg Decl. Exh. 13.

Accordingly, Plaintiff's claims are barred by the doctrine of *res judicata* and should be dismissed with prejudice.

Similarly, Plaintiff's Complaint should also be dismissed under the doctrine of collateral estoppel.  The gravamen of Plaintiff's Complaint is to unwind the Order of Judgment entered in

the Foreclosure Action and quiet title to the Property.  Because these issues were addressed (and rejected) in the Foreclosure Action, collateral estoppel bars Plaintiff's claims warranting dismissal of the Complaint in its entirety.

"Collateral estoppel 'bars re-litigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action.'" *In re Singh*, No. 11-18396 (MBK), 2012 Bankr. LEXIS 1310 at *4 (Bankr. D.N.J. Mar. 22, 2012)[5] (citing *Tarus v. Borough of Pine Hill*, 189 N.J. 497 (2007)).  A party asserting collateral estoppel must show:

> (i) the issue to be precluded is identical to the issue decided in the prior proceeding; (ii) the issue was actually litigated in the prior proceeding; (iii) the court in the prior proceeding issued a final judgment on the merits; (iv) the determination of the issue was essential to the prior judgment; and (v) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*Id*.

As discussed more fully above, these issues were raised in the Foreclosure Action. Through his Vacate Motion and Foreclosure Counterclaims, the state court rendered its judgment and denied the Vacate Motion and rejected the Foreclosure Counterclaims, despite Plaintiff's arguments.  Accordingly, as all of the elements for the application of collateral estoppel have been met, the purported claims against M&T Bank are barred and should be dismissed with prejudice.

---

[5] *See id.*, ¶ 24, Exh. 23.

II.     **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS IT VIOLATES FED. R. CIV. P. 8(a)**

Even if this Court determines that it has subject matter jurisdiction over Plaintiff's Complaint, dismissal would still be appropriate because Plaintiff's Complaint fails to meet even the most liberal pleading requirement as articulated in Fed., R. Civ. P. 8(a).

Under Fed. R. Civ. P. 8(a), a complaint must contain three essential elements: (1) a short and plain statement of the legal basis for federal court jurisdiction; (2) a short and plain statement of the claim showing why the pleader is entitled to relief; and (3) it must give the defendant fair notice of the grounds upon which his claims rests.  *See* Fed. R. Civ. P. 8(a).  The purpose of a clear and coherent pleading is to give the defendant fair notice of the claim and provide a fair opportunity for a defendant to frame a cogent answer.

Here, Plaintiff's Complaint fails to meet the second element and is therefore in clear violation of Fed. R. Civ. P. 8(a).  Plaintiff's Complaint is nearly indecipherable and consists of nothing but *quasi* legal arguments and unconnected factual averments.  As drafted, Plaintiff's Complaint makes it impossible for M&T Bank to even determine what claims are being asserted against it, much less give the M&T Bank fair notice of the grounds upon which those claims rest.  Berg Decl. Exh. 19.  As a result, M&T Bank is left to guess what claims Plaintiff is actually asserting.  Thus, the Complaint is so "ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," such that dismissal of Plaintiff's Complaint under Fed. R. Civ. P. 8(a) is appropriate.  *See Ala' Ad-Din Bey*, *United States DOJ*, 457 F. App'x 90 (3d Cir. 2012).

A.      **Plaintiff's Complaint Should be Dismissed as it Fails to State a Claim upon Which Relief Can be Granted**

Even if this Court determines that it has subject matter jurisdiction over Plaintiff's

Complaint, the Complaint should still be dismissed as it fails to state a claim upon which relief can be granted.

First, Plaintiff's Petition for Permanent Injunctive Relief is improper and should be dismissed.  "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  "Therefore, the Act prohibits a federal court from entering an injunction that would enjoin mortgage foreclosure actions."  *Hernandez v. Fannie Mae* No. 2:14-7950 (WJM), 2015 U.S. Dist. LEXIS 67476 (D.N.J. May 26, 2015)[6] (citing *Patrick v. America's Servicing Co.,* No. 2:14–6563 (WJM), 2015 U.S. Dist. LEXIS 50570 (D.N.J. Apr. 17, 2015)[7], and *St. Clair v. Wertzberger*, 637 F.Supp.2d 251, 255 (D.N.J. 2009)).  Accordingly, Plaintiff's demand for injunctive relief should be dismissed with prejudice.[8]

As for Plaintiff's request for an award of "damages", M&T Bank asserts that any cause of action based on the allegations in Plaintiff's Complaint, however, must fail as a matter of law. Plaintiff clearly cannot maintain a claim based on demonstrably false facts, and therefore Plaintiff's claim for damages must be dismissed.

## CONCLUSION

For these reasons, M&T Bank respectfully requests that this Court enter an Order: (i) granting the instant motion, (ii) dismissing Plaintiff's Complaint as to M&T Bank with

---

[6] *See id.*, ¶ 25, Exh. 24.

[7] *See id.*, ¶ 26, Exh. 25.

[8] Plaintiff has also failed to allege any of the requisite elements to support the issuance of an injunction, further warranting the dismissal of his claim.  *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017), as amended (June 26, 2017) (finding that a party seeking an injunction "must show as a prerequisite (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured ... if relief is not granted.... [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.") (alternations in original).

prejudice, and (iii) granting M&T Bank any such other and further relief as is just, proper, and equitable.

Respectfully submitted,

Dated:  November 3, 2020

/s/ James P. Berg
James P. Berg, Esq.
**PARKER IBRAHIM & BERG LLP**
270 Davidson Avenue, 5th Floor
Somerset, New Jersey 08873
Telephone: (908) 725-9700
Fax: (908) 333-6230
james.berg@piblaw.com

*Attorneys for Defendant*,
M&T Bank

19