RECEIVED

**IN THE UNITED STATES DISTRICT COURT**

2020 NOV 26  A 3: 40

**FOR THE DISTRICT OF NEW JERSEY**

USDC FOR NJ

| | |
|---|---|
| **MICHAEL PATRICK SIANO** | |
| Plaintiff Corporate Entity, | |
| | Civil Action No.:3:20-cv-12827-MAS-DEA |
| V. | |
| **M&T BANK, PARKER McCAY P.A. LAW** | **NOTICE OF OBJECTION TO DEFENDANT'S** |
| **OFFICES et al, and all Unknown Parties,** | **MOTION TO DISMISS PLAINTIFF'S** |
| Defendants. | **COMPLAINT** |

PLEASE TAKE NOTICE that upon receiving Defendant M&T BANK motion to dismiss Plaintiff's complaint I MICHAEL PATRICK SIANO object before the Honorable Michael A. Shipp, United States District Judge for the DISTRICT OF NEW JERSEY at the Clarkson S. Fisher Building and U.S. District Courthouse located at 402 East State Street, Trenton, New Jersey, 08608.

11-24-2020

Michael Patrick Siano

102 Haines Street East

Lanoka Harbor, NJ 08734

Phone: 732-788-0772

E- Mail: Mikee1987@Yahoo.com

1

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL PATRICK SIANO**<br><br>      Plaintiff Corporate Entity,<br><br><br>  V.<br><br><br>**M&T BANK, PARKER McCAY P.A. LAW**<br><br>**OFFICES et al, and all Unknown Parties,**<br><br>    Defendants. | Civil Action No.:3:20-cv-12827-MAS-DEA |

PLAINTIFF MICHAEL PATRICK SIANO MEMORANDUM OF LAW IN SUPPORT OF
THE PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS THE
COMPLAINT

Michael Patrick Siano being one of "We the People" strongly objects to the Defendants

motion and states the following:

## **PRELIMINARY STATEMENT**

Michael Patrick Siano, (Plaintiff) in this matter filed this proper cause of action under the

authority of the "Truth and Lending Act" (TILA), as the new assignee's M&T Bank (Defendant)

clear failure to follow the law and has caused harm to the Plaintiff. The Defendant is relying on

assumption and Hearsay with preconceive notions in their motion to dismiss as the State Court

2

judgment no longer has any legal effect, after the properly executed rescission under the instructions and authority of TILA, as the Defendant fails to acknowledge the proper right and authority that the Plaintiff has to properly rescind the credit transaction and fails to address the issue. The Defendant relies on the erroneous argument entirely based upon the presumption that the required due process in State Court proceedings were performed lawfully and legally with "perfected jurisdiction" over the subject matter in "Rem," and the filed documents are not in dispute as having no legal effect. The argument to dismiss the complaint would be an accurate argument had the Plaintiff not have rescinded the deceptive and fraudulent transaction provided under the authority of TILA 15 U.S.C. § 1635. The Defense knowingly would have this Honorable Court believe the complaint is over a foreclosure loss at the State level and that Siano is attempting to have this Federal Court over rule that judgment in his favor, but this cause of action in Siano's complaint arises out of TILA violations, as well as other violations that occurred while in the process of violating TILA, and **not** the attempt to have a "second bite at the apple."

According to 15 U.S.C§ 1640 under TILA, this Honorable Court has jurisdiction over the subject matter as the cause of action stems from violations under Federal statute see section 15 U.S.C§ 1601-1642. The State Court record shows that the "actors" willfully violated "equal protections of rights under" Article 1 of the New Jersey Constitution along with the 5th and 14th Amendment of the United States Constitution, failing to acknowledge the rightful rescission of the credit transaction as the Plaintiff was the only signee/trustor on the documents. The State Court's failure to acknowledge my right to rescind, as the State Court shows clear violation of my rights, which raises a Constitutional violation of equal protection of rights, which raises a federal question. Under the authority of TILA the transaction the Defendant hangs their hat on in

State Court became null and void which stripped subject matter jurisdiction from that State Court

to which the Plaintiff was denied his rights and had a judgment rendered against him that is moot

void ab initio, and as if the proceeding at the State level never happened at all. This Court has the

authority to grant injunctive relief in this matter, as any judgements in the favor of the Defendant

are not only unconstitutional but knowingly acquired by fraudulent intent to deceive the Court in

procuring a judgment through its legal counsel who is also aiding and abetting with its client who

now has superior knowledge. The Defendants are trying to deny Siano(Plaintiff) the proper right

to be heard in Federal Court with the Plaintiff's proper filed causes of action pursuant to the

negligent party failure to follow the rules laid out under TILA under 15 U.S.C.§ 1635 (a-b).

TILA makes it clear, once the proper rescission "Notice" letter is received, and I quote *"Within

20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money

or property given as earnest money, down payment, or otherwise, and shall take any action

necessary or appropriate to reflect the termination of any security interest created under the

transaction".* The Defendant failed to follow the law leaving Plaintiff no other choice but to file

this proper cause of action, under the Authority of TILA Regulation Z.

Whereas, TILA does not require a stated basis for rescission, Plaintiff executed his rescission

based on the misleading deceptive actions performed by the Defendant's predecessors, and used

the remedy afforded to the Plaintiff under Federal law and lawfully rescinded the transaction. As

the law allows rescission, which was blatantly ignored at the State Court level, the Court

continued to deny my equal protection of rights under law, which is why there is no other option

for the Plaintiff, but to file suit at the Federal Level as the TILA falls under Federal Law. Res

Judicata does not apply per 15 U.S.C.§ 1635 (a-b) as the judgment the Defendants are hanging

their hat on became void pursuant to 15 U.S.C.§ 1635 and I quote *"When an obligor exercises*

4

*his right to rescind under subsection (a), he is not liable for any finance or other charge, and any*

*security interest given by the obligor, including any such interest arising by operation of law,*

*becomes void upon such a rescission."*

Furthermore, the Defendants motion to dismiss does not address any causes of action in the

Plaintiff's complaint and should be dismissed based on this alone.

## DEFENDANTS PROPER CAUSES OF ACTION UNDER THE AUTHORITY OF TILA

### History between the Parties

The Defendant (M&T Bank) was only a "third Party" Vendor of the transaction as

servicer for the REMIC Trust, as the REMIC Trust claimed to have full ownership rights of the

future payments asset that was placed into Trust. Absent competent evidence of the Trust

relinquishing the Asset, the Defendant performed and executed a misleading deceptive mortgage

assignment and filed this assignment with the State Court, acting as "if" they had the proper

authority to do so. The Defendant having prior knowledge of their actions and with their legal

counsel, acquired judgment in State Court through fraudulent means, and as the old saying goes,

once a fraud always a fraud, and out of fraud no action arises.

The Plaintiff also relies on law stated in United States v. Throckmorton, Justice Miller

delivered the opinion of the court; *"There is no question of the general doctrine that fraud*

*vitiates the most solemn contracts, documents, and even judgments. There is also no question*

*that many rights originally founded in fraud become—by lapse of time, by the difficulty of*

*proving the fraud, and by the protection which the law throws around rights once established by*

*formal judicial proceedings in tribunals established by law, according to the methods of the*

*law—no longer open to inquiry in the usual and ordinary methods. Of this class are judgments*

5

*and decrees of a court deciding between parties before the court and subject to its jurisdiction, in a trial which has presented the claims of the parties, and where they have received the consideration of the court." See United States v. Throckmorton 98 U.S. 61 25 L.Ed 93.*

This is an attempt by the Defendants to divert attention from the matter by raising the doctrine of Res Judicata, which does not apply here, as fraud vitiates all judgments plus the documents the defendants relied on became void.   Fraud in equals Fraud out.

## STATEMENTS OF FACTS AND STANDARD OF LAW

Under the authority of TILA 15 U.S.C.§ 1635(b) which states "When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission." Justice Scalia said "The Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years **after the transaction is consummated.**" *JESINOSKI ET UX. v. COUNTRYWIDE HOME LOANS, INC., ET AL.  574 U. S. (2015); (emphasis provided).* The Plaintiff is well within the guide lines laid out under TILA.

Plaintiff acts in good faith to remain clear that TILA is not a avenue for a disgruntle party to simply rescind the transaction to avoid responsibility, but TILA allows the party to a credit transaction upon the failure of the so-called lender who willfully failed to follow the law pertaining to that credit transaction.

Because TILA specifically remedial in nature, its provisions must be strictly construed. A creditor must comply with TILA in all credit transactions and "misleading disclosure is as much a violation of TILA as a failure to disclose at all." Smith v. Chapman, 614 F.2d 968, 977 (5th Cir. 1980). It is not sufficient to attempt to comply with the Act, but rather, creditors are required

6

to strictly comply with all the requirements of the Act. There is no need to show that the consumer was misled or deceived by ambiguous credit terms in order to prevail. Noel v. Fleet Finance, Inc., 971 F. Supp. 1102 (E.D. Mich. 1997).

Congress did not intend for creditors to escape liability for merely technical violations, that even minor or technical violations impose liability upon the creditors. Huff v. Steward-Gwinn Furniture Co., 713 F.2d 67, 69 (4th Cir. 1983). See also, Washington v. Ameriquest Mortg. Co., 2006 W.L. 1980201 (N.D. Ill.).

A TILA violation may occur at the "consummation of the transaction" between a creditor and its consumer if the transaction is made "without the required disclosures." A creditor may also violate TILA by "engaging in fraudulent, misleading, and deceptive practices that conceal the TILA violation occurring at the time of closing." Often consumers do not discover any violation until after they have paid excessive charges imposed by their creditors. Consumers **who later** learn of the creditor's TILA violations can claim equitable tolling of the statute of limitations. When the consumer has an extended right to rescind or pursue other statutory remedies because a violation occurs, the statute of limitations for all the damages the consumers seek extends to **three years from the date the violation is revealed.** See *McIntosh v. Irwin Union Bank & Trust Co.,* 215 F.R.D. 26, 30 (D. Mass. 2003).

The Act calls for disclosures to be made in a manner that is reasonably to understand by ordinary persons. Most courts agree that "sufficiency of TILA mandated disclosures is to be viewed from the standpoint of an ordinary consumer, not the perspective of a Federal Reserve Board member, federal judge, or English professor." Smith v. Cash Store Mgmt., 195 F.3d 325, 328 (7th Cir. 1999). Edmondson v. Allen-Russell Ford, Inc., 577 F.2d 291, 296 (5th Cir. 1978)

("we must assess the adequacy of disclosure […] by the audience for which disclosure was intended).

### Required Disclosures of Residential Mortgage Transactions

Although we are not talking about a Residential Mortgage Transaction as we are led to believe, most home mortgages are subject to the disclosure requirements of TILA. U.S.C. §1638. The required disclosures **must be** provided to the homeowner prior to the consummation of a "credit transaction". Homeowners have the right to rescind most credit transactions, including home equity loans and home improvement loans, in which the home is taken as collateral. A must is the disclosure of the Creditor: The name of the creditor **must** be provided and the address and/or telephone number are not required but may be included. U.S.C. § 1602(f); Reg. Z. § 226.2(a)(17).  The undisclosed fact is the credit transaction was table funded, as the Defendant's predecessor made the transaction under false misrepresentations, as the true Creditor was NOT disclosed.

Glenndenning, was not the Creditor, as the evidence is uncovered. 15 USC§ 1641 makes it clear the last assignee is liable for all violations and damages. The Last assignee is M&T Bank as declared on April 24, 2019, by their willful disclosure.

**Assignee's Liability:** An assignee is liable for statutory damages for violations by failure to disclosure TILA requirements by its predecessors and its own violation if it fails to respond properly to a rescission notice. *Palmer v. Champion Mortg., 465 F.3d 24, 27 (1st Cir. 2006)* ("if a creditor does not respond to a rescission request within twenty days, the debtor may file suit in federal court to enforce the rescission right). *See also U.S.C. § 1635(b).*

The creditor had twenty days from receipt of the consumer's rescission notice to return any money or property given to anyone and to take appropriate and necessary action to reflect the termination of the security interest. U.S.C. § 1635(b); Reg. Z. §§ 226.15(d)(2), 226.23(d)(2).

After the creditor has complied with the preceding mandate, the consumer tenders back to the creditor any money or property received. U.S.C. § 1635(b); Reg. Z. §§ 226.23(d)(3).

A consumer is entitled for actual damages when a creditor fails to comply with the requirements imposed by TILA, in the amount equal to the sum of any actual damage sustained by the consumer as a result of the creditor's violation. U.S.C. § 1640(a)(1). Courts may require the consumer to show actual reliance upon the accuracy of the disclosures in order to claim actual damages. Perrone v. General Motors Acceptance Corp., 232 F.3d 433, 435-439 (5th Cir. 2000); Peters v. Jim Lupient Oldsmobile Co., 220 F.3d 915, 917 (8th Cir. 2000)

No Party including the Defendant provided the rescission form H-8 or any other similar forms of my right to rescind. The Statute of limitations does not toll until the lender provides a rescission form as stated plainly on appropriate appendix H-8 form.

Therefore, under the authority of TILA, on August 8, 2020 Michael Patrick Siano executed his absolute lawful right to rescind the credit transaction in question making any mortgage documents void, thus stripping any subject matter jurisdiction from that court and any judgments relying on those mortgage documents rendered void.

To correct the record, on September 10, 2020 the Plaintiff tried to file a counterclaim with quiet title in State Court, but after realizing the scarcity that possibly the judge would adjudicate the same matter, would not give me equal protection of rights protected by the constitution as the judge was already prejudice against the Plaintiff as the record shows. A

9

blessing in disguise as the Clerk of Court for NEW JERSEY SUPERIOR COURT denied my counterclaim, which had deficient filing requirements as of January 2020 a default was entered against Siano, evidenced by the deficiency notice from the NEW JERSEY SUPERIOR COURT Clerks office with the counterclaim stamped "received" **NOT** "filed" clearly indicating the claims were never heard before the Judge. *EXHIBIT A.*

### Conclusion

Plaintiff herby objects to the arguments made by the Defendants in which do not apply to this case, in a feeble attempt to their lawful responsibility, and is only misleading this Honorable Court. There is no ongoing State litigation as that proceeding has concluded and as a matter is void upon law. The Plaintiff's causes of action have never been filed into the record of any court and have not been heard before any judge. Rooker- Feldman Doctrine, Colorado River, The Entire Controversy Doctrine, First- filed rule, and Res Judicata simply do not apply. 15 U.S.C. § 1635(b) gives the Plaintiff the authority to file suit in Federal Court as the Assignee has failed to properly respond to the rescission. *Palmer v. Champion Mortg.465 F.3d 24,27.*

date: 11-24-2020

MICHAEL PATRICK SIANO

102 Haines Street East

Lanoka Harbor, New Jersey 08734

Mikee1987@ Yahoo.com

(732) 788-0772

**Affidavit of Truth to the Facts**

I, Michael Patrick Siano, testify on my own behalf and by my own free will act and deed,

under penalty of perjury that the statements and facts in this objection set forth herein are true

and correct to the best of my ability and will testify under oath if case may be, so help me God.

Under my Hand and Seal,                    Dated: 11-24-2020

By: _____

Michael Patrick Siano

102 Haines Street East

Lanoka Harbor, NJ 08734

Mikee1987@Yahoo.com

732-788-0772

## CERTIFICATE OF SERVICE

I, Michael Patrick Siano, do hereby certify that a true copy of the foregoing Objection, Memorandum of Law in Support of its Objection, and signed affidavit and this certification has been served upon by placing same in the U.S. Mail, properly addressed to as follows:

PARKER IBRAHIM & BERG LLP

270 Davidson Avenue

Somerset, Nj 08873

PARKER McCAY P.A. LAW OFFICES

9000 Midlantic Dr. Suite 300

P.O. Box 5054

Mount Laurel, Nj 08054

11-24-20 20

Michael Patrick Siano

12

# EXHIBIT A

**SUPERIOR COURT OF NEW JERSEY - eCOURTS**

The following deficiency notice is being sent from eCourts:

| | |
|---|---|
| Plaintiff Name: | M&T BANK |
| Defendant Name: | WIFE , MICHAEL P SIANO,   BLK 630.02 LOT 10, CORPORATION |
| Case Caption: | M&T BANK VS SIANO MICHAEL P |
| Case Number: | SWC F 014382-19 |
| Docket Text: | **DEFICIENCY NOTICE:** re: MISCELLANEOUS DOCUMENT CHC2020216935 -Received but not filed. Michael P Siano was defaulted on 1-24-20. A motion to vacate default is required. Fee will be returned under separate cover. Deficiency date: 9-11-20 |
| Transaction ID: | CHC2020216943 |

**Notice has been electronically mailed to:**

| | | |
|---|---|---|
| Plaintiff Attorney | JOHN D KROHN | JEFIS@PARKERMCCAY.COM |

**Notice was not electronically mailed to:**

| | | |
|---|---|---|
| Defendant | WIFE | NJ 00000 |
| Defendant | MICHAEL P SIANO | 102 HAINES ST E, LANOKA HARBOR, NJ 08734 |
| Other | BLK 630.02 LOT 10 | 102 HAINES STREET EAST, LACEY TWP, NJ 08734 |
| Defendant | CORPORATION | NJ 00000 |

Login to eCourts to view the Case Jacket. You will need a valid user ID (Bar ID) to view the submitted documents.

For questions, please contact the Superior Court Clerk's Office.

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

**RECEIVED**

SEP 1 0 2020

SUPERIOR COURT
CLERK'S OFFICE

Michael Patrick Siano
102 Haines Street East
Lanoka Harbor, New Jersey 08734
(732)788-0772
Mikee1987@yahoo.com
Trustee for Plaintiff

---

**MICHAEL PATRICK SIANO™,**

        **Plaintiff Corporate Entity**

  **V.**

**M&T BANK, GENE R. MARIANO ESQ.
PARKER McCAY P.A. LAW OFFICES et al.
And All Unknown Parties**

         **Defendants**

**SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
OCEAN COUNTY
CAUSE NO.**
      <u>F-014382-19</u>

**COUNTERCLAIM WITH
QUITE TITLE**

---

      Counter- Plaintiff MICHAEL PATRICK SIANO™ herein after Siano, as Trustee,

for and on behalf of the Trust as the asset protection of MICHAEL PATRICK SIANO™ placed

into the MICHAEL PATRICK SIANO™ TRUST, Comes now with counterclaims in light of

new evidence as an informant with the following information, basing such information upon

willful violations according to State and Federal Law. On July 19, 2017 unbeknownst to Siano,

Siano appears to have entered into a one-sided, unenforceable, deceitful mortgage transaction

with Glendenning Mortgage Corporation herein after GMC as being the claiming "Lender".

    As it appears on the record executed by a willful voluntary misleading assignment.

M&T BANK as it appears is the servicer of subject transaction. On September 1, 2019, without

any ownership rights, Counter-Defendant M&T BANK herein after Defendant filed claims

against Counter- Plaintiff herein after Siano in case number F-014382-19. With this action,

Defendant has harmed Siano with irreparable damage, social and mental harassment, and defamation of name, having willful intentions, causing slander of title, with criminal intent. Siano as being one of "We the People", acting as an informant, with the following information presenting evidential facts before this honorable court for enforcement. I state the following:

## COUNT ONE
## Violation of 18 U.S.C. §1962(c)

1.     A separate count of Mail Fraud took place each and every time a deceptive pleading, Affidavit, Promissory Note Assignment, mortgage or mortgage assignment was sent by a Defendant through the use of the U.S. mail.  Likewise is true for any documents sent via electronic mail.

2.     As the evidence on the record shows, a series of patterns with racketeering activity, specifically "mail and/or wire fraud," the Defendants subject to this count willingly participated in a criminal enterprise affecting interstate commerce.

3.     As the evidence shows, the Defendants used deceptive affidavits, assignments and pleadings to the Clerks of Court, Judge, and Siano executing their actions. As it appears, the Defendant intentionally participated in a scheme to defraud and misled Siano, having full understanding of their actions, utilized the U.S. Mail system and the internet to perpetrate their actions.

4.     The facts show a pattern of criminal conspiracy affecting interstate commerce in more ways than one. The factual evidence now show a repeated pattern of concealment of the "Lenders' unknown self-created debt, created an agreement between the "Lender" and the REMIC Trust, concealing this new created "debt" from Siano, and the court, and making Siano a party to an agreement he never was made aware of, concealing a material fact.

5.      It appears to be a constructive "acts" of fraud (fraudulent inducement), which were accomplished through the U.S. Mail, and the internet, also being filed in the record, which are specifically attributable to the Defendants bound by this Court are:

a.)      Bringing suit under false pretenses, executing a deceptive assignment, as "if" the servicer is the injured party, the real party in interest, which now uncovered has no required standing and fraud upon the court. The Defendant's actions show, a failed attempt by using the unsupervised MERS system, as any member has access to any recorded mortgage documents within the MERS system, and executed a deceptive assignment, without any authority, and executed this action as a servicer to deceive the court. *[emphasis added]*

b.)      The attorney at fact claims and alleges that the plaintiff is the "owner" and "holder" of the note and mortgage now has appeared to have committed fraud upon the court.

 c.)   Actively concealing the plaintiffs' lack of standing in their complaint to foreclose.

d.) The record appears and shows the racketeering pattern using deceptive affidavit(s) and documents by persons working for the Defendant with no prior knowledge at all of the truth, or of their contents and has misled the courts before any judgments were rendered.

        The Defendant(s) actions meet and satisfy the RICO requirements and show a pattern of deception and an attempted theft of Siano's property by concealing and misleading this court. Based on the Defendants actions, Siano is entitled to receive judgment in the amount of three times actual damages, plus costs and attorney fee under 18 U.S.C. §1964(c).

### Violation of 18 U.S.C. §1962(d).

6.      The record reflects the Defendants have conspired together to violate 18 U.S.C. §1962(d), by perpetrating fraudulent actions utilizing the U.S. Mail and the internet. Defendant along with

counsels actions have the same "modus operandi" the attempted theft of real property through illegal foreclosure, with full understanding of their actions.

Those who help and support an illegal enterprise are liable for the actions of those who perpetrate the villainous acts, Nevertheless, whether they participated in that particular criminal act. Based off the actions by the Defendants, Siano is entitled to judgement in the amount of three times the amount damaged plus attorney fee and costs.

## Violation of 18 U.S.C. §1962(b)

7.    The evidence reflects that the Defendants conspired together and has violated 18 U.S.C. §1962(b) by committing fraudulent actions and trying to collect on an unknown debt via the U.S. Mail and the internet via e-mail, having superior knowledge and willful intention.

8.    The record reflects that the Defendant along with their counsel conspired to bring forth a suit without proper standing in an attempt to defraud not only Siano, but also the honorable court, with full knowledge and understanding filing this sham foreclosure.

9.    The preparation, filing, and prosecution of this misleading sham complaint to Foreclose and to attempt to enforce a nonexistent contract, is a willful act in its pattern of racketeering activity.

## COUNT TWO

### Common Law Fraud

10.    Under New Jersey authority, fraud occurs when there is an intentional deception for personal gain or to damage another. The elements of common-law fraud are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages."

11.     To maintain a claim under the Consumer Fraud Act, a private litigant must establish "(1) unlawful conduct by the Defendants, (2) an ascertainable loss on the part of the Plaintiff, and (3) a causal relationship between the Defendant's unlawful conduct and the Plaintiff's ascertainable loss." *New Jersey Citizen Action v. Schering-Plough Corp., 842 A.2d 174, 367 N.J. Super.*

12.     The record reflects that the filed "misleading" mortgage assignments are the foundational linchpin to effectuate the unlawful foreclosure. As the evidence reflects the conspirators knew the material presented on the record was false. The Defendant's actions show, their willful filed documents on the record before the Court, was an attempt to establish a legitimate claim to the property in this question.

13.     As of August 8, 2020 Siano has given proper "notice" to the Defendants via regular mail of his right under the authority of 15 U.S.C. § (1635) to rescind the transaction making the transaction "void" and any judgments obtained by fraud and under the transaction are simply void. On August 24, 2020 a second notice to rescind was placed into the record via Siano's Notice and Declaration of Revocation of Mortgage Contract. *See Exhibit B rescission letter with appendix H-8 form*

14.     Under the authority of TILA 15 U.S.C. § 1635 the Defendants "shall have 20 days after receipt of notice to return to the obligor any money or property given as earnest money, down payment, or otherwise, and **"shall take any action necessary"** or appropriate to reflect the termination of any security interest created under the transaction", but simply failed to do so.

15.     As the record shows the Defendants predecessor GMC failed to follow the must have requirements under the "Truth in Lending Act" Regulation Z given Siano the right to cancel the transaction.

16.    As the facts are uncovered, the blatant attempt to mislead Siano and the court is considered fraud upon the court with willful scienters intentions.

## COUNT THREE

### Defamation/Libel

17.    As the record reflects and show the Mortgage assignments filed by the Defendant were made in an attempt to portray a valid enforceable assignment on the record, without having any proper authority, which has now clouded the title, and has caused irreparable defamation and libel against Siano.

18.    As the Defendants action show, the Defendant's intent along with their attorney at fact had prior knowledge of purposely filing misleading statements, and claims before the court and purposely intended to harm Siano with an outright attempt to steal Siano's property.

19.    As the record reflects that the Defendant has reported false remarks about Siano to all major credit bureaus with the upmost willful understanding of the damage this has caused Siano with no regard.

## COUNT FOUR

### Illegal Liens

20.    A person is guilty of filing an illegal lien when he/she files a documents or lien that is known or should have known was forged, groundless, contained a material misstatement, or was a false claim.

21.    The Defendants predecessor mislead Siano into thinking there was a lien on the property.

22.    The willful filling of a Lis Pendens under false misleading pretenses is clear example of an illegal lien.

23.    Under New Jersey law this willful action is a second-degree crime, by filing a false lien.

24.     All parties taking part in or who conspired with those who participated in the acts or practices in question are jointly and severally liable.

# COUNT FIVE

## Conspiracy

25.     Now discovered, the biggest deception establishing the strongest possible proof of malicious intentions of such a conspiracy is the concealment of one's true identity.

26.     The record reflects that such deception is present in this occurrence. The Defendants used MERS system without any authority and has executed a mortgage assignment as if the Defendant were the rightful owner, and had a right to the claims to the future proceeds of the lenders self-created debt with the REMIC Trust known as Ginnie Mae. Defendants willful actions were to purposely mislead the court and tried to portray "as" being the real parties in interest. In truth its now an impossibility after the transformation of securitization. The Defendants willfully mislead the court, by using an affidavit sworn under Oath and penalty of perjury by an employee with no prior first hand knowledge, in an attempt to misled the court, trying to portray that the Defendant M&T BANK is the rightful just true owner and holder of the "original" note and mortgage, which has now stated an impossibility.

27.     The evidence shows that Siano's mortgage document show, MERS is listed as the nominee for the lender listed on the Promissory Note.

28.     The uncovered fact that the Note was table funded before closing, meaning the lender on the Note never lent any valuable consideration and therefore never had any rights to the Note; MERS acting as the nominee is an unmanned, unsupervised entity acting as a tracking system which has absolutely no financial interest in any Note from the moment of Siano's Note's execution.

29.    The Mortgage document states that MERS "is" the nominee for the lender.  "Is" is present tense this seems to indicate that as of the time of execution of the transaction, MERS was performing some unknown service for both lender and its successors and assigns even though outwardly the mortgage had not been executed. Upon the assignment, it would seem to be impossible for MERS to act as nominee for the original lender. This phrase wordlessly acknowledges that the mortgage will be assigned.

30.    To further the goal of this scheme and to maintain this model was the inclusion in the mortgage of intentionally ambiguous and malleable provisions pertaining to MERS.

31.    The conspiracy also has another hidden gem, the false transfer of rights in the property. This Security Instrument secures to Lender: (1) the repayment of the transaction, and all renewals, extensions and modifications of the Note; and (2) the performance of Borrower's covenants.   There is no "purpose" stated in the preceding sentence.

32.    How can the borrower concurrently convey the property to: (1) MERS as nominee For the lender; (2) MERS as nominee for lender's successors and assigns; and (3) MERS's own successors and assigns? Furthermore, who are such successors and assigns? No assignment could have existed as of the moment the mortgage was executed by the borrowers, and if somehow same did exist, it should have been disclosed as a fundamental and material aspect of the transaction. If the assignment occurred prior to the mortgage, the mortgage itself is void on its face because the lender had no interest to secure which is ultra vires.

33.    While the transaction was still "wet" and now appears virtually non-existent legally, the lenders promptly sold the credit transaction, in secret, to "investors" for some percentage or fraction of what had been the alleged value of the mortgage and the property by which it was secured just days or weeks earlier or the credit transaction was listed inside a Mortgage Backed

Security and sold before the credit transaction was even done sold without the Note ever being in the possession of the Mortgage Backed Security. The investors (the undisclosed unknown party to the transaction) A.K.A the real parties in interest actually bought nothing, but were simply misled.

34.     The investors were paid back via default insurance which Siano paid the premium.

35.     If that is not bad enough these sinners didn't want to pay the associated fee with recording the mortgage and they won't be bothered with the trouble of keeping track of the originals. The known fact is the original "Note" was destroyed simply for the reason; any further use will be securities fraud.

## COUNT SIX

### TILA Violations

36.     The Lender Failed to comply with **all** the disclosure requirements under the Federal Truth and Lending Act ("TILA") 15 U.S.C. §1601 et. seq.

37.     At closing the Creditor failed to provide Siano the required Truth in Lending Disclosure Statement.

38.     The failure of full material disclosure is detrimental to the Defendants.

39.     Accordingly, when M&T BANK (the servicer) took it upon themselves to create a misleading deceptive assignment of the subject mortgage, it knew or should have known about the existence of the violations of state and federal laws set forth herein, but simply went ahead and executed the mortgage assignment misleading all parties.

40.     M&T BANK claims to hold the Mortgage and Mortgage Note by voluntary assignment. Under said voluntary assignment, M&T BANK is reasonably believed to have received an

assignment of all claims as well as all liabilities under the subject mortgage transaction, and all criminal activities.

## COUNT SEVEN

### Mail Fraud

41.    The evidence shows that the Defendant and legal counsel conducted mail fraud more than two times in conjunction with trying to collect an unlawful unknown debt under 18 U.S.C. §1341, §1342.

42.    Whereas Defendant and counsel have used the U.S.P.S. In an attempt to carry out their racketeering in an attempt to defraud Siano, and the court by means of false deceptive pretenses to collect on a false debt or an attempt to steal my property.

43.    Each separate mailing by the Defendant and legal counsel stating the claim that they are a debt collector trying to collect a debt constitutes a new violation of 18 U.S.C. §1341, §1342.

## COUNT EIGHT

### The Creation and Use of Fraudulent Promissory Notes and Mortgage Assignments

44.    As the evidence is before the court, introduced into the record by the Defendants counsel, the truth is blaringly obvious. Siano signed on the second and last page of a simple promise to pay in an exchange for a "loan".

45.    The Defendants willfully filed into the courts record, the smoking gun, showing the altered forged promissory note, in which was "altered" after signing without my knowledge or consent, as the evidence is on the third page, and ultimately forever changed the terms of the transaction with this conversion.

46.    This action is a felony level crime in New Jersey.

47. Siano's promissory note started off as a simple promise to pay, and was forever converted into an order to pay, without Siano's knowledge and consent.

48. Siano's negotiable instruments are governed by article three (3) of the Uniformed Commercial Code (*U.C.C.*)

49. *U.C.C. 3-301* states in order to enforce a negotiable instrument a person must be a holder of the note.

50. The strict definition of "holder" means the person must possess the **original** "note", and the "note" must be issued or endorsed to him or to his order or to bearer or in blank.

51. The evidence on the record reflects that Siano's "note" is endorsed to WELLS FARGO evidencing a willful alteration after the signing. **"If"** it was a valid enforceable note, there is no evidence of any "endorsement" to Defendant and Defendant is claiming to be in possession of the original negotiable instrument, is claiming a legal impossibility.

52. The Defendants used the unmanned, unsupervised, entity named "MERS" as an avenue to perpetrate their illegal actions.

## Count Nine

53. Counter Plaintiff repeats the allegations of all the statements in each count of the Counterclaim and makes the same a part hereof, as if repeated at length.

54. As a direct and proximate result of the foregoing misrepresentations of material fact, Siano has been damaged, with their willful executed filed foreclosure suit, is now fraud on the court, as a officer of the court, is simply a criminal activity.

55. Siano has been damaged, and is now entitled to all damages and the proceeds of the unknown sale of Siano's Promissory Note.

56.     By reason of damage enacted by the named Defendants, as stated herein before in this Counterclaim, Siano demands Trial by Jury to recoup all relief prescribed by law, and criminal charges brought before all acting parties based off the established information presented before this honorable court.

## Quiet Title

### N.J.S.A 2A:62-1

57.     A person in "peaceable possession" may, when title to his lands or any part of them is denied or disputed, or when a lien or encumbrance is asserted against his lands, use this process "to settle the title to such lands and to clear up all doubts or disputes" concerning the land. *N.J.S.A. 2A:62-1.*

58.     This Court has jurisdiction over the matter and is the proper venue as the property is within the jurisdiction of this court located in Ocean County at 102 Haines Street East Lanoka Harbor, New Jersey (08734).

59.     Siano has a right to file this petition as Siano is the rightful last and only registered owner of the named property with legal possession evidenced by the transferred to me with the recorded Bargain and Sale Deed on record. *see Exhibit A*. Certified Copy of Bargain & Sale Deed.

## Indisputable Facts

60.     No legal and lawful transfer title of property had taken place. The creditor's lack of full disclosure, meeting of the minds, lack of valuable consideration, and signatures between two (2) known parties, allowed Siano the right to rescind the original transaction under the authority of 15 U.S.C. §1635(a-b). *see Exhibit B*. Copy of rescission letter with appendix H-8 form attached.

61.     Any reliance on the mortgage documents on the record have been void ab initio.

62.     Siano is the last recorded real party of interest. *see Exhibit A.*

63.     Siano always had superior claim since July 19, 2020 and is recorded on the record at the OCEAN COUNTY recorder's office at book 16822 page 1450 to the property and challenges anyone to come forward of their **strict proof with** evidence to the contrary having a superior recorded deed.

64.     The Defendant has filed false documents and has clouded the title and has harmed Siano which must be corrected.

## Relief Sought

65.     The Defendant M&T BANK pay damages to Siano in the amount of three (3) times the transaction sum of the matter at $204,265.57 as prescribed by law for Siano's injuries sustained in this lawless plot.

66.     Apportioned between the conspirators attorney fee and costs granted to Siano in the amount of $14,721.15 or as the Court finds just.

67.     Siano be awarded the amount of $30,167.80 for all payments of $1,508.39 tendered over the months of 07/11/2017 through 03/29/19 as their failure to follow 15 USC §1635

68.     All Defendants known and unknown be declared to have no estate, title, or interest on Siano's property. Michael Patrick Siano is entitled to quiet undisturbed possession of the property as described herein above.

69.     For damages against all defendants as applicable as well as compensatory and punitive damages under the Civil Rico Statutes in an amount to be determined at trial in the amount to show such practices are unpalatable to the people of Ocean County New Jersey.

**Affidavit of Truth to the Facts**

I, Michael Patrick Siano, testify on my own behalf and by my own free will act and deed, under penalty of perjury that the statements and facts in my counter-complaint set forth herein are true and correct to the best of my ability and will testify under oath if case may be, so help me God.

Under my Hand and Seal,                                    Dated:

By:

Trustee Michael Patrick Siano
102 Haines Street East
Lanoka Harbor, NJ 08734
Phone: 732-788-0772

# CERTIFICATE OF SERVICE

I Michael Patrick Siano, hereby certify that I served upon by regular mail to the following parties:

Law Offices Parker McCay P.A.

9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, NJ 08054

Superior Court Clerk's Office

Foreclosure Processing Services
25 Market Street
P.O. Box 971
Trenton, New Jersey 08625

1. Counterclaim with Quite Title

**EXHIBIT A**

INSTR # 2017079441
OR BK 16822 PG 1450
RECORDED 08/02/2017 09:29:22 AM
SCOTT M. COLABELLA, COUNTY CLERK
OCEAN COUNTY, NEW JERSEY
RTF TOTAL TAX $268.75

## OCEAN COUNTY CLERK'S OFFICE
## RECORDING DOCUMENT
## COVER SHEET

**SCOTT M. COLABELLA**
**OCEAN COUNTY CLERK**
P.O. BOX 2191
TOMS RIVER, NJ 08754-2191
(732) 929-2110
www.oceancountyclerk.com

**OFFICIAL USE ONLY**

DATE OF DOCUMENT: *(Enter Date as follows: 00/00/0000)*
7/19/2017

COUNTY OF OCEAN
CONSIDERATION $197,500.00
REALTY TRANSFER FEE $1,471.50

**D**

TYPE OF DOCUMENT: *(Select Doc Type from Drop-Down Box)*
Deed

**OFFICIAL USE ONLY - REALTY TRANSFER FEE**

FIRST PARTY NAME: *(Enter Last Name, First Name)*
Alfred P. Riebschlager, unmarried

SECOND PARTY NAME: *(Enter Last Name, First Name)*
Michael P. Slano, unmarried

ALL ADDITIONAL PARTIES: *(Enter Last Name, First Name)*

### THE FOLLOWING SECTION IS REQUIRED FOR DEEDS ONLY

| BLOCK: 630.02 | LOT: 10 |
|---|---|

MUNICIPALITY:  Township of Lacey

CONSIDERATION: $197,500.00

MAILING ADDRESS OF GRANTEE: *(Enter Street Address, Town, State, Zip Code)*
102 Haines Street East, Lanoka Harbor, NJ  08734

### THE FOLLOWING SECTION IS FOR
### ORIGINAL MORTGAGE BOOKING & PAGING INFORMATION FOR ASSIGNMENTS, RELEASES,
### SATISFACTIONS, DISCHARGES & OTHER ORIGINAL MORTGAGE AGREEMENTS ONLY

| ORIGINAL BOOK: | ORIGINAL PAGE: |
|---|---|

**OCEAN COUNTY CLERK'S OFFICE RECORDING DOCUMENT COVER SHEET**

Please do not detach this page from the original document as it
contains important recording information and is part of the permanent record.



I HEREBY CERTIFY THE FOREGOING
TO BE A TRUE COPY
SCOTT M. COLABELLA
OCEAN COUNTY CLERK

By: _____
Special Deputy Clerk
3-7-19
Date

UTA170292

DEED.007
STANDARD DEED--BARGAIN &
SALE (COV. VS. GRANTOR'S ACTS)
Plain Language

## DEED



**Prepared by:**
*KIRK C. RUSSOM, ESQ.*
*Law Offices of Apicelli, Castamo & Russom*
*551 Lakehurst Road, First floor*
*Toms River, NJ 08755*

**This Deed** is made on July <u>13</u>, 2017 and delivered July <u>19</u>, 2017,

**Between**

Alfred P. Riebschlager, unmarried,
whose address is 102 Haines Street East, Lanoka Harbor, NJ 08734,

referred to as the **Grantor**,

**And**

Michael P. Siano, unmarried,
whose post office address is about to be 102 Haines Street East, Lanoka Harbor, NJ 08734,

referred to as the **Grantee.**

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property (called the "Property") described below to the Grantee. This transfer is made for the sum of One Hundred Ninety-seven Thousand, Five Hundred ($197,500.00) Dollars. The Grantor acknowledges receipt of this money.

**Tax Map Reference.** Municipality of Township of Lacey, Block No. 630.02, Lot No. 10, Qualifier No.          , Account No. .

**Property.** The property consists of the land and all the buildings and structures on the land in the Township/Borough of Lacey, County of Ocean and the State of New Jersey. This grant and conveyance is made under and subject to all covenants, conditions, rights, reservations, restrictions, and easements of record, if any.

The property is commonly known as 102 Haines Street East, Lanoka Harbor, NJ 08734.

Being the same property conveyed to Grantor(s) by Deed from Alfred A. Riebschlager and Emily Riebschlager, husband and wife, dated 5/20/2002 and recorded 6/18/2002 in the Office of the Ocean County Clerk in Deed Book 10883, Page 375.

The legal description is: Annexed hereto and made a part hereof.

**Promises by Grantor.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**FRD Surveying, LLC**
136 Golf View Boulevard
Toms River, NJ 08753

**July 17, 2017**                                                                **Job No. 17-0262**

### DESCRIPTION OF PROPERTY
### SITUATED IN

### TOWNSHIP OF LACEY, OCEAN COUNTY, NEW JERSEY

Property is known and designated as Lot 10 in Block 630.02 as shown on the current tax maps of the Township of Lacey, Ocean County, New Jersey. Also being known as Lot 10 in Block 630B as shown on a certain plan entitled "Final Subdivision Plat Section No. 1, Bayberry Village, Township of Lacey, Ocean County, New Jersey" filed in the Ocean County Clerk's Office on December 18, 1970 as Map Number H-314.

Also being known as 102 Haines Street East, Lanoka Harbor, N.J.

**BEGINNING** at a point in the northerly line of Haines Street East (50' ROW) at the westerly end of a curve connecting said line of Haines Street East (50' ROW) with the westerly line of Cedarwood Drive (50' ROW); thence running along the northerly line of Haines Street East (50' ROW)

1.  South 71 degrees 22 minutes 56 seconds West, a distance of 71.70 feet to a to a point of curvature; thence
2.  Along a curve to the right, having a radius of 390.00 feet, an arc distance of 4.00 feet to a point; thence
3.  North 08 degrees 40 minutes 56 seconds West, a distance of 119.26 feet to a pin found; thence
4.  North 86 degrees 14 minutes 23 seconds East, a distance of 83.49 feet to a pin found; thence
5.  Along a curve to the left, having a radius of 316.21 feet, an arc length of 82.00 feet to a point of reverse curvature; thence
6.  Along a curve to the right, having a radius of 15.00 feet, an arc length of 23.56 feet to the point and place of **BEGINNING**.

This description is in accordance with a map entitled "Survey of Property, Lot 10 Block 630.02" prepared by FRD Surveying, LLC and dated July 17, 2017.

Prepared By:

**FRD Surveying, LLC**

Frank R. DeSantis
Professional Land Surveyor
New Jersey License No. GS42001

**EXHIBIT B**

# "NOTICE" OF RIGHT FOR RECISSION

August 7, 2020

To whom it may concern,

Under the authority of the Truth in Lending Act pursuant to 15 U.S.C. § 1635(a), I exercise my right to rescind the transaction. The pretender lender failed to disclosure pertinent information before any documents were signed, before, during and after, and has concealed the very fact from Michael Siano. GLENDENNING MORTGAGE CORPORATION was not the bone-fide true lender. GLENDENNING MORTGAGE CORPORATION (pretender Lender), their failure to disclose this pertinent information clearly provides that this so-called loan was not consummated.  Pursuant to 15 U.S.C. § 1635(f)(3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later.

Whereas, I exercise my right and hereby "Notice" all parties my right of rescission.

Sincerely,

Michael Patrick Siano.

c.c.    GLENDENNING MORTGAGE CORPORATION
       81 E Water St. Toms River, NJ 08753

       WELLS FARGO BANK
       420 Montgomery Street San Francisco, CA 94104

       M&T BANK
       1 M&T PLAZA Buffalo, NY 14203

       Parker McCay P.A.
       9000 Midlantic Drive Suite 300 P.O. Box 5054 Mount Laurel, NJ 08054

## H-8—Rescission Model Form (General)

**NOTICE OF RIGHT TO CANCEL**

**Your Right to Cancel**

You are entering into a transaction that will result in a [mortgage/ lien/ security interest] [on/in] your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

(1)  the date of the transaction, which is

_08/07/2020_ ; or

(2)  the date you received your Truth in Lending disclosures; or
(3)  the date you received this notice of your right to cancel.

If you cancel the transaction, the [mortgage/lien/security interest] is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the [mortgage/lien/security interest] [on/in] your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**How to Cancel**

If you decide to cancel this transaction, you may do so by notifying us in writing, at M&T BANK

1 M&T PLAZA

[creditor's name and business address].

Buffalo, NY 14203

You may use any written statement that is signed and dated by you and states your intention to cancel,     or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no

later than midnight of _____ (date)

(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_M.S._                                    _08/07/2020_

Consumer's Signature                        Date

Federal Reserve System

SWC F 014382-19    09/10/2020    Pg 22 of 22 Trans ID: CHC20202216935

Pt. 226, App. H