IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL PATRICK SIANO™, <br><br> Plaintiff Corporate Entity, <br> v. <br><br> M&T BANK, <br> PARKER McCAY P.A. LAW <br> OFFICES et al. and all Unknown Parties, <br><br> Defendants. | **Document Filed Electronically** <br><br> Case No.: 3:20-cv-12827-MAS-DEA |

### DEFENDANT M&T BANK'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

On the Brief:

James P. Berg, Esq. (Parker Ibrahim & Berg LLP)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ..............................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY..................................................2

LEGAL ARGUMENT................................................................................................................2

    I.     PLAINTIFF'S OPPOSITION DEMONSTRATES PRECISELY
          WHY THIS COURT SHOULD DISMISS THEIR COMPLAINT AS
          AGAINST M&T BANK FOR LACK OF SUBJECT MATTER
          JURISDICTION .........................................................................................................2

          A.  Plaintiff's Allegations Are An Attack on The State Foreclosure Action..............3

          B.  Plaintiff's Allegations Support Abstention Under Colorado River ......................5

          C.  Plaintiff's Allegations Support Dismissal Under the Entire
               Controversy Doctrine...........................................................................................6

          D.  Plaintiff Fails to Address Defendant's Remaining Arguments.............................7

CONCLUSION..........................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Campbell v. Tabas*
  No. 16-6513, 2017 U.S. Dist. LEXIS 115722, 2017 WL 3142 118 (E.D. Pa. July 25, 2017) ... 4

*Circle Chevrolet Co. v. Giordano, Halleran & Ciesla*
  142 N.J. 280 (1995) .................................................................................................... 7

*Colo. River Water Conservation Dist. v. United States*
  424 U.S. 800 (1976) .................................................................................................... 6

*Common Cause of v. Pennsylvania*
  558 F.3d 249, 257 (3d Cir. 2009) ................................................................................ 2

*Culver v. Ins. Co. of N. Am.,*
  115 N.J. 451, 559 A.2d 400 (1989) ............................................................................. 8

*DaimlerChrysler Corp. v. Cuno*
  547 U.S. 332 (2006) .................................................................................................... 2

*Davis v Kahn*
  Civil Action No. 18-8560, 2019 US Dist. LEXIS 69408 (D.N.J. Apr. 24, 2019) ....... 5

*EEOC v. Univ. of Pa.*
  850 F.2d 969 (3d Cir. 1988) ........................................................................................ 7

Gage v Wells Fargo Bank, N.A.
  521 F. App'x 49, 51 (3d Cri. 2013) ............................................................................. 5

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*
  615 F.3d 159 (3d Cir. 2010) ........................................................................................ 5

*IFC Interconsult, AG v. Safeguard Int'l. Partners, LLC.*
  438 F.3d 298 (3d Cir. 2006) ........................................................................................ 6

*In re Farrington*
  No. 17-1775, 2019 US Dist. LEXIS 40048, 2019 WL 1149881 (D.N.J. Mar. 11, 2019) .......... 5

*Kahn v. GMC*
  889 F.2d 1078 (Fed. Cir. 1989) ................................................................................... 7

*Kajla v. Cleary*
  No. 18-15449, 2019 U.S. Dist. LEXIS 61, 2019 WL 77067 (D.N.J. Jan. 2, 2019) ..... 5

*Kougasian TMSL. Inc.*
  359 F.3d 1136 (9th Cir. 2004 ) .................................................................................... 4

*McCormick v. Braverman*
  451 F.3d 382 (6th Cir. 2006) ...................................................................................... 4

*Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*
  571 F.3d 299, 307 (3d Cir. 2009).................................................................................. 6

*Ryan v. Johnson*
  115 F.3d 193 (3d Cir. 1997).......................................................................................... 6

*Spuck v. Pa. Bd. of Prob. & Parole*
  563 F. App'x 156 (3d Cir. 2014) ................................................................................. 3

## **Rules**

Fed. R. Civ. P. 12(b)(1)............................................................................................... 1, 2

Defendant M&T Bank ("M&T Bank"),[1] by and through its undersigned counsel, respectfully submits this Reply Memorandum of Law (the "Reply") in response to the Notice of Objection to Defendant M&T Bank's Motion to Dismiss Plaintiff's Complaint (the "Opposition") filed by *pro se* Plaintiff Michael Patrick Siano™ ("Plaintiff"), and in further support of M&T Bank's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)("Motion").

## PRELIMINARY STATEMENT

Even with the benefit of the Court's consideration of the late filed Opposition (which the Court should reject), Plaintiff fails to oppose M&T Bank's arguments that the Complaint should be dismissed pursuant to the *Rooker-Feldman*, *Colorado River*, New Jersey's Entire Controversy Doctrine, the First-Filed Rule and the doctrines of *res judicata* and collateral estoppel. The Opposition ignores the fact that M&T Bank does not place the "substance" of Plaintiff's claims in dispute in its Motion. Rather, the Motion disputes Plaintiff's right to be heard by this Court on duplicative claims against M&T Bank which were (or could have been) raised in the State Foreclosure Action.[2] Instead, Plaintiff uses his Opposition to once again rehash his tortured, confusing and unfounded accusations of fraud and rescission claims under TILA.

Even affording Plaintiff with every inference to be gleaned in his Opposition papers, the procedural history of the State Foreclosure Action and legal authority that M&T Bank has placed before the Court in its Motion demonstrate that Plaintiff misapprehends the law, appears to argue the incorrect legal standard to be applied to its Motion, and completely misses the mark by

---

[1] Capitalized terms not otherwise defined herein utilize the definitions contained in M&T's moving memorandum of law.

[2] Notwithstanding, M&T Bank categorically denies Plaintiff's allegations. To the extent that any of Plaintiff's claims survive dismissal for lack of subject matter jurisdiction, M&T Bank reserves all rights available at law and equity to seek dismissal of their claims for lack of merit under the Federal Rules of Civil Procedure.

1

improperly attempting to forum shop by asking this Court to intervene in a dispute that that is currently pending in the State Foreclosure Action.

Accordingly, for these reasons, the reasons set forth in M&T Bank's Motion and those set forth more fully below, M&T Bank respectfully submits that Plaintiff's Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

As an initial matter, M&T Bank rejects Plaintiff's Statement of Facts and Standard of Law as it is replete with factual and legal inaccuracies. Instead, M&T Bank respectfully refers this Court to its Motion papers including its Memorandum of Law for a comprehensive recitation of the underlying facts, procedural history of the dispute and State Foreclosure Action between Plaintiff and M&T Bank with corresponding exhibits to support same.

## LEGAL ARGUMENT

### PLAINTIFF'S OPPOSITION DEMONSTRATES PRECISELY WHY THIS COURT SHOULD DISMISS THE COMPLAINT AS AGAINST M&T BANK FOR LACK OF SUBJECT MATTER JURISDICTION

M&T's Motion is a straightforward motion that demonstrates this Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the *Rooker-Feldman* doctrine, abstention pursuant to *Colorado River*, New Jersey's Entire Controversy Doctrine, First-Filed Rule and the doctrines of *res judicata* and collateral estoppel. In Opposition, Plaintiff was required to affirmatively demonstrate why this Court has subject matter jurisdiction when there is a judgment and pending action concurrently being litigated in the General Equity Division in the New Jersey Superior Court. *See Common Cause v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)). Plaintiff has failed to do so. Indeed, Plaintiff's oft-repeated unsupported allegations of fraud and TILA rescission

2

claims - which relate to the origination of the mortgage loan presently being litigated in the State Foreclosure Action - only serve to bolster support for dismissal of the Complaint. Plaintiff does not (and cannot) dispute that there is an active foreclosure proceeding associated with Plaintiff's Property pending in the State Foreclosure Action which includes an Order granting M&T Bank's Motion for Summary Judgment as well as an Order of Final Judgment. *See* Berg Decl., ¶¶ 6, 12, 14, Exhs. 5, 11 & 13. Plaintiff does not (and cannot) dispute that the precise unfounded allegations and identical causes of action alleged in the instant action were already rejected in the State Foreclosure Action. S*ee* Berg Decl., ¶¶ 6, 18, Exhs. 5 & 17. Plaintiff does not (and cannot) dispute that his attempts to vacate the Order of Final Judgment in the State Foreclosure were already rejected in the State Foreclosure Action. S*ee* Berg Decl., ¶¶ 6, 19, Exhs. 5 & 18.

Instead, unsatisfied with the rulings in the State Foreclosure Action, this action appears to be Plaintiff's latest attempt to forum shop and extend the State Foreclosure Action which has been pending since August 19, 2019.

### A.  Plaintiff's Allegations Are an Attack on The State Foreclosure Action

On the face of his Complaint, Plaintiff is seeking to collaterally attack the rulings in the State Foreclosure Action. Plaintiff admits as much in his Opposition by resorting to his constant refrain to the unsubstantiated allegations of fraud and TILA violations. Reason-being, Plaintiff would like this court to reverse the Order of Final Judgment entered in the State Foreclosure Action which is wholly improper as a matter of law pursuant to the *Rooker-Feldman* doctrine.

Under *Rooker-Feldman*, "federal district courts lack subject matter jurisdiction to sit in direct review of state court decisions." *Spuck v. Pa. Bd. of Prob. & Parole*, 563 F. App'x 156, 159 (3d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284

(2005)). "[A]pplication of the *Rooker-Feldman* doctrine is necessarily limited to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* (quoting *Exxon Mobil Corp.,* 544 U.S. at 280). A decision to consider, let alone grant the relief requested by Plaintiff in the instant matter would effectively undermine the decisions rendered in the State Foreclosure Action Order which granted M&T Bank's Motion for Summary Judgment and entered an Order of Final Judgment against Plaintiff.

For this reason alone, the *Rooker-Feldman* doctrine must apply to preclude this Court from adjudicating Plaintiff's claims.

Moreover, it appears that the only argument that can be gleaned from Plaintiff's Opposition papers regarding the application of the *Rooker-Feldman* doctrine is that this doctrine does not apply if there are allegations of fraud or misrepresentation. Not surprisingly, Plaintiff fails to cite any case law to support his position - nor could he - as the Third Circuit has <u>not</u> adopted a fraud exception to the *Rooker-Feldman* doctrine. As this Court recently held:

> Plaintiff . . . argues that her claims fall within the "fraud exception" to the *Rooker-Feldman* Doctrine, and therefore the Court still has jurisdiction over the matter. "Under the fraud exception, which has been embraced by the Courts of Appeal for the Sixth and Ninth Circuits, *Rooker-Feldman* does not apply when the plaintiff asserts that the 'state court judgments were procured by ... [the d]efendants through fraud, misrepresentation, or other improper means,' because such claims are "independent" of the claims brought in state court." *Campbell v. Tabas*, No. 16-6513, 2017 U.S. Dist. LEXIS 115722, 2017 WL 3142 118, at *3 (E.D. Pa. July 25, 2017) (quoting *McCormick v. Braverman*, 451 F.3d 382, 392-93 (6th Cir. 2006) and citing *Kougasian" TMSL. Inc.*, 359 F.3d 1136 (9th Cir. 2004 )). Yet, "the Second, Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits have rejected the exception as have district courts from the Fourth Circuit." *Id.* (citing appropriate cases from each of these circuits). "The Court of Appeals for the Third Circuit has not definitively weighed in on this debate, though it has discussed the exception in dicta and in nonprecedential opinions." *Id.* (explaining that the Third Circuit discussed

4

the exception "favorably" in *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159 (3d Cir. 2010) and applied it "inconsistently" in several unpublished opinions thereafter). Therefore, it is unclear whether this exception exists within the Third Circuit.

Regardless, even if the Court were to recognize the fraud exception, it does not apply here. The fraud exception to the *Rooker-Feldman* Doctrine does not protect a plaintiff's "attempt[] to overturn a state-court foreclosure judgment by cloaking his objections to the [state-court] decision in a veneer of fraud." *Kajla v. Cleary*, No. 18-15449, 2019 U.S. Dist. LEXIS 61, 2019 WL 77067, at *3 (D.N.J. Jan. 2, 2019). In other words, a plaintiff

> cannot evade *Rooker-Feldman* by arguing on appeal that he was not injured by the foreclosure judgment, but rather by [the defendant]'s purportedly fraudulent actions. [If] [t]he complaint reveals [that] the nature of [the plaintiff]'s claims against [the defendant] [is] that the [the defendant] had no right to foreclose on the property and therefore committed "criminal acts" by enforcing the foreclosure judgment [then] [t]hese claims are in essence an attack on the state court judgment of foreclosure .... [and are therefore] properly dismissed under the *Rooker-Feldman* doctrine. In re Farrington, No. 17-1775, 2019 US Dist. LEXIS 40048, 2019 WL 1149881, at *4 (D.N.J. Mar. 11, 2019) (quoting Gage v Wells Fargo Bank, N.A., 521 F. App'x 49, 51 (3d Cri. 2013)).

(*Davis v Kahn*, Civil Action No. 18-8560, 2019 US Dist. LEXIS 69408, at *12-14 (D.N.J. Apr. 24, 2019))).

Plaintiff's Complaint is nothing more than an attempt to collaterally attack the rulings issued by the state court in the State Foreclosure Action and is therefore wholly barred by the *Rooker-Feldman* doctrine. *See id.*

### B. Plaintiff's Allegations Support Abstention Under Colorado River

This Court should also dismiss the Complaint and abstain from exercising jurisdiction over this matter pursuant to the *Colorado River* abstention doctrine. In an effort to interpret and decipher the Opposition papers, it appears that Plaintiff argues that his Foreclosure Counterclaim was rejected and not considered in the State Foreclosure Action. This position is wholly irrelevant to this Court's analysis under the *Colorado River* Doctrine. Reason-being, the

*Colorado River* doctrine – unlike other abstention doctrines, or estoppel and preclusion arguments – does not require an adjudication on the merits to warrant dismissal of the present action as against M&T Bank.

Rather, to determine whether abstention is appropriate, there need only be a parallel, *pending* state proceeding that raises substantially identical claims, nearly identical allegations and issues. *See Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) (emphasis supplied). Here, this Court need only compare Plaintiff's Complaint in the present action, with the Foreclosure Counterclaim in the State Foreclosure Action to see that Plaintiff is litigating substantially identical claims, allegations and issues with M&T Bank in two (2) separate parallel pending proceedings. *See IFC Interconsult, AG v. Safeguard Int'l. Partners, LLC.*, 438 F.3d 298, 306 (3d Cir. 2006); *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997); *see also* Berg Decl., ¶¶ 18, 20 Exhs. 17, 19. Beyond recapitulating the tortured, confusing and unsubstantiated allegations of fraud and TILA rescission, Plaintiff has made no effort to rebut M&T Bank's arguments in favor of abstention in the instant litigation. As such, this Court should abstain from exercising jurisdiction over this matter.

### C. Plaintiff's Allegations Support Dismissal Under The Entire Controversy Doctrine

As set forth in M&T Bank's Motion, Plaintiff's claims are also barred by the entire controversy doctrine. Plaintiff's Complaint involves one controversy simply because the claims arise from the same "core set of facts": *i.e.*, Plaintiff's loan. Nothing prevented Plaintiff from asserting the claims he now asserts in the present action in the State Foreclosure Action.

Plaintiff's only apparent argument is that his Foreclosure Counterclaim, which he admits contains the same allegations as the present action, was not considered in the State Foreclosure

6

Action. That, of course, is not the standard as to whether the entire controversy doctrine applies: the doctrine "requires a party to bring in one action 'all affirmative claims that [it] might have against another party, including counterclaims and cross-claims,' and to join in that action 'all parties with a material interest in the controversy,' or be forever barred from bringing a subsequent action involving the same underlying facts." *Rycoline Prods.*, 109 F.3d at 885 (quoting *Circle Chevrolet Co. v. Giordano, Halleran & Ciesla, 14*2 N.J. 280 (1995)). To the extent Plaintiff's Complaint asserts claims that were not raised in the State Foreclosure Action, the entire controversy doctrine has "forever barred" him from doing so.

### D. Plaintiff Fails to Address Defendant's Remaining Arguments

This Court also lacks subject matter jurisdiction to hear Plaintiff's claims based on the First-Filed Rule, *Res Judicata* and Collateral Estoppel. Plaintiff has not raised any argument to suggest that the Complaint is anything other than an attempt to have this Court reconsider the prior decisions of the State Foreclosure Action which relate to the same controversy – i.e. the Loan.

Not only does Plaintiff fail to address M&T Bank's remaining arguments related to First-Filed Rule, *Res Judicata* and Collateral Estoppel, but Plaintiff's admission that he attempted to file the identical Foreclosure Counterclaim in the State Foreclosure Action only serves to bolster M&T Bank's argument. As set forth in M&T Bank's Motion, the "first-filed" rule is a well-settled legal doctrine, instructing that the court that first has possession of the subject matter, must decide it. *EEOC v. Univ. of Pa.*, 850 F.2d 969 (3d Cir. 1988); *see also Kahn v. GMC,* 889 F.2d 1078, 1081 (Fed. Cir. 1989). Further, *res judicata*, or claim preclusion, bars re-litigation of claims not only to all matters litigated and determined by such judgment but also as to all

7

relevant issues which could have been presented, but were not. *Culver v. Ins. Co. of N. Am.*, 115 N.J. 451, 463, 559 A.2d 400, 406 (1989).

Finally, Plaintiff's attempt to file the identical Foreclosure Counterclaim in the State Foreclosure Action confirms that Plaintiff also believed that the claims arise from the same transaction and that the State Foreclosure Action was the proper judicial forum to address those issues. Plaintiff's admission that he believed the judge in the State Foreclosure Action Court was prejudiced against him is an indication that the current action is simply an attempt to forum shop in hopes a gaining a more advantageous decision and stall the pending foreclosure.

## CONCLUSION

For these reasons and the reasons set forth in M&T Bank's Motion, M&T Bank respectfully requests that this Court enter an Order: (i) granting the instant motion, (ii) dismissing Plaintiff's Complaint as to M&T Bank with prejudice, and (iii) granting M&T Bank any such other and further relief as is just, proper, and equitable.

Respectfully submitted,

Dated: December 4, 2020

*/s/ James P. Berg*
James P. Berg, Esq.
**PARKER IBRAHIM & BERG LLP**
270 Davidson Avenue, 5th Floor
Somerset, New Jersey 08873
Telephone: (908) 725-9700
Fax: (908) 333-6230
james.berg@piblaw.com

*Attorneys for Defendant,*
M&T Bank

8