# EXHIBIT 1


Cited
As of: December 4, 2020 5:03 PM Z

# Campbell v. Tabas

United States District Court for the Eastern District of Pennsylvania

July 25, 2017, Decided; July 25, 2017, Filed

CIVIL ACTION NO. 16-6513

**Reporter**
2017 U.S. Dist. LEXIS 115722 *; 2017 WL 3142118

LEROY A. CAMPBELL v. LAUREN R. TABAS, et al.

## Core Terms

state court, mortgage, motion to dismiss, district court, allegations, conspiracy, foreclosure judgment, foreclosure action, fraud exception, assigned, default

**Counsel:** [*1] For LEROY A. CAMPBELL, Plaintiff: JOSHUA THOMAS, JOSHUA L. THOMAS & ASSOCIATES, POCOPSON, PA.

For LAUREN R. TABAS, ESQ, Defendant: CHRISOVALANTE P. FLIAKOS, LEAD ATTORNEY, PHELAN HALLINAN DIAMOND & JONES, LLP, PHILADELPHIA, PA.

For POWERS, KIRN, & JAVARDIAN, LLC, Defendant: HARRY B. REESE, LEAD ATTORNEY, POWERS KIRN & ASSOCIATES, LLC, EIGHT NESHAMINY INTERPLEX, TREVOSE, PA.

For U.S. BANK NATIONAL ASSOCIATION, PAULA LYNN LASLIE, CARRIE BRATCHER, Defendants: ALEXIS GABRIELLE COCCO, ROBERT E. WARRING, REED SMITH LLP, PHILADELPHIA, PA.

**Judges:** LAWRENCE F. STENGEL, Judge.

**Opinion by:** LAWRENCE F. STENGEL

## Opinion

### MEMORANDUM

STENGEL, J.

In our complex financial world, notes and mortgages can be assigned by one bank to another without the knowledge of the mortgagor so that, if the mortgagor defaults, he may find himself subject to suit by a party he has never heard of. That is what happened to pro se plaintiff Leroy Campbell, against whom a state court entered a foreclosure judgment. He now sues the bank that brought the action against him—U.S. Bank—along with its vice president, various lawyers, and a notary public, alleging they conspired to fabricate documents to make it appear that U.S Bank had been assigned the mortgage and [*2] note. However, he provides no grounds for his allegations and, even if he had, this court lacks jurisdiction over his claims. Therefore, as explained below, defendants' motions to dismiss are granted.

### BACKGROUND

On November 21, 2006, Mr. Campbell, along with Marcia R. Campbell, executed a note and mortgage reflecting a debt of $249,994.00 secured by real property located at 5008 Foxdale Drive, Whitehall, Pennsylvania 18052. Compl. ¶¶ 22, 24, Exs. A (Note), Ex. C (Mortgage). The recorded mortgage identified the lender as Lend America and its nominee, successors and assigns as Mortgage Electronic Registration Systems, Inc. (MERS). Id.

By August 2013, the Campbells had defaulted on their

mortgage payments and U.S. Bank filed a foreclosure action against them in state court. Id. Ex. A. U.S. Bank claimed to have been assigned the mortgage by MERS. Id. ¶ 25. This action is based on that assignment, which Mr. Campbell argues was fraudulent.

Mr. Campbell alleges a vast conspiracy to fabricate documents purporting to show an assignment so that U.S. Bank could appear to have standing to bring the state court action. He avers U.S. Bank's counsel, defendant law firm Powers, Kirn & Javardian, LLC, [*3] created false documents describing the assignment, id. ¶ 27; defendant Paula Lynn Laslie, "purporting to be" assistant secretary of MERS, signed and executed the false assignment, id. ¶ 28; and defendant Carrie Bratcher, a notary public, improperly notarized the defective assignment. Id. ¶ 30. U.S. Bank then allegedly paid Mr. Campbell's attorney not to appear in court in order to obtain a default judgment. Id. ¶ 32.

The court entered a foreclosure judgment in favor of U.S. Bank on May 15, 2015. Id. Ex. G. Mr. Campbell filed a motion to vacate the judgment. Id. ¶¶ 33, 34. When this was denied, he appealed. Id. ¶¶ 35, 36. His appeal was also denied. Id. ¶ 37. A sheriff's sale of his home was scheduled for January 27, 2017. He then filed his complaint in federal court commencing this action and requested a temporary restraining order against the sale, which was denied. Docket No. 8.

The basis for Mr. Campbell's belief in the alleged conspiracy appears to be his discovery that Lend America, Inc., from which he obtained the mortgage, was dissolved on January 26, 2011. Id. ¶¶ 26, 30, 39, Ex. D. Mr. Campbell argues that the fact that Lend America had been dissolved before its nominee/assignee, [*4] MERS, assigned the note and mortgage to U.S. Bank suggests that the assignment was invalid and procured through fraud. Id. ¶¶ 30, 39.

Mr. Campbell requests compensation for his state litigation expenses and "cloud upon title which made [his] home unmarketable." Id. ¶ 40. He brings the following claims: (1) violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.), (2) violation of the Racketeer Influence Corrupt Organizations Act (18 U.S.C. § 1961, et seq.), (3) violation of the Pennsylvania Unlawful Collection Agency Practices (18 Pa. Cons. Stat. § 7311, et seq.) and (4) civil conspiracy.

## STANDARD OF REVIEW

In order to state a claim, a pleading must contain "a short and plain statement of": 1) "the grounds of the courts' jurisdiction" and 2) "the claim showing that the pleader is entitled to relief . . . ."[1] Fed. R. Civ. P. 8(a). Before addressing a motion to dismiss, a court must first establish that it has jurisdiction over the action. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). "Without jurisdiction the court cannot proceed at all in any cause." Id.

If a court has jurisdiction, it can proceed to address whether the plaintiff has stated a claim showing entitlement to relief. Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Typically, a complaint [*5] "does not need detailed factual allegations," but must include "enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citations omitted). This "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. at 556. In reviewing a complaint, "[t]he District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). It "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. (quoting Iqbal, 556 U.S. at 679).

Because Mr. Campbell is proceeding pro se, the court "must liberally construe his pleadings, and . . . apply the applicable law, irrespective of whether [he] has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). "[H]owever inartfully pleaded," a pro se complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Unless amendment would be inequitable or futile the Court should not dismiss the complaint without allowing plaintiff leave to amend. Id. at 235 (3d Cir. 2004) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)).

---

[1] The pleading must also contain a demand for the relief sought, a requirement not at issue in this motion.

## DISCUSSION

Because Mr. Campbell asks this court to review and reject [*6] the state court foreclosure judgment, the Rooker-Feldman doctrine prevents this court from exercising jurisdiction over his claims.

Under the Rooker-Feldman doctrine, a federal district court is not permitted to act as a court of appeals for state court judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923). This doctrine applies when a party who has lost in state court brings a claim in federal court complaining of injuries "caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil, 544 U.S. at 284; In re Madera, 586 F.3d 228, 232 (3d Cir. 2009) ("The Rooker-Feldman doctrine is implicated when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual.").

Although Mr. Campbell packages his claims as violations of the FDCPA, RICO, the Pennsylvania Unlawful Collection Agency Practices, and civil conspiracy, the heart of his complaint is an attempt to obtain review of the state court foreclosure judgment. This is evident from statements in his complaint that he is seeking to challenge U.S. Bank's standing in that action, Compl. ¶ 27, as [*7] well as his damages request for "actual damages to defend the frivolous foreclosure action," and an injunction staying the scheduled auction of his home. Id. pp. 29, 31. See, e.g., Mason v. Bank of Am., N.A., No. 13-3966, 2013 U.S. Dist. LEXIS 146544, at *15 (E.D. Pa. Oct. 9, 2013) ("A request to stay any sheriff's sale resulting from the Court of Common Pleas foreclosure action is evidence persuasive to this Court that plaintiffs are seeking to overturn the state court foreclosure judgments. The Court concludes that its jurisdiction over such claims is barred under Rooker-Feldman.").

Mr. Campbell argues that there is a fraud exception to the Rooker-Feldman doctrine that applies to his claims.[2]

Under the fraud exception, which has been embraced by the Courts of Appeal for the Sixth and Ninth Circuits, Rooker-Feldman does not apply when the plaintiff asserts that the "state court judgments were procured by . . . [the d]efendants through fraud, misrepresentation, or other improper means," because such claims are "independent" of the claims brought in state court. McCormick v. Braverman, 451 F.3d 382, 392-93 (6th Cir. 2006); see also Kougasian v. TMSL, Inc., 359 F.3d 1136 (9th Cir. 2004).[3] However, the Second,[4] Fifth,[5] Seventh,[6] Eighth,[7] Tenth,[8] and

---

[2] He relies on a law review article by Steven N. Baker, The Fraud Exception to the Rooker-Feldman Doctrine: How it Almost Wasn't (and [*8] Probably Shouldn't Be), 5 Fed. Cts. L. Rev. 139 (2011). To his credit, Mr. Campbell, acting pro se, has uncovered this helpful article. See Pl. Opp. Mot. to Dismiss p. 15-16. However, the portion he quotes (unfortunately without quotation marks or a citation) is actually meant as a criticism of the fraud exception by showing that it undermines the principle at the center of the Rooker-Feldman doctrine. In the portion, Professor Baker discusses Goddard v. Citibank, No. 04-CV-5317, 2006 U.S. Dist. LEXIS 19651, at *17-18 (E.D.N.Y. Mar. 27, 2006), a case in which the court applied the fraud exception and exercised jurisdiction over the plaintiff's claim that a state foreclosure judgment was obtained through fraud. Baker, supra, at 151. Baker argues the case "demonstrates what a fraud exception to Rooker-Feldman really means. It means a state court can decide an issue of quintessential state interest—the validity of a mortgage and the lender's foreclosure process, both creatures of state law—and that a federal district court can then sit as a quasi-appellate court for that state court, reviewing the strength of the evidence presented to the state court and the soundness of the state court's legal reasoning and holding." Id. This is not meant—as Mr. Campbell has taken it—to be a sincere summary of the state of the law; rather, it is meant to reveal the fundamental problems with recognizing a fraud exception.

[3] The first case to recognize this exception was In re Sun Valley Foods Co., 801 F.2d 186 (6th Cir. 1986). In that case, the Court of Appeals for the Sixth Circuit imported the well-recognized exception to res judicata based on fraud into the Rooker-Feldman doctrine, without acknowledging that it was departing from precedent. Baker, supra, at 144-51 ("Indeed, one is left with the impression that the court simply made a mistake.").

[4] Johnson v. Smithsonian Inst., 189 F.3d 180, 187 (2d Cir. 1999); Kropelnicki v. Siegel, 290 F.3d 118, 128 (2d Cir. 2002); but see Goddard, 2006 U.S. Dist. LEXIS 19651, at *17-18.

[5] Williams v. Liberty Mut. Ins. Co., No. 04-30768, 2005 U.S. App. LEXIS 5660, at *4 (5th Cir. Apr. 7, 2005); but see Hampton v. Segura, No. 1:05-cv-329, 2007 U.S. Dist. LEXIS 48830, at *4 (N.D. Miss. July 5, 2007).

[6] Although the Seventh Circuit cases are somewhat ambiguous on the fraud exception, recent cases have refused

Eleventh Circuits[9] have rejected the exception, as have district courts from the Fourth Circuit.[10]

The Court of Appeals for the Third Circuit has not definitively weighed in on this debate, though it has discussed the exception in dicta and in nonprecedential opinions. In Great Western Mining & Mineral Co. v. Fox Rothschild LLP, it discussed the exception favorably, describing the Sixth Circuit's decision in McCormick v. Braverman. 615 F.3d 159, 167 (3d Cir. 2010). It did not, however, apply the exception. When it has applied the exception, it has done so in nonprecedential opinions, and inconsistently. In Pondexter v. Allegheny County Housing Authority, the Court of Appeals mentioned that the plaintiff's claim that the defendant committed fraud in state court "by misleading the court regarding the amount of rent he owed" was not barred by Rooker-Feldman because it did not "allege harm caused by a state court judgment, but instead challenge[d] the manner in which the state court judgment was procured." 329 F. App'x 347, 350 (3d Cir. 2009); see also Conklin v. Anthou, 495 F. App'x 257, 262 (3d Cir. 2012) ("[Plaintiff] is not prevented [by Rooker-Feldman] from otherwise attacking the [*9] parties to the foreclosure proceedings or alleging that the methods and evidence employed were the product of fraud or conspiracy, regardless of whether his success on those claims might call the veracity of the state-court judgments into question."); Gray v. Martinez, 465 F. App'x 86, 89 n.4 (3d Cir. 2012) ("Were the financial defendants to have engaged in fraud, collusion, or other malfeasance in securing foreclosure, Rooker-Feldman would not prevent the exercise of jurisdiction simply because relief would cast doubt on the state-court judgment."). But in Ayres-Fountain v. Eastern Savings Bank, which was similarly nonprecedential, the court refused to apply the exception. 153 F. App'x 91, 92-93 (3d Cir. Oct. 27, 2005) (holding that plaintiff's federal court action seeking rescission of a mortgage note and award of damages based on fraud was barred by the Rooker-Feldman doctrine because relief in her favor would invalidate the default judgment entered against her in a state foreclosure action).

Although the district courts in our circuit have different opinions on the fraud exception, the balance appears to be against the exception. See, e.g., Mason, 2013 U.S. Dist. LEXIS 146544, at *15; Stoss v. Singer Fin. Corp., No. 08-5968, 2010 U.S. Dist. LEXIS 16514, at *10-11 (E.D. Pa. Feb. 24, 2010); Klein v. United States, 2012 U.S. Dist. LEXIS 36572, at *37-41 (M.D. Pa. Feb. 13, 2012); Lawrence v. Emigrant Mortg. Co., No. 11-3569 (ES), 2012 U.S. Dist. LEXIS 47020, at *27 (D.N.J. Mar. 30, 2012); but see Jackson v. Rohm & Haas Co., No. 03-5299, 2005 U.S. Dist. LEXIS 13195, at *14 (E.D. Pa. June 30, 2005); Mohammed v. Wells Fargo N.A., No. 3:15-cv-00403, 2016 U.S. Dist. LEXIS 3706, at *17-18 (M.D. Pa. Jan. 11, 2016).

This court will not exercise jurisdiction over Mr. Campbell's claims under [*10] the fraud exception to the Rooker-Feldman doctrine. Applying it here would be inconsistent with 28 U.S.C. § 1257, which provides exclusive Supreme Court jurisdiction over appeals from state courts and does not include a fraud exception for lower courts. It would also run afoul of the principles of federalism that form the doctrine's basis. Exxon Mobil, 544 U.S. at 284-85. Rather, "whether a state court judgment should be subject to collateral attack or review is an issue best left to the state courts." Fielder, 188 F.3d at 1035-36. State rules of procedure generally provide their own means of attacking a wrongfully obtained judgment. See West, 213 Fed. Appx. at 674 n.3. Relevant here, Pennsylvania allows a party to challenge a final judgment where "there has been fraud or some other circumstance so grave or compelling as to constitute 'extraordinary cause' justifying intervention by the court." Simpson v. Allstate Ins. Co., 350 Pa. Super. 239, 504 A.2d 335, 337 (Pa. Super. Ct. 1986).

In any event, Mr. Campbell's claims would fail even if his complaint, liberally construed, fell within this court's

---

to apply it. Kelley v. Med-1 Solutions, LLC, 548 F.3d 600, 605 (7th Cir. 2008); Taylor v. Fannie Mae, 374 F.3d 529, 533 (7th Cir. 2004); but see Long v. Shorebank Dev. Corp., 182 F.3d 548, 556 (7th Cir. 1999).

[7] Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1035-36 (8th Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Servs. Inc., 545 U.S. 546, 560-61, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005).

[8] Myers v. Wells Fargo Bank, N.A., No. 16-6316, 685 Fed. Appx. 679, 2017 U.S. App. LEXIS 6852, at *5 (10th Cir. Apr. 20, 2017).

[9] Scott v. Frankel, No. 14-14262, 606 F. App'x 529, 532 n.4 (11th Cir. 2015); see also Grant v. Countrywide Home Loans, Inc., No. 1:08-cv-1547-RWS, 2009 U.S. Dist. LEXIS 51031, at *10-11 (N.D. Ga. May 20, 2009).

[10] Nelson v. Levy Ctr., LLC, No. 9:11-1184-SB-BHH, 2016 U.S. Dist. LEXIS 44888, at *20 (D.S.C. Mar. 29, 2016); Wise v. Toal, No. 6:09-00495-HFF-WMC, 2009 U.S. Dist. LEXIS 49848, at *3-4 (D.S.C. June 8, 2009); Patterson v. AutoZone Auto Parts, Inc., No. 0:10-2438-MBS, 2011 U.S. Dist. LEXIS 10727, at *15-17 (D.S.C. Feb. 3, 2011).

jurisdiction because he has not articulated sufficient facts to state a claim upon which relief could be granted. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 225 (3d Cir. 2011). First, he alleges fraud, which must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. But Mr. Campbell does not provide any allegations from which one could conclude that the assignment [*11] of the mortgage and note to U.S. Bank was fraudulent; Lend America's dissolution before the assignment does not suggest that the assignment between MERS and U.S. Bank was invalid. Second, his FDCPA claim is brought outside the one-year statute of limitations, as the judgment in state court was entered one year and eight months before he filed this action. Compl. Ex. G. Third, his other claims—under RICO, the Pennsylvania Unlawful Collection Agency Practices Act, and civil conspiracy—fail to state a claim for numerous reasons, among them that Mr. Campbell has not alleged any injury as a result of the allegedly improper assignment. See, e.g., In re Walker, 466 B.R. 271, 285-86 (Bankr. E. D. Pa. 2012) ("If a borrower cannot demonstrate potential injury from the enforcement of the note and mortgage by a party acting under a defective assignment, the borrower lacks standing to raise the issue."); Ira G. Steffy & Son, Inc. v. Citizens Bank of Pa., 2010 PA Super 175, 7 A.3d 278, 287-88 (Pa. Super. Ct. 2010) (a plaintiff does not have standing to challenge alleged misconduct if a plaintiff is not a party to or third-party beneficiary of the contract that is the basis for a plaintiff's claims); Maio v. AETNA, Inc., 221 F.3d 472, 482-83 (3d Cir. 2000) (holding that, in order to show a RICO violation, a plaintiff must show both that he was injured and that the defendant's conduct caused the injury). Mr. Campbell [*12] does not show that he suffered any injury as a result of the allegedly fraudulent assignment. He does not challenge the state court's finding that he was in default on his debt; thus, presumably had U.S. Bank not misrepresented the existence of an assignment (as alleged), MERS could have brought the foreclosure action and prevailed.

Because Mr. Campbell's pleadings do not include any allegations suggesting he could conceivably establish subject matter jurisdiction or a claim upon which relief could be granted, the Court finds that any amendment of his claims would be futile. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (finding that "futility" may "justify a denial of leave to amend"). Accordingly, I will dismiss Mr. Campbell's complaint with prejudice.

An appropriate Order follows.

**ORDER**

**AND NOW**, this 25th day of July, 2017, upon consideration of the following motions to dismiss pro se plaintiff Leroy A. Campbell's complaint:

1. Motion to dismiss by defendants Powers, Kirn & Javardian, LLC, and Richard J. Nalbandian, III (Docket. No. 3 and the amended motion, Docket No. 7);

2. Motion to dismiss by defendant Lauren R. Tabas (Docket No. 5); and

3. Motion to dismiss by defendants Carrie Bratcher, Paula Lynn Laslie, and U.S. Bank [*13] National Association (Docket No. 9);

and considering plaintiff Leroy Campbell's response in opposition to these motions (Docket No. 11), **IT IS HEREBY ORDERED** that the motions are **GRANTED** and plaintiff's complaint is **DISMISSED**.

The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Lawrence F. Stengel*

LAWRENCE F. STENGEL, J.

End of Document