# **EXHIBIT 3**


Positive
As of: December 4, 2020 5:06 PM Z

# *Farrington v. U.S. Bank Trust, N.A. (In re Farrington)*

United States District Court for the District of New Jersey

March 11, 2019, Decided; March 11, 2019, Filed

Civil Action No. 18-8573 (JLL)

**Reporter**
2019 U.S. Dist. LEXIS 40048 *; 2019 WL 1149881

IN RE: ROBYN JILL FARRINGTON, Debtor.ROBYN JILL FARRINGTON, Appellant, v. U.S. BANK TRUST, N.A., as trustee for LSF9 Master Participation Trust, et al., Appellees.

**Notice:** NOT FOR PUBLICATION

**Subsequent History:** Affirmed by *Farrington, 2020 U.S. App. LEXIS 1215 (3d Cir., Jan. 14, 2020)*

**Prior History:** [*1] Bankruptcy No. 17-26505 (JKS). Adv. No. 17-1775 (JKS).

## Core Terms

mortgage, final judgment, foreclosure action, motion to dismiss, bankruptcy court, allegations, res judicata, entitlement, foreclosure judgment, district court, state court, invalidate, facial, prongs

**Counsel:** For ROBYN JILL FARRINGTON, Appellant: AARON MIZRAHI, LEAD ATTORNEY, MIZRAHI WARREN & WHITE LLP, ORANGE, NJ.

For US. BANK TRUST, N.A., as trustee for LSF9 Master Participation Trust, Appellee: JOY HARMON SPERLING, LEAD ATTORNEY, DAY PITNEY LLP, Parsippany, NJ; RACHEL G. PACKER, LEAD ATTORNEY, PARKER IBRAHIM & BERG LLP, SOMERSET, NJ; STEPHEN ROBERT CATANZARO, LEAD ATTORNEY, DAY PITNEY LLP, PARSIPPANY, NJ.

For LSF9 MASTER PARTICIPATION TRUST, CALIBER HOME LOANS INC., Appellees: JOY HARMON SPERLING, LEAD ATTORNEY, DAY PITNEY LLP, Parsippany, NJ.

**Judges:** JOSE L. LINARES, Chief United States District Judge.

**Opinion by:** JOSE L. LINARES

## Opinion

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Appellant Robyn Jill Farrington's Notice of Appeal of the Bankruptcy Court's Order granting the Motion to Dismiss Appellant's Adversary Complaint with prejudice. (ECF No. 1). Appellees U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust ("US Bank"), LSF9 Master Participation Trust ("LSF9"), and Caliber Home Loans Inc. ("Caliber") submitted opposition to the appeal. (ECF No. 16). Appellant did not file a reply within the time provided by this [*2] Court, (see ECF Nos. 7, 11), the Federal Rules of Civil Procedure, the Local Civil Rules, or the Federal Rules of Bankruptcy Procedure. The Court has considered the parties'

Case 3:20-cv-12827-MAS-DEA   Document 14-4   Filed 12/04/20   Page 3 of 7 PageID: 448

Page 2 of 6
2019 U.S. Dist. LEXIS 40048, *2

submissions and decides this matter without oral argument, pursuant to *Federal Rule of Civil Procedure 78*. For the reasons set forth below, the Court denies Appellant's appeal and affirms the Bankruptcy Court's Order.

## I. BACKGROUND [1]

### A. The Mortgage and Assignments

On July 7, 2006, Appellant obtained a $637,500 loan from Washington Mutual Bank, FA ("Washington"), which was secured by way of a mortgage on the property located at 530 Summit Avenue, Westfield, New Jersey 07090. (ECF No. 12-6 at Ex. A). On July 19, 2006, this transaction was recorded with the Office of the Clerk of Union County. (*Id.*).

On approximately December 23, 2014, the Federal Deposit Insurance Corporation, as a receiver of Washington, conducted the "First Assignment" by assigning the mortgage to JPMorgan Chase Bank, N.A. ("Chase"). (*Id.* at Ex. B). On or around the same date as the First Assignment, Chase conducted the "Second Assignment" by assigning the mortgage to Appellee LSF9. (*Id.* at Ex. C). Both the First and Second Assignments were recorded with the Office of the Clerk of [*3] Union County on May 28, 2015. (*Id.* at Exs. B, C). On or about November 19, 2015, Appellee LSF9 conducted the "Third Assignment" by assigning the mortgage to Appellee US Bank. (*Id.* at Ex. D). On December 8, 2015, the Third Assignment was recorded with the Office of the Clerk of Union County. (*Id.*). Appellee Caliber serviced the loan for Appellee US Bank. (ECF No. 12-3 at Ex. A ¶ 13).

### B. The State Court Foreclosure Action

On January 12, 2016, Appellee US Bank brought a foreclosure action in the Superior Court of New Jersey, Union County, due to Appellant's failure to make payments on the loan. (ECF No. 12-6 at Ex. E). Appellant did not respond to the Foreclosure Action, and the Superior Court entered default against Appellant. (*Id.* at Ex. F). On September 7, 2016, Appellee US Bank moved for final judgment. (*Id.* at Ex. G). On September 23, 2016, Appellant filed a cross-motion opposing the entry of final judgment and requesting that the default be vacated. (ECF No. 12-7 at Ex. H). After hearing oral argument on the motion for final judgment and cross-motion in opposition, the Superior Court adjourned said motions until May 2017 and allowed Appellant to submit additional support for her arguments. [*4] (ECF No. 12-6 ¶ 14).

Appellant filed an additional certification in opposition to the entry of final judgment in May 2017. (ECF No. 12-7 at Ex. J). In her certification, Appellant argued, among other things, that Appellee US Bank lacked standing to bring the Foreclosure Action because the mortgage was allegedly sold by Washington before the First Assignment, thereby invalidating all of the abovementioned assignments, including the Third Assignment to Appellee US Bank. (*Id.* at Ex. J ¶¶ 6-12). In May 2017, upon receiving this certification and Appellee US Bank's response, the Superior Court issued an order denying Plaintiffs cross-motion and a separate order entering final judgment in favor of Appellees. (*Id.* at Exs. L, M). In entering final judgment, the Superior Court ordered that: (1) Appellee US Bank was entitled to payment out of the mortgaged property; (2) the mortgaged property would be sold to satisfy the money due to Appellee US Bank; and (3) Appellant was "absolutely debarred and foreclosed of and from all equity of redemption of, in, and to" the mortgaged property. (*Id.* at Ex. M, p. 4).

In June 2017, Appellant filed with the Superior Court a motion to stay and or vacate the [*5] final judgment, and again raised the argument that Appellee US Bank did not have standing to bring the Foreclosure Action because Washington sold the loan prior to the First Assignment. (*Id.* at Ex. P ¶ 25). The Superior Court heard oral argument on Plaintiffs motion and, on or around June 23, 2017, denied same. (*Id.* at Ex. Q).

### C. The Underlying Bankruptcy Action

On August 14, 2017, Appellant filed a Chapter 13 petition with the Bankruptcy Court. (ECF No. 12-3 at Ex. A ¶ 50). On December 18, 2017, Appellant commenced an adversary proceeding in Bankruptcy Court, which sought:

> (a) [a] declaratory judgment determining that Defendants lack standing to assert and/or enforce liens against any property in Plaintiffs bankruptcy estate and or debts against Plaintiff; (b) to invalidate Defendants' actual and/or purported liens

---

[1] This background is derived from the Bankruptcy Record which the parties have designated and submitted to this Court. (ECF Nos. 6, 12-2-12-14).

against property in Plaintiffs bankruptcy estate; and (c) to disallow and/or preemptively disallow Defendants' filed and or unfiled claims.

(*Id.* at Ex. A ¶ 1).

In her request for declaratory judgment, Appellant again alleged that Washington sold the mortgage and loan prior to the time of the First Assignment, and that Appellees therefore did not have a valid claim of entitlement [*6] or standing to collect on the mortgage and loan. (*Id.* at Ex. A ¶ 59).

On February 23, 2018, Appellees moved to dismiss Appellant's Adversary Complaint, pursuant to *Federal Rules of Civil Procedure 12(b)(1)* and *12(b)(6)*. (ECF No. 12-5). In their Motion to Dismiss, Appellees argued among other things that Appellant's claims are precluded under the *Rooker-Feldman* doctrine, because final judgment was already entered in favor of Appellees during the Foreclosure Action on the claims being asserted by Appellant. (*Id.* at 7-11). Specifically, Appellees argued that Appellant was seeking to undo the Superior Court's final judgment by having the Bankruptcy Court invalidate Appellees' lien on the property and claim of entitlement to collect on the mortgage and loan. (*Id.* at 10). Appellees also argued, among other things, that Appellant's claims were barred by the entire controversy doctrine and res *judicata*. (*See generally id.*). On April 12, 2018, the Bankruptcy Court issued an Order granting Appellees' Motion and dismissing Appellant's Adversary Complaint with prejudice. (ECF No. 12-13).

### D. This Appeal

Accordingly, on or around April 26, 2018, Appellant filed this appeal of the Bankruptcy Court's Order granting Appellees' Motion to Dismiss Appellant's Adversary Complaint [*7] with prejudice. (ECF No. 1). Appellant argues that the Bankruptcy Court misapplied the law and abused its discretion when it determined that Appellant's Adversary Complaint was barred by, among other things, the *Rooker-Feldman* doctrine and *res judicata*. (*See generally* ECF No. 12).

## II. LEGAL STANDARD

### A. Standard of Review

"The proper standard of review to be applied by a district court when reviewing a ruling of a bankruptcy court is determined by the nature of the issues presented on appeal." *In re Beers, No. 09-1666, 2009 U.S. Dist. LEXIS 111218, 2009 WL 4282270, at *3 (D.N.J. Nov. 30, 2009)* (quoting *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm., 321 B.R. 147, 157 (D.N.J. 2005))*, aff'd, *399 F. App'x 748 (3d Cir. 2010)*. Specifically, this Court "review[s] the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare Sys., Inc., 396 F.3d 247, 249 (3d Cir. 2005)* (quoting *In re Trans World Airlines, Inc., 145 F.3d 124, 130-31 (3d Cir. 1998))*.

In the appeal currently before this Court, there does not appear to be any dispute regarding the factual record relied on by the Bankruptcy Court. Instead, Appellant takes issue with the legal conclusions reached by the Bankruptcy Court in granting Appellees' Motion to Dismiss, which the Court shall review *de novo*. *See In re JOL Advisors, Inc., No. 15-7912, 2017 U.S. Dist. LEXIS 28317, 2017 WL 772912, at *7 (D.N.J. Feb. 28, 2017)* (applying a *de novo* standard of review to a bankruptcy court's grant of a motion to dismiss).

### B. Subject Matter Jurisdiction

Under *Federal Rule of Civil Procedure 12(b)(1)*, a defendant may move to dismiss a complaint [*8] for lack of subject matter jurisdiction. The plaintiff, as the party asserting jurisdiction, bears the burden of establishing that a federal court has authority to hear the matter. *Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)*. An attack under *Federal Rule of Civil Procedure 12(b)(1)* may assert either a factual or facial challenge to the Court's jurisdiction. *See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006)*; *Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)*. When a defendant facially attacks the Court's jurisdiction, this type of challenge contests the adequacy of the language used in the pleading. *Gould Elecs. Inc., 220 F.3d at 176*. Therefore, the Court must construe the pleadings in the light most favorable to the plaintiff and presume all well-pleaded factual allegations in the complaint as true. *Id.* Alternatively, when bringing a factual attack, the defendant contends that the facts on which the plaintiffs allegations rely are not true, and therefore the plaintiffs allegations do not benefit from a presumption of truthfulness. *Id.*

Here, Appellees are asserting a facial attack on the

Bankruptcy Court's subject matter jurisdiction, and the Court shall therefore consider the allegations in the light most favorable to Appellant. *See JOL Advisors, Inc., 2017 U.S. Dist. LEXIS 28317, 2017 WL 772912, at \*7* (determining that a challenge under the *Rooker-Feldman* doctrine was a facial attack); *see also Frame v. Lowe, No. 09-2673, 2010 U.S. Dist. LEXIS 10494, 2010 WL 503024, at \*5-6 (D.N.J. Feb. 8, 2010)* (same).

### C. Failure to State a Claim

To withstand a motion to dismiss [*9] for failure to state a claim, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quoting *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly, 550 U.S. at 556*). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly, 550 U.S. at 556*).

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the Court must: (1) "tak[e] note of the elements [the] plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016)* (quotations and citations omitted). "In deciding a *Rule 12(b)(6)* motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, [*10] as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)*.

### III. ANALYSIS

#### A. The *Rooker-Feldman* Doctrine

In their Motion to Dismiss filed before the Bankruptcy Court and in their opposition to this appeal, Appellees argued that Appellant's Adversary Complaint is barred by the *Rooker-Feldman* doctrine. (ECF No. 12-5 at 7-11; ECF No. 16 at 11-22).

Under the *Rooker-Feldman* doctrine, a federal district court is barred from hearing cases "that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010)*. Put another way, a suit is barred under the *Rooker-Feldman* doctrine where "a favorable decision in federal court would require negating or reversing the state-court decision." *Id. at 170 n.4* (citations omitted). The Third Circuit has repeatedly and explicitly held that federal courts are barred by the *Rooker-Feldman* doctrine from providing relief that would overturn a state court foreclosure decision. *See, e.g., Gage v. Wells Fargo Bank, NA AS, 521 F. App'x 49, 51 (3d Cir. 2013)*; *Manu v. Nat'l City Bank of Ind., 471 F. App'x 101, 105 (3d Cir. 2012)*; *Moncrief v. Chase Manhattan Mortg. Corp., 275 F. App'x 149, 152-53 (3d Cir. 2008)*; *Ayres-Fountain v. E. Sav. Bank, 153 F. App'x 91, 92 (3d Cir. 2005)*.

In order for the *Rooker-Feldman* doctrine to apply, four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [*11] [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co., 615 F.3d at 166* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005))*. "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim" and these requirements are "closely related." *Id. at 166, 168*.

The first and third prongs are clearly met in the instant action. In or around May 2017, Appellant was the losing party in the Foreclosure Action in the Superior Court of New Jersey. Appellant did not file the Bankruptcy Action until August 2017 and did not file her Adversary Complaint in the Bankruptcy Court until December 2017, *i.e.*, several months after the Superior Court entered final judgment against Appellant. (*See* ECF No. 12-3 at Ex. A; ECF No. 12-7 at Ex. M).

The second and fourth prongs are also satisfied here. The Third Circuit previously addressed a case that is informative to the Court's current decision. In *Gage, 521*

F. App'x at 50, the plaintiff "defaulted on his mortgage, and [the defendant] Wells Fargo subsequently filed a foreclosure complaint in state court" which ruled in Wells Fargo's favor. The plaintiff in Gage [*12] subsequently filed a complaint in federal court, claiming in part that the foreclosure judgment was invalid because Wells Fargo "had no right to foreclose on the property." Id. The District Court granted Wells Fargo's motion to dismiss and held that the claims were barred under the Rooker-Feldman doctrine. Id. at 50 51. In affirming the District Court's decision, the Third Circuit held that all four prongs of the Rooker-Feldman test were satisfied and stated that:

> Gage cannot evade Rooker-Feldman by arguing on appeal that he was not injured by the foreclosure judgment, but rather by Wells Fargo's purportedly fraudulent actions. The complaint reveals the nature of Gage's claims against Wells Fargo: that the bank had no right to foreclose on the property and therefore committed "criminal acts" by enforcing the foreclosure judgment (Counts I and IV). These claims are in essence an attack on the state court judgment of foreclosure. Furthermore, an aspect of the relief that Gage requests—to have the deed to the property restored to him—makes it abundantly clear that he seeks to overturn the foreclosure judgment. Accordingly, the claims against Wells Fargo were properly dismissed under the Rooker-Feldman [*13] doctrine.

Id. at 51.

The Court reaches a similar conclusion here. As to the second prong, even when viewed in a light most favorable to Appellant, the Adversary Complaint effectively alleges injuries caused by the Superior Court's entry of final judgment in the Foreclosure Action. Specifically, Appellant alleges that: (1) Appellees did not have any entitlement to collect on the mortgage; (2) Appellees therefore did not have standing to collect on the mortgage and loan; (3) Appellees nevertheless enforced a false claim of entitlement and attempted to collect on the mortgage and loan; and (4) Appellees' attempt to collect on the mortgage and loan deprived Appellant of title to her property. Despite Appellant's argument to the contrary, (ECF No. 12 at 21-29), the Court finds that these allegations relating to Appellees' entitlement and standing to collect on the mortgage and loan cannot be viewed independently of the Foreclosure Action, because said allegations "are in essence an attack on the state court judgment of foreclosure." Gage, 521 F. App'x at 51 (concluding same).

Moreover, as relevant to the fourth prong, adjudicating Appellant's claims would require this Court to impermissibly engage in appellate review of the [*14] Foreclosure Action. In particular, granting Appellant's request for a declaratory judgment that Appellees do not have entitlement or standing to collect on the mortgage and loan would necessarily challenge the validity of the Superior Court's entry of final judgment ordering that Appellees are entitled to collect on the loan of the mortgaged property. "This type of action is exactly what Rooker-Feldman is meant to prevent: an attempt to invalidate the final judgment of foreclosure and various other orders from a state court action in a separate federal court action." Willoughby v. Zucker, Goldberg & Ackerman, LLC, No. 13-7062, 2014 U.S. Dist. LEXIS 81976, 2014 WL 2711177, at *4 (D.N.J. June 16, 2014). Accordingly, the Court finds that the Bankruptcy Court correctly held that Appellant's Adversary Complaint is barred by the Rooker-Feldman doctrine, and hereby affirms the Bankruptcy Court's Order dismissing same.

### B. *Res Judicata*

The Court finds in the alternative that res judicata precludes Appellant's claims. Res judicata, or claim preclusion, bars all claims that were brought, or that could have been brought, in a prior proceeding. In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008). Res judicata requires "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action." [*15] Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. - Pension Fund v. Centra, 983 F.2d 495, 504 (3d Cir. 1992) (citing United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984)).

1. First and Second Element

The first and second elements of res judicata are easily met in this case. As to the first element, the Superior Court entered final judgment against Appellant in the Foreclosure Action after both parties had an opportunity to litigate the questions of whether or not Appellant were entitled to collect on the mortgage and had standing to bring the case. Specifically, the Superior Court considered the issue of Appellees' entitlement and standing to collect on the mortgage and loan on at least two occasions: (1) in Appellant's May 2017 certification in opposition to final judgment; and (2) in Appellant's subsequent motion to stay and or vacate the final judgment. As to the second element, Appellant and Appellees concede that they were parties to both the

Foreclosure and Bankruptcy Actions. (ECF No. 12 at 33; ECF No. 16 at 24).

2. Third Element

The Court also finds that the third element of *res judicata* is met in this case. To show that two cases arise from the same cause of action, the Court must find "an essential similarity of the underlying events" of both cases. *Athlone Indus., Inc., 746 F.2d at 984*. In order to make this [*16] determination, the Court looks for similarities in the acts complained of and the facts alleged, the relief being sought, the theory of recovery, and the evidence necessary for trial. *Id.* (citations omitted).

In applying these factors, the Court has compared the Bankruptcy Action with the Foreclosure Action and finds that the underlying events of the cases are substantially similar. In particular, both actions sought to resolve the issue of Appellees' ability to collect on the mortgage and loan. Moreover, Appellant relied on the same argument in both the Foreclosure Action and Bankruptcy Action, *i.e.*, that Appellees were not entitled to collect on the mortgage and loan, and therefore did not have standing to collect on same. This argument was necessarily rejected by the Superior Court when it denied Appellant's Cross-Motion and entered final judgment in favor of Appellees. Accordingly, the Court finds that all three elements of *res judicata* are met in this case and therefore shall affirm the Bankruptcy Court's Order alternatively dismissing Appellant's Adversary Complaint on this basis.[2]

### IV. CONCLUSION

For the aforementioned reasons, the Court denies Appellant's [*17] appeal and affirms the Order of the Bankruptcy Court granting Appellees' Motion to Dismiss Appellant's Adversary Complaint. An appropriate Order follows this Opinion.

Dated: March 11th, 2019.

/s/ Jose L. Linares

**JOSE L. LINARES**

Chief Judge, United States District Court

### ORDER

This matter comes before the Court by way of Appellant Robyn Jill Farrington's Notice of Appeal of the Bankruptcy Court's Order granting Appellees U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, LSF9 Master Participation Trust, and Caliber Home Loans Inc.'s Motion to Dismiss Appellant's Adversary Complaint with prejudice. (ECFNo. 1). For the reasons expressed in the Court's corresponding Opinion,

**IT IS** on this 11th day of March, 2019,

**ORDERED** that Appellant's Appeal of the Bankruptcy Court's Order granting Appellees' Motion to Dismiss Appellant's Adversary Complaint with prejudice, (ECF No. 1), is hereby DENIED; and it is further

**ORDERED** that the Bankruptcy Court's Order granting Appellees' Motion to Dismiss Appellant's Adversary Complaint with prejudice is hereby AFFIRMED; and it is further

**ORDERED** that this case shall be marked CLOSED.

/s/ Jose L. Linares

**JOSE L. LINARES**

Chief Judge, United States District [*18] Court

---

End of Document

---

[2] As the Court has determined that Appellant's Adversary Complaint is barred by the *Rooker-Feldman* doctrine and *res judicata*, the Court need not address Appellant and Appellees' remaining arguments.