# EXHIBIT 4


Positive
As of: December 4, 2020 5:15 PM Z

# *Kajla v. Cleary*

United States District Court for the District of New Jersey

January 2, 2019, Decided; January 2, 2019, Filed

Civ. No. 18-15449

**Reporter**
2019 U.S. Dist. LEXIS 61 *; 2019 WL 77067

AJAY KAJLA, Plaintiff, v. HONORABLE PATRICIA D. BUENO CLEARY, HONORABLE GLENN GRANT, HONORABLE JOSE L. FUENTES, HONORABLE ELLEN L. KOBLITZ, HONORABLE DOUGLAS M. FASCIALE, HONORABLE JOHN C. KENNEDY, HONORABLE SUSAN L. REISNER, HONORABLE KATIE A. GUMMER, HONORABLE STUART RABNER, and OFFICE OF FORECLOSURE, Defendants.

**Notice:** NOT FOR PUBLICATION

**Subsequent History:** Reconsideration denied by *Kajla v. Cleary, 2019 U.S. Dist. LEXIS 15875 (D.N.J., Jan. 30, 2019)*

Affirmed by *Kajla v. Cleary, 2020 U.S. App. LEXIS 23080 (3d Cir. N.J., July 23, 2020)*

**Prior History:** *Kajla v. Cleary, 2018 U.S. Dist. LEXIS 202539 (D.N.J., Nov. 29, 2018)*

## Core Terms

state-court, foreclosure, state court, district court, judgments, proceedings, lienholder

**Counsel:** [*1] AJAY KAJLA, Plaintiff, Pro se, COLTS NECK, NJ.

For HON. PATRICIA D. BUENO CLEARY, Retired Judge, HON. GLENN GRANT, Judge, HON. JOSE L. FUENTES, Judge, HON. ELLEN L. KOBLITZ, Judge, HON. DOUGLAS M. FASCIALE, Judge, HON. JOHN C. KENNEDY, Judge, HON. SUSAN L. REISNER, Judge, HON. KATIE A. GUMMER, Judge, HON. STUART RABNER, Chief Justice, OFFICE OF FORECLOSURE, N.J. Superior Court, Defendants: JOHN FRANCIS REGINA, LEAD ATTORNEY, OFFICE OF THE ATTORNEY GENERAL DIVISION OF LAW, TRENTON, NJ.

**Judges:** ANNE E. THOMPSON, UNITED STATES DISTRICT JUDGE.

**Opinion by:** ANNE E. THOMPSON

## Opinion

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter comes before the Court on the Motion to Dismiss for Lack of Jurisdiction brought by Defendants Honorable Patricia D. Bueno Cleary, Honorable Glenn Grant, Honorable Jose L. Fuentes, Honorable Ellen L. Koblitz, Honorable Douglas M. Fasciale, Honorable John C. Kennedy, Honorable Susan L. Reisner, Honorable Katie A. Gummer, Honorable Stuart Rabner, and the Office of Foreclosure of the New Jersey

Superior Court (collectively, "Defendants"). (ECF No. 10.) Plaintiff Ajay Kajla ("Plaintiff") opposes. (ECF No. 11.) The Court has decided the Motion after considering the parties' written submissions without oral [*2] argument pursuant to *Local Civil Rule 78.1(b)*. For the following reasons, Defendant's Motion is granted, and the Complaint is dismissed. Consideration of this matter is barred by the *Rooker-Feldman* doctrine.

## BACKGROUND

Plaintiff brings this action alleging that his "home was foreclosed upon illegally and fraudulently." (Compl. ¶ 5.1, ECF No. 1.) In 2005, Plaintiff obtained a loan and offered his home as security for the loan. *U.S. Bank Nat'l Ass'n v. Kajla, 2016 N.J. Super. Unpub. LEXIS 2131, 2016 WL 5210609, at *1 (N.J. Super. Ct. App. Div. Sept. 22, 2016)*, cert. denied *Kajla v. U.S. Bank Nat'l Ass'n, 138 S. Ct. 120, 199 L. Ed. 2d 32 (2017)*. Plaintiff eventually defaulted on this loan sometime in 2007, and the lienholder filed a foreclosure complaint on December 7, 2007. (Compl. ¶ 5.4; Defs.' Br. at 1-2, ECF No. 10-3.) Plaintiff defaulted on the foreclosure complaint, and the New Jersey Superior Court eventually entered judgment of foreclosure in March 2015. *Kajla, 2016 N.J. Super. Unpub. LEXIS 2131, 2016 WL 5210609, at *1*. Plaintiff filed a motion to vacate the default judgment on April 9, 2015, but that was denied. (Compl. ¶ 7.1.) Plaintiff appealed, and on September 22, 2016, the Appellate Division of the New Jersey Superior Court affirmed the lower court's decision. (Compl. ¶¶ 5.10, 7.6; see also *Kajla, 2016 N.J. Super. Unpub. LEXIS 2131, 2016 WL 5210609, at *1*.) Reconsideration was denied on October 11, 2016. (Compl. ¶ 7.7.) Plaintiff appealed to the Supreme Court of New Jersey (*id.* ¶ 5.11), but the Supreme Court denied Plaintiff's [*3] petition for certification on January 18, 2017 and denied Plaintiff's motion for reconsideration on March 9, 2017 (*id.* ¶ 7.8).

Plaintiff also filed motions in New Jersey state court to stop the foreclosure. Plaintiff filed an emergent motion to stop the sheriff sale of his home, but that motion was denied on June 29, 2015. (*Id.* ¶ 7.3.) Plaintiff appealed this decision, but it was denied on July 31, 2015. (*Id.* ¶ 7.4.) Separately, Plaintiff also sought a temporary restraining order to stop the sheriff sale, but that was denied on September 28, 2017. (*Id.* ¶ 7.9.)

On October 30, 2018, Plaintiff filed the instant action against Defendants, nine New Jersey state-court judges and the Office of Foreclosure. Plaintiff alleges three counts: (1) *§ 1983* claim based on alleged violations of Plaintiff's substantive and procedural due process rights secured by the *Fourteenth Amendment* (*id.* ¶¶ 10-20); (2) fraud pursuant to the *Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq.* (*id.* ¶¶ 21-30); and (3) "civil rights violations" (*id.* ¶¶ 31-39).[1] Plaintiff requests immediate cessation of any state-court eviction proceedings, punitive and/or treble damages, damages as permitted by statute, and attorneys' fees.

On November 26, 2018, Plaintiff filed a Motion for Temporary Restraining Order, Emergency Injunctive Relief, and Order to Show Cause (the "TRO"), requesting that the Court stay Plaintiff's eviction set for December 4, 2018. (ECF No. 6.) Defendants opposed the TRO on November 28, 2018. (ECF No. 7.) The Court held oral argument on November 29, 2018 (ECF No. 8), and on that same day, the Court denied the TRO, finding that Plaintiff likely sought this Court's review of various state-court proceedings, which would be barred by the *Rooker-Feldman* doctrine (Mem. Op. at 2, ECF No. 9).

On December 7, 2018, Defendants filed the instant Motion to Dismiss, arguing that (1) the *Rooker-Feldman* doctrine bars Plaintiff's claims (Defs.' Br. at 3-5), and alternatively, (2) Defendants are entitled to absolute judicial immunity (*id.* at 6-7). Plaintiff opposed on December 14, 2018 (ECF No. 11) and filed a request for judicial notice on December 26, 2018 (ECF No. 12). Defendants' Motion is presently before the Court.

## LEGAL STANDARD

---

[1] Although Plaintiff alleges "civil rights violations" in Count Three (Compl. ¶ 32), the Court strains to interpret Plaintiff's exact claim. Despite labeling this count as a civil rights violation, Plaintiff mostly discusses substantive and procedural due process secured by the *Fifth* and *Fourteenth Amendments of the United States Constitution*. (*See, e.g., id. [*4]* ¶ 36 ("Substantive due process is reserved for the most egregious governmental abuses against liberty or property rights, abuses that shock the conscience or otherwise offend judicial notions of fairness and that are offensive to human dignity."); *id.* ¶ 37 (citing case "address[ing] the *Fifth* and *Fourteenth Amendments to the Constitution*, deprivation of property and procedural due process").) Plaintiff even quotes *42 U.S.C. § 1983* in the discussion of this count. (*See id.* ¶ 38.) However, construction of this count does not change the Court's ultimate conclusion that the Complaint should be dismissed.

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move at any time to dismiss a complaint for lack of subject matter jurisdiction on either facial or factual grounds. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). In analyzing a facial challenge, [*5] a court "must consider only the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." Id. (citing Mortensen, 549 F.2d at 891). In considering a factual challenge, however, a court "may consider evidence outside of the pleadings." Id. (citing Mortensen, 549 F.2d at 891). Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." Cottrell v. Heritages Dairy Stores, Inc., 2010 U.S. Dist. LEXIS 104308, 2010 WL 3908567, at *2 (D.N.J. Sept. 30, 2010) (citing Mortensen, 549 F.2d at 891).

## DISCUSSION

"The Rooker-Feldman doctrine precludes lower federal courts 'from exercising appellate jurisdiction over final state-court judgments' because such appellate jurisdiction rests solely with the United States Supreme Court." Madera v. Ameriquest Mortg. Co., 586 F.3d 228, 232 (3d Cir. 2009) (citing Lance v. Dennis, 546 U.S. 459, 463, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006)); see also Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) (interpreting 28 U.S.C. § 1257). Section 1257 permits the Supreme Court to review "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had," but "[s]ince Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions." Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003). The Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [*6] district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). In fact, district courts lack subject-matter jurisdiction to even entertain such cases. See, e.g., Manu v. Nat'l City Bank of Ind., 471 F. App'x 101, 105 (3d Cir. 2012) (affirming district court's dismissal pursuant to the Rooker-Feldman doctrine for lack of subject-matter jurisdiction under Rule 12(b)(1)).

The Rooker-Feldman doctrine bars claims where the federal claim is "inextricably intertwined" with—as opposed to collateral or independent from—the state-court adjudication. ITT Corp. v. Intelnet Int'l Corp., 366 F.3d 205, 210-11 (3d Cir. 2004). In other words, the doctrine applies where "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).

Here, Plaintiff seeks relief that is barred by the Rooker-Feldman doctrine. Plaintiff challenged his foreclosure in state court, filing numerous motions and appeals, to which Plaintiff admits. (See Compl. ¶¶ 5.10-5.11, 7.1, 7.3-7.4, 7.6-7.9 (discussing Plaintiff's various state-court motions and appeals).) Plaintiff alleged in the state-court proceedings [*7] that the foreclosure was fraudulent, and Plaintiff alleges much of the same here. (Compare Kajla, 2016 N.J. Super. Unpub. LEXIS 2131, 2016 WL 5210609, at *1 (stating that Plaintiff alleged that the recorded assignment to the lienholder was "an illegal document" that violates state and federal law and that the lienholder committed fraud by foreclosing on Plaintiff's home), with Compl. ¶ 9.3 (alleging that "[i]f a property is obtained . . . in a foreclosure process by 'manipulation of the court process,' 'fraud upon the court,' 'false pretenses,' 'false representation,' and 'actual fraud' then a [c]ourt must take a hard look").) Indeed, Plaintiff continues his fraud argument in his brief opposing this Motion by delving into the alleged merits of his claim. (See Pl.'s Br. at 1, ECF No. 11 ("USBank purchased [Plaintiff's] property for $1000 through fraudulently induced foreclosure process without proof of standing or consideration; thus contract fraud occurred. This purchase was based on fraud. *This fraud was addressed multiple times, in multiple courts with multiple judges* and continually ignored." (emphasis added)); id. at 3-5 (addressing merits of fraud claim).) Plaintiff was denied relief in state court, and now seeks similar relief here in federal court. [*8] Because Plaintiff seeks "[i]mmediate cessation of any State Court Eviction Proceedings" (Compl. ¶¶ 20, 30, 39), which plaintiff already sought in state court, the Rooker-Feldman doctrine prevents the Court from entertaining the Complaint as it lacks jurisdiction to do so. See, e.g., Lawrence v. Emigrant Mortg. Co., 2012 U.S. Dist.

LEXIS 47020, at *25 (D.N.J. Mar. 30, 2012) (dismissing per Rooker-Feldman because plaintiff raised same question of fraud in chancery court).

Although Plaintiff also requests damages for the alleged fraud and, at times, suggests that Defendants are a participant of the alleged fraud by not stopping the lienholder from fraudulently foreclosing on Plaintiff's home (see Compl. ¶ 9.6 (alleging that Defendants have "allow[ed] filing of complaints, motions and reconsiderations without actually fulfilling the Judicial DUE PROCESS as denied by the NJ and the US Constitution"), Plaintiff's claims here are still not independent of his state-court claims. Of course, not all fraud claims may be barred by the Rooker-Feldman doctrine.[2] But Plaintiff alleges no specific facts regarding Defendants' participation in the alleged fraud other than Defendants' judicial opinions that were unfavorable to Plaintiff. See Fed. R. Civ. P. 9(b) (requiring that plaintiff plead circumstances surrounding [*9] fraud claim "with particularity"). Plaintiff instead criticizes Defendants for "rul[ing] without having the knowledge of the securitization" (Compl. ¶ 8.2.2.1); "incompetence[,] . . . not hav[ing] the knowledge of the subject matter," and "not read[ing] the case file" (id. ¶ 8.3.4.1); "not even look[ing] at or read[ing] the facts presented by Plaintiff" (id. ¶ 8.5.10.2); and for being "more interested in preserving the Judgment rather than the interest in the Case Law" (id. ¶ 8.7.1.2).[3] Plaintiff offers specific facts only to the extent that the lienholder—which is not a defendant here—fraudulently foreclosed on Plaintiff's home. He offers no facts that tend to show that the state courts have perpetuated fraud on their own. Plaintiff more aptly asks this Court to review and reverse the state-court judgments, which the Rooker-Feldman doctrine clearly bars. Other courts have recognized similar "attempt[s] to overturn a state-court foreclosure judgment by cloaking his objections to the [state-court] decision in a veneer of fraud" where the plaintiff "has not alleged any specific examples of actual collusion, fraud or misconduct." Van Tassel v. MidFirst Bank, 2018 U.S. Dist. LEXIS 151054, at *17-18 (W.D. Pa. Sept. 4, 2018). Therefore, Defendants' Motion to Dismiss for Lack of Jurisdiction [*10] is granted.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss for Lack of Jurisdiction is granted, and the Complaint is dismissed. An appropriate order will follow.

Date: 01/02/2019

/s/ Anne E. Thompson

ANNE E. THOMPSON, U.S.D.J.

## ORDER

THOMPSON, U.S.D.J.

For the reasons stated in this Court's Opinion on this same day,

IT IS on this 2nd day of January, 2019,

ORDERED that Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF No. 10) is GRANTED; and it is further

ORDERED that Plaintiff's Complaint (ECF No. 1) is DISMISSED; and it is further

ORDERED that the Clerk close this case.

/s/ Anne E. Thompson

ANNE E. THOMPSON, U.S.D.J.

---

End of Document

---

[2] Even this argument is not a foregone conclusion. See Hua v. Lehman XS Tr. Mortg. Pass-Through Certificates, Series 2007-7N, U.S. Bank Nat'l Ass'n, 2017 U.S. Dist. LEXIS 156110, at *12 (E.D. Pa. Sep. 25, 2017) (noting that the Third Circuit "has not applied the fraud exception to the Rooker-Feldman doctrine" and agreeing that "the case law on the fraud exception appears to be against application").

[3] Plaintiff also provides a table in the Complaint where he lodges allegations such as "Use of Assigned Power without giving an Opinion," "Misuse of Assigned Power with an Opinion," "Ignored the Issues and Passed the Buck," "Did not understand but still ruled," and "Biased." (Compl. ¶ 20.) But again, Plaintiff merely presents conclusory statements with no specific facts to buttress his allegations.