## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

RECEIVED

'¹ ՅՒ-५ P 3: 0५

USDC FOR NJ

| | |
|---|---|
| **MICHAEL PATRICK SIANO**<br><br>Plaintiff Corporate Entity,<br><br>V.<br><br>**M&T BANK, PARKER McCAY P.A. LAW OFFICES et al, and all Unknown Parties,**<br><br>Defendants. | Civil Action No.:3:20-cv-12827-MAS-DEA<br><br>**NOTICE OF OBJECTION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

PLEASE TAKE NOTICE that upon receiving Defendant PARKER McCAY, P.A. motion to dismiss Plaintiff's complaint. I MICHAEL PATRICK SIANO Object before the Honorable Michael A. Shipp, United States District Judge for the DISTRICT OF NEW JERSEY at the Clarkson S. Fisher Building and U.S. District Courthouse located at 402 East State Street, Trenton, New Jersey, 08608.

1-3-21

*/signature/*

Michael Patrick Siano

102 Haines Street East

Lanoka Harbor, NJ 08734

Phone: 732-788-0772

E- Mail: Mikee1987@Yahoo.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL PATRICK SIANO**<br><br>　　　Plaintiff Corporate Entity,<br><br>V.<br><br>**M&T BANK, PARKER McCAY P.A. LAW OFFICES et al, and all Unknown Parties,**<br><br>　　　Defendants. | Civil Action No.:3:20-cv-12827-MAS-DEA |

---

### PLAINTIFF MICHAEL PATRICK SIANO MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

---

Michael Patrick Siano being one of "We the People" strongly Objects to the Defendants motion and states the following:

### **PRELIMINARY STATEMENT**

Michael Patrick Siano Submits this Memorandum of Law in support of Plaintiff's Objection to the Defendant's Motion to Dismiss. The Plaintiff's Claims have merit as the law is in support of them. The Defendant again brings up a foreclosure action in a lower court venue as the cause of action for Siano's complaint. These are arguments that have nothing to do with the

proper cause of action filed by the Plaintiff, as the cause of action filed by Siano are clearly about the blatant violations of TILA and the pattern of racketeering causing harm to the Plaintiff. Once discovered of what's really going on, the Plaintiff's tried to file his proper causes of action with a counterclaim at the state court level, but the clerk rejected his complaint. Furthermore, TILA violations are under Title 15 Federal Statutes and 15 U.S.C. § 1640 should be filed in Federal Court as it gives this Court jurisdiction.

The Plaintiff in this matter has properly filed his proper cause of action under the authority of the "Truth and Lending Act" (TILA), as the new assignee's M&T Bank's (Defendant) clear failure to follow the law and has now caused harm to the Plaintiff, and the Defendant Parker & McCay plays a role and has superior knowledge of their pattern of racketeering in misleading the public and the courts with misleading documents. Both parties have superior knowledge of their actions.

The key to this complaint is understanding the true actual lending process, what a bank can and cannot do according to law, and understanding what happened to the "note" and the purpose of MERS after the Future assets (payments) are acquired into a Irrevocable Trust and the agreements made with the REMIC Trust.

The Defendants are relying on assumption and hearsay with preconceive notions in their motion to dismiss as the State Court judgment no longer has any legal effect, after the properly executed rescission under the instructions and authority of TILA, as the Defendants fail to acknowledge the proper right and authority that the Plaintiff has to properly rescind the misleading deceptive credit transaction and fails to address the issue, and has used deceptive

practices to acquire a favorable outcome before the lower Court having superior knowledge of their actions.

The State Court record shows that the "actors" **willfully** violated "equal protections of rights" under Article 1 of the New Jersey Constitution and the 5th and 14th Amendment of the United States Constitution, failing to acknowledge the rightful rescission of the deceitful, misleading credit transaction as the Plaintiff was the only signee/trustor on the documents. The State Court failed its duty ignoring my right to rescind, as the State Court shows clear prejudice and violation of my rights according to law. The State Court Judge knew or should have known that once the notice is given, the transaction is void per 15 U.S.C. § 1635(a-b).

The State Court Judge went ahead and violated the Federal Statute as well as the United States Constitution as Siano gave in his motion to vacate judgement the presiding Judge all the ammunition he needed to vacate his unlawful judgment stripping the Court of subject matter jurisdiction which also raises a Constitutional violation of equal protection of rights, which raises a federal question.

Furthermore Noerr- Pennington is not and has never been meant to be blanket protection for those who wish with intent to commit crime using the judiciary to those ends. The Defendant knowingly violated the law and therefore there is no privilege available to them this would be an illegal unconstitutional doctrine if this was the purpose behind Noerr- Pennington. The law does not allow any thing through misleading and deceptive means.

The Defense is trying to hide behind this doctrine as a defense as the Defendant willing and knowingly misrepresented the facts, especially after Siano entered into the Superior Court of New Jersey record a motion to vacate the judgement documenting and establishing the bad

behavior and evidencing the proper rescission the Defendant still did not withdrawal from representation as instructed by The New Jersey Rules of Professional Conduct. There is nobody who is immune from the violation of the law as fraud vitiates everything it touches.

The Supreme Court has held that there are no protections in the first amendment for false statements of the facts. ***"The Petition Clause does not provide absolute immunity to defendants charged with expressing libelous and damaging falsehoods in petitions to Government officials." See McDonald v. Smith, 472 US 479,484 (1985).***

Although the First Amendment protects theoretical discussions and ideas, false statements of fact do not enjoy the same immunity: "neither the intentional lie nor the careless error materially advances society's interest in uninhibited, robust, and wide-open debate on public issues." The Court has adopted this analysis in the realm of libel and defamation law, where the First Amendment right is balanced against the "individual's right to the protection of his own good name. This right to protect one's reputation is based on a respect for "the essential dignity and worth of every individual." In McDonald v. Smith, the Court concluded that the right to petition did not rise to the level of an "unqualified right to express damaging falsehoods." ***"Petitions to any governmental body containing intentional and reckless falsehoods do not enjoy constitutional protection." New York Times Co v. Sullivan 376 U.S. 254 (1964)***

The Supreme Court also held ***"The enforcement of a patent procured by fraud on the Patent Office may violate § 2 of the Sherman Act." Walker Process Equipment, Inc v. Food Machinery & Chemical Corp, 382 US 172,176-77 (1965).*** Fraud and misrepresentation independently nullify the Noerr-Pennington doctrine. ***See Kottle v. Nw. Kidney Centers, 146 F.3d 1056, 1060 (9th Cir. 1988) see also Whelan v. Abell 48 F3d 1247,1260 (DC Cir 1995)***

*"holding that Noerr-Pennington does not bar claims of malicious prosecution, abuse of process, and tortious interference when plaintiff alleges that defendants made deliberately false statements."*

In Re Giles the presiding Judge clearly stated that the fraud exception was **not** applied to the litigation privilege and that RICO claims are **not** covered by this litigation privilege either. Giles was asked to amend his complaint as it was not easily read and in excess of 200 pages long. Ultimately the argument was stricken **without** prejudice due to Giles inability to construct the RICO argument.

Furthermore the cause of action in that case was in lieu of **FDCPA** violations not **TILA** violations which are not one in the same and not protected by Noerr- Pennington. "**The First Amendment does not protect fraud or misrepresentation, then the Noerr-Pennington doctrine cannot protect them, either**." *See Liberty Lake, 12 F3d at 159 "stating that note 6 in Professional Real Estate made the two-part sham test inapplicable where there was proof that a party's fraud or misrepresentations had deprived the court's opinion of legitimacy"*.

*See also FRCP 11(b)(3)* allowing for sanctions if attorneys present factual allegations that do not have evidentiary support or are not likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. If need be a separate motion for sanctions under FRCP 11(c)(2) will be set in motion for this Honorable Court.

The bottom line is once discovery is served with acquiring the documents known as FR 2046, 1099-OID, 424-B5 prospectus, RC-S, RC-B call schedules, Indenture Trustee T-1 form, and any FR 2900 Forms regarding this account both in the month the transaction was completed (promissory note signed by borrower) and the month after.

"The analysis underlying fraud and misrepresentation goes hand-in-hand with the sham exception because both apply when the governmental process has been tainted through improper use. The sham exception applies where a party uses "the governmental process-as opposed to the outcome of that process-as an anticompetitive weapon." Fraud and misrepresentation create a judicial outcome based on incorrect information that also may act as a bar to entry for other competitors. In both cases, a party has abused the judicial process to give itself an unfair advantage." *See University of Chicago Law Review*.

**The Defendants own omission citing Tobing v. Parker McCay P.A. appears as more evidence of the law firm's clear knowledge and intent to break the law in their pattern of racketeering using this doctrine as a scape goat to get out of dodge. It's sickening, and their abuse of this process only strengthens there predatory power.**

There is also a **strict** statutory reason for finding liability. *See 18 U.S.C. § 1001 Statements or entries generally*. This Federal Statute criminalizes **"knowingly and willfully"** misrepresenting a material fact or statement. Not only is it codified under title 18 but it is against the New Jersey Rules of Professional Conduct. *See RPC 3.3 Candor toward the Tribunal. RPC 3.4 Fairness to Opposing Party and Counsel. RPC 4.1 Truthfulness in Statements to Others. RPC 5.1 Responsibilities of Partners, Supervisory Lawyers, and Law Firms. RPC 5.2 Responsibilities of a Subordinate Lawyer. RPC 8.3 Reporting Professional Misconduct. RPC 8.4 Misconduct.*

This defense is unconscionable as the Defendant is arguing it is not a crime to knowingly use fraud and misrepresentation in the civil theft of the people's property, especially having superior knowledge and intent of their actions.

## STATEMENT OF FACTS

This cause of action arises out of and based off the willful violations of TILA and the pattern of racketeering when it comes to mortgage assignments. Siano's complaint having nothing to do with a foreclosure as the arguments the Defendant's counsel use do not apply. There is no paralleling or on going State action in this case as the transaction has been properly rescinded under the authority of TILA, 15 U.S.C. § 1635(a-b) the Security instruments are void making any judgement arising out of the same security instrument void.

Neither is this an a attempt for this Court to hear some sort of appeal. It's very cut and dry the State action commenced was a foreclosure. The Plaintiff's cause of action here is TILA violations and crimes committed in the process therein. The Defendant failed to follow the law willfully trespassing on my rights causing irreparable harm leaving Plaintiff no other choice but to file this proper cause of action, under the direction and authority of TILA Regulation Z.

Siano lawfully executed his rescission based off of misrepresentations, misleading, failure to provide full disclosure, and deceitful actions committed by the Defendant and the Defendant's predecessors. The Defendant's use of fraudulent mortgage assignments are clear violations of Title 15 nullifying any judgement procured in any court. *"A false statement is material if it has "a natural tendency to influence, or [is] capable of influencing, the decision of the decision-making body to which it was addressed." United States v. Gaudin, 515 U. S., at 509 (quoting Kungys v. United States, 485 U. S. 759, 770 (1988) "Fraud vitiates everything it touches." White v. Union Producing Co., 1944, 140 F.2d 176, 178.*

The Defendants motion to dismiss does not address any of the true issues, or address the facts creating the controversy here as I have uncovered their willful involvement exposing the

fraudulent actions as these "actors" want to get this case thrown out on technicalities which do not pertain to the proper cause of action filed by the Plaintiff as this Court cannot deny the Plaintiff the right to be heard and the right to expose the truth.

## STANDARD OF LAW AND HISTORY

I would like to ask the Honorable Court to take Judicial Notice under Federal Rules of Evidence 201 that neither Defendant has at any time disputed any of the facts presented with the causes of action brought forth by the Plaintiff, as the Court cannot rule on facts but simply disputed facts. The Defendants do not dispute the facts, or their involvement in perpetrating the misleading, and deceptive means as it shows a clear pattern of racketeering filing these sham assignments in court cases all across the State of New Jersey, preying off the ignorance of the people who do not understand the true lending process or the securitization process. They are assaulting not just me but the entire State of New Jersey ruining people's lives it's disgusting!

Under settled law, the District Court may dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) on the complaint standing alone. But where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.1981). See also Land v. Dollar, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947); 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350, at 213 (1990).*

Furthermore the courts have held *"A complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)."*

*"In evaluating the propriety of the dismissal, we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir.2002).*

*"The applicable inquiry under Rule 12(b)(6) is well-settled. Courts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party. The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims. Dismissal under Rule 12(b)(6) is not appropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 215-16 (3d Cir.2002).*

Both moving parties have failed to address any of the properly filed causes of action in the Plaintiff's complaint and only wish to push through a dismissal on technicalities that have no merit and fall flat on their face as a matter of law. I have uncovered the willful and knowing pattern of racketeering as the Court records show the willful continued perjury of falsified mortgage assignments entered into not only the lower Court but this Honorable Court as well.

The undisputed fact is and well known, that the mortgage documents are registered with Mortgage Electronic Registry System (MERS), any MERS member has access to any MERS

registered document in the future or at any time if needed. MERS does not hold "any" original documents, as it's only a registry system. Any Member can option only copies as MERS is unsupervised and unmanned having no employees it's just a digital storehouse for mortgage documents that anyone can retrieve "copies" at anytime. Having this understanding, this is the deceptive avenue pursued by the Defendants as a means for the willing and knowing misrepresentations as discovery will show the pattern of racketeering, as once the altered note was placed into the TRUST and became a security it is now impossible for the Defendants to have and now claim ownership (in the original) and has brought fraud in the Court as further discovery will prove. **The undisputed fact is, the Defendants knew this but still filed bogus misleading mortgage assignments along with a copy of my "note" into the Courts record including this Honorable Courts record.**

Furthermore, understanding the securitization process, there **cannot** be and there is no evidence of the proper chain of ownership from the REMIC TRUST to the Defendant (M&T BANK) there is no evidence of an assignment from the TRUST to the Defendant or proof that the TRUST has relinquished the asset to the Defendant. These facts are not willingly disclosed leading the moving parties to use MERS as nominee, and conceal the fact the "Note" is now a security and forever lost its status as a simple Note and here is were the misleading begins and still needs to be adjudicated before this Court. **The Defendants knew this as it's an attorney's duty to do his due diligence, but still filed bogus mortgage assignments into the Courts record including this Honorable Court's record** to acquire wealth from something their client never can own under law.

As further investigations are happening, its appearing that the bogus assignments have fake stamped signatures of people who almost certainly don't exist as the discovery process will

show. This appears as more clear evidence of the misrepresentations and pattern of racketeering to which no first amendment protections of the Noerr- Pennington Doctrine exist.

As certain facts are still in dispute that needs to be adjudicated, the Defendants have provided a bunch of copied documents printed off a registry system and executed misleading assignments with stamped signatures. The law firm knows that a mortgage assignment with no notary seal is of no effect being a legal document... unless you're none the wiser, as this produces a pattern of misrepresentation of the facts to which there doing this on a daily basis to the unsuspecting people of New Jersey.

With understanding the lending process along with the securitization process, MERS was used as a cover up and an avenue for the Defendants to execute a misleading mortgage assignment to make it appear as being the lawful owner. The true undisputed fact is the Defendant "only" as the "**Servicer**" cannot have any legal lawful ownership rights, after the securitization process and has provided this Court of its own violation of fraud upon the Court. The Defendants knew exactly what they were doing and by their own omission have been called out on it before as they cite Tobing in their motion.

Once the Plaintiff fully understood what the Defendants already knew the Defendants are asking this Court to dismiss and ignore their willful violations and deceptive actions, as this case is still under investigation along with that it still needs to be adjudicated before this Court, and has properly notified the proper authorities under the instructions of TILA. This Court has before it, the undisputed fact that the Defendants filed bogus mortgage assignments that they willfully provided the evidence needed showing their willful participation with intent to deceive and is continuing to assault me and this Court by ignoring the lawful rescission under the authority of TILA 15 U.S.C.§ 1635. It seems they have gotten away with it so many times they must have

thought that they were above the law in there assault on me and attempted theft of my property as this is a standard in the industry, that clearly establishes a pattern.

Not only did the liars known as Parker McCay Law Offices P.A. violate the New Jersey Rules of Professional Conduct by perjuring them self, *(see njcourts.gov, **Rules of Professional Conduct**)* they aided and abetted in the violation of Federal Statute 15 U.S.C. § 1635- 1641, and they on their own accord violated 18 U.S.C. § 1001 in the pattern of willful racketeering.

The arguments the Defense is trying to use as a means to end around the law is without merit flimsy and falls on its face. The fact is there is simply no defense for these violations of TILA and blatant misrepresentation of the facts in the pattern of racketeering the Defendants engaged in on their assault to deprive me of my rights and civilly steal my property. The Defendants claim that this is some kind of appeal is simply false, as the causes of action in the Plaintiff's Complaint are about TILA violations, not retrying a foreclosure. (***The court must determine whether same "cause of action" is sued on); Lawlor v. National Screen Service Corp., 349 U.S. 322, 329, 75 S.Ct. 865, 869, 99 L.Ed. 1122 (1955) ("a prior judgment is res judicata only as to suits involving the same cause of action"); Woods v. Dunlop Tire Corp., 972 F.2d 36, 38 (2d Cir.1992), cert. denied, 506 U.S. 1053, 113 S.Ct. 977, 122 L.Ed.2d 131 (1993); Saud v. Bank of New York, 929 F.2d 916, 919 (2d Cir.1991).***

There is no on-going /paralleling State proceeding as TILA has never been brought up in the State Court. According to law the Foreclosure relied on by the Defendants is nullified under the Authority of TILA 15 U.S.C. § 1635(a-b) as the lawfully executed rescission voided the security instrument as a matter of law not speculation.

***Rescission voids the mortgage and is a complete defense to foreclosure." Yslas v. K.K. Guenther Builders, Inc., 342 So.2d 859 (Fla.2d D.C.A. 1977). See Beach v. Great Western***

*Bank, 670 So.2d 986 (Fla. 4th D.C.A. 1996).* Furthermore, *"once the court finds a violation such as not responding to the TILA rescission letter, no matter how technical, it has no discretion with respect to liability." in re Wright, supra. At 708; In re Porter v. Mid-Penn Consumer Discount Co., 961 F,2d 1066, 1078 (3d. Cir. 1992); Smith v. Fidelity Consumer Discount Co., Supra. At 898.*

## CONCLUSION

It's no secret the Country has been in a state of bankruptcy since March 9, 1933 with The Emergency Banking Act, Public Law 73-1, 48 Stat. 1. The Federal Reserve Bank knows what these pretender "Lenders" are doing with the "Notes" as the "Lenders" have no other means to fund these simple credit transactions. This is the reason The Truth in Lending Act (TILA), 15 U.S.C. §1601 et seq., was enacted on May 29, 1968, as title I of the Consumer Credit Protection Act (Pub. L. 90-321). The TILA, implemented by Regulation Z (12 CFR 1026), became effective July 1, 1969. TILA and Regulation Z were created for many reasons some being but not limited to Delineates and prohibits unfair or deceptive mortgage lending practices and to Provide consumers with rescission rights.

*TILA and Reg Z contain detailed disclosure requirements for consumer loans. A lender's violation of TILA allows the borrower to rescind a consumer loan secured by the borrower's primary dwelling. 15 U.S.C. § 1635(a). Technical or minor violations of TILA or Reg Z, as well as major violations, impose liability on the creditor and entitle the borrower to rescind. "To insure that the consumer is protected ... [TILA and Reg Z must] be absolutely complied with and strictly enforced." Mars v. Spartanburg Chrysler Plymouth, Inc., 713 F.2d 65, 67 (4th Cir.1983) (holding that technical violation, even if merely a "minor variation in language and type size" from TILA requirements, imposes liability); see also Huff v. Stewart-*

*<u>Gwinn Furniture Co., 713 F.2d 67, 69 (4th Cir.1983)</u> (minor violations of TILA and Reg Z impose liability even if, as creditor alleged, consumer "was not misled and was given a meaningful and correct disclosure of crucial credit terms")*

**There is far more evidences to be proved through the discovery process as well as deposition of the "actors" that will prove the undisputed proper causes of action in the Plaintiff's (Siano) complaint.**

Plaintiff has provided controlling law along with the uncovering of the misleading deceitful so-called "lending process" as well as the uncontested deceitful actions performed by the Defendants, the Plaintiff moves this Honorable Court to not only deny this erroneous motion to dismiss but to grant immediate relief as to any State Court judgment procured under fraudulent pretenses as I properly executed my right under law to rescind the credit transaction making any judgment that used such credit transaction documents void. The Defendants willfully failed to follow the law, cause irreparable harm, and has tarnished the public record at the Ocean County Recorder's Office by willfully with the intent to deceive, filing sham mortgage assignments.

I respectfully ask to make any and all assignments recorded by the Defendants nullified as they failed to correct the record according to TILA after the notice to rescind/cancel was received according to law. The defendants do not dispute receiving the Notice. I'm respectfully asking this Honorable Court to bring sanctions against the Defendants in the manner the Court finds fair and just in accordance with Federal Rules of Civil Procedure and Statutory code.

Respectfully Submitted,

1-3-21

_____

Michael Patrick Siano

102 Haines Street East

Lanoka Harbor, New Jersey 08734

(732) 788-0772

Mikee1987@yahoo.com

## Affidavit of Truth to the Facts

I, Michael Patrick Siano, testify on my own behalf and by my own free will act and deed, under penalty of perjury that the statements and facts in this objection set forth herein are true and correct to the best of my ability and will testify under oath if case may be, so help me God.

Under my Hand and Seal,　　　　　　　　　　Dated: 1-3-21

By: _____

Michael Patrick Siano

102 Haines Street East

Lanoka Harbor, NJ 08734

Mikee1987@Yahoo.com

732-788-0772

## CERTIFICATE OF SERVICE

I, Michael Patrick Siano, do hereby certify that a true copy of the foregoing Objection, Memorandum of Law in Support of its Objection, signed Affidavit and this Certification has been served upon by placing same in the U.S. Mail, properly addressed to as follows:

PARKER IBRAHIM & BERG LLP

270 Davidson Avenue

Somerset, Nj 08873

Andrew Sayles

Connell Foley LLP
56 Livingston Avenue

Roseland, NJ 07068