January 14, 2021

RECEIVED

2021 JAN 15 P 1:06

USDC FOR NJ

Honorable Michael A. Shipp, U.S.D.J

United States District Court- In the District of New Jersey

402 East State Street

Trenton , New Jersey 08606

    **Re:**    **Michael Patrick Siano v. M&T BANK, et al.**

           **Civil Action No. 3:20-cv-12827-MAS-DEA**

Dear Honorable Judge Shipp,

    Please accept this reply in support of the Plaintiff's Objection to further clarify my arguments as the Defendant continuously tries to confuse things diluting my arguments with facts that are simply not true or correct.

    The Defendant is trying to portray my cause of action as being adjudicated before a fore going Foreclosure assault on myself at a lower court venue, this is simply not true. What is true and correct is the fact that I entered a motion to vacate judgment at the time that I fully understood the law and used my absolute right under the authority of TILA to rescind the credit transaction. The Defendant known as M&T BANK along with the presiding judge failed to comply with the law specifically 15 U.S.C. § 1635 and 12 C.F.R. § 226.23. Accordingly under the authority and direction of 15 U.S.C. § 1640(e) when such federal statutes are violated the suit shall be filed in the Federal Court and with the Attorney General.

    As defined by 15 U.S.C § 1635(b) "When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it."

The rescission of the transaction voided all mortgage documents *Jesinoski et ux. v. Countrywide Home Loans, Inc., et al.* 574 U.S. ___ 135 S. Ct. 790; 190 L. Ed. 2d 650. furthermore any and all judgements procured using these void securities are void the proceeding is moot; therefore there is no ongoing state proceeding to offend the Younger- Abstention Doctrine, or paralleling state case to upset The Colorado River Doctrine either, by operation of law The Entire Controversy Doctrine has no bearing in this case as the state action the Defendants hang their hat on is void ab initio by operation of law as if it never happened.

The Plaintiff is not arguing a foreclosure and Plaintiff has only ever filed a complaint with the cause of action arising out of TILA in this Honorable Court as Res Judicata and Collateral Estopple do not pertain to the Plaintiff's proper cause of action. Moreover since the Plaintiff's cause of action arises out of such TILA violations and is not an appeal for a foreclosure suit the Plaintiff's cause of action does not infringe on the Rooker-Feldman Doctrine.

Parker McCay cannot hide behind Noerr Pennington as fraud vitiates everything. Noerr Pennington was not designed to allow lawyers to knowingly break the law. There is no excuse to knowingly file bogus documents into a court of law. The law does not allow anything through misleading and deceptive means this would be an unconstitutional illegal doctrine if it allowed attorneys to use fraud to sway the mind of a judge. Parker McCay willfully filed mortgage assignments with fake stamped signatures to which had no notary seal. Discovery will prove the supposed signers of the documents are not real people. Furthermore the Defendant disobeyed federal law, Federal Rules of Court Procedure, as well as New Jersey Professional Rules of Conduct by filing those documents in an assault on me in this Honorable Court as well as in the lower court venue. Noerr Pennington should not be applied as they use this doctrine as a scape goat to strengthen their predatory power and they know what they're doing by own omission as they cited the Tobing. There is nobody who is immune from the violation of the law as fraud vitiates everything it touches.

There are no conclusory, non-specific allegations in the Plaintiff's complaint everything specifically laid out and explains what each Defendant did very clearly. Plaintiff's complaint is not full of perplexed allegations nor has the Plaintiff stated Parker was involved in the credit transaction and/or involved in the lack of disclosure, what was stated is Parker willfully filed sham assignments into the courts record in order to persuade a judge to grant judgements in their favor which is not covered by Noerr-Pennington. Parker engaged in a scheme of racketeering with M&T BANK to steal my property as evidenced by the filing of bogus mortgage assignments.

The main reason I informed the Attorney General of these violations is because he knows best how to write a complaint as I am not a trained lawyer and the Court can't hold me to the same standards as a trained attorney. The Defendant is not denying the fact the note became a demand deposit ultimately a security. The Defendant does not deny the fact of their involvement with executing a misleading mortgage assignment. The Attorney General will assign my

complaint to the right agency as there is clear evidence of TILA violations. The Defendants these standard practice of creating misleading mortgage assignments after the note has been converted 2 times is a clear pattern of racketeering as both parties play a role in the executing and pursuing of misleading activity for unjust enrichment. The documents FR 2046, 1099-OID, 424-B5 prospectus, RC-S, RC-B call schedules, Indenture Trustee T-1 form, and any FR 2900 Forms regarding this account will show the negligence and willful misleading activity by M&T BANK and PARKER McCAY that has been executed, of which these misleading activities by the parties is simply not " we didn't know" as the same laws apply to all including the laws on which what a bank can do and what a bank cannot do.

The truth is exposed, the misleading activity has been uncovered as both parties are preying on the ignorance of the people having superior knowledge is a crime. For the aforementioned reasons I respectfully request the Court to deny the Defendant's motion to Dismiss.

Respectfully Submitted,

_____

## CERTIFICATE OF SERVICE

I, Michael Patrick Siano, do hereby certify that a true copy of the foregoing reply and this Certification has been served upon by placing same in the U.S. Mail, properly addressed to as follows:

PARKER IBRAHIM & BERG LLP

270 Davidson Avenue

Somerset, Nj 08873

Andrew Sayles

Connell Foley LLP
56 Livingston Avenue

Roseland, NJ 07068

January 14, 2021

RECEIVED

Honorable Michael A. Shipp, U.S.D.J

United States District Court- In the District of New Jersey

21 JAN 15 P 1:06

402 East State Street

USDC FOR NJ

Trenton , New Jersey 08606

  Re: Michael Patrick Siano v. M&T BANK, et al.

     Civil Action No. 3:20-cv-12827-MAS-DEA

Dear Honorable Judge Shipp,

  Please accept this reply in support of the Plaintiff's Objection to further clarify my arguments as the Defendant continuously tries to confuse things diluting my arguments with facts that are simply not true or correct.

  The Defendant is trying to portray my cause of action as being adjudicated before a fore going Foreclosure assault on myself at a lower court venue, this is simply not true. What is true and correct is the fact that I entered a motion to vacate judgment at the time that I fully understood the law and used my absolute right under the authority of TILA to rescind the credit transaction. The Defendant known as M&T BANK along with the presiding judge failed to comply with the law specifically 15 U.S.C. § 1635 and 12 C.F.R. § 226.23. Accordingly under the authority and direction of 15 U.S.C. § 1640(e) when such federal statutes are violated the suit shall be filed in the Federal Court and with the Attorney General.

  As defined by 15 U.S.C § 1635(b) "When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it."

The rescission of the transaction voided all mortgage documents *Jesinoski et ux. v. Countrywide Home Loans, Inc., et al. 574 U.S. ___ 135 S. Ct. 790; 190 L. Ed. 2d 650.* furthermore any and all judgements procured using these void securities are void the proceeding is moot; therefore there is no ongoing state proceeding to offend the Younger- Abstention Doctrine, or paralleling state case to upset The Colorado River Doctrine either, by operation of law The Entire Controversy Doctrine has no bearing in this case as the state action the Defendants hang their hat on is void ab initio by operation of law as if it never happened.

The Plaintiff is not arguing a foreclosure and Plaintiff has only ever filed a complaint with the cause of action arising out of TILA in this Honorable Court as Res Judicata and Collateral Estopple do not pertain to the Plaintiff's proper cause of action. Moreover since the Plaintiff's cause of action arises out of such TILA violations and is not an appeal for a foreclosure suit the Plaintiff's cause of action does not infringe on the Rooker-Feldman Doctrine.

Parker McCay cannot hide behind Noerr Pennington as fraud vitiates everything. Noerr Pennington was not designed to allow lawyers to knowingly break the law. There is no excuse to knowingly file bogus documents into a court of law. The law does not allow anything through misleading and deceptive means this would be an unconstitutional illegal doctrine if it allowed attorneys to use fraud to sway the mind of a judge. Parker McCay willfully filed mortgage assignments with fake stamped signatures to which had no notary seal. Discovery will prove the supposed signers of the documents are not real people. Furthermore the Defendant disobeyed federal law, Federal Rules of Court Procedure, as well as New Jersey Professional Rules of Conduct by filing those documents in an assault on me in this Honorable Court as well as in the lower court venue. Noerr Pennington should not be applied as they use this doctrine as a scape goat to strengthen their predatory power and they know what they're doing by own omission as they cited the Tobing. There is nobody who is immune from the violation of the law as fraud vitiates everything it touches.

There are no conclusory, non-specific allegations in the Plaintiff's complaint everything specifically laid out and explains what each Defendant did very clearly. Plaintiff's complaint is not full of perplexed allegations nor has the Plaintiff stated Parker was involved in the credit transaction and/or involved in the lack of disclosure, what was stated is Parker willfully filed sham assignments into the courts record in order to persuade a judge to grant judgements in their favor which is not covered by Noerr-Pennington. Parker engaged in a scheme of racketeering with M&T BANK to steal my property as evidenced by the filing of bogus mortgage assignments.

The main reason I informed the Attorney General of these violations is because he knows best how to write a complaint as I am not a trained lawyer and the Court can't hold me to the same standards as a trained attorney. The Defendant is not denying the fact the note became a demand deposit ultimately a security. The Defendant does not deny the fact of their involvement with executing a misleading mortgage assignment. The Attorney General will assign my

complaint to the right agency as there is clear evidence of TILA violations. The Defendants these standard practice of creating misleading mortgage assignments after the note has been converted 2 times is a clear pattern of racketeering as both parties play a role in the executing and pursuing of misleading activity for unjust enrichment. The documents FR 2046, 1099-OID, 424-B5 prospectus, RC-S, RC-B call schedules, Indenture Trustee T-1 form, and any FR 2900 Forms regarding this account will show the negligence and willful misleading activity by M&T BANK and PARKER McCAY that has been executed, of which these misleading activities by the parties is simply not " we didn't know" as the same laws apply to all including the laws on which what a bank can do and what a bank cannot do.

     The truth is exposed, the misleading activity has been uncovered as both parties are preying on the ignorance of the people having superior knowledge is a crime. For the aforementioned reasons I respectfully request the Court to deny the Defendant's motion to Dismiss.

                    Respectfully Submitted,

## CERTIFICATE OF SERVICE

I, Michael Patrick Siano, do hereby certify that a true copy of the foregoing reply and this Certification has been served upon by placing same in the U.S. Mail, properly addressed to as follows:

PARKER IBRAHIM & BERG LLP

270 Davidson Avenue

Somerset, Nj 08873

Andrew Sayles

Connell Foley LLP
56 Livingston Avenue

Roseland, NJ 07068

