**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL PATRICK SIANO,

    Plaintiff,

v.

M&T BANK, et al.,

    Defendants.

Civil Action No. 20-12827 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon two Motions to Dismiss filed by Defendants M&T Bank and Parker McCay, P.A. ("Parker McCay") (collectively, "Defendants"). (ECF Nos. 7, 18.) Pro se Plaintiff Michael Patrick Siano ("Siano") opposed both Motions (ECF Nos. 9, 21) and Defendants replied (ECF Nos. 14, 22). Also before the Court is Siano's "Motion to Extend Hearing Date of Defendants." (ECF No. 15.) M&T Bank opposed Siano's Motion (ECF No. 17) and Siano replied (ECF No. 19). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Defendants' Motions are granted and Siano's Motion is denied.

## I. BACKGROUND

### A. The Loan

In July 2017, Siano executed a note in favor of Glendenning Mortgage Corporation ("Glendenning") for $193,922. (Note, Ex. 1 to Berg Decl., ECF No. 7-3.) To secure the note, Siano executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as

nominee for Glendenning, against real property in East Lanoka Harbor, New Jersey (the "Property"). (Mortgage, Ex. 2 to Berg Decl., ECF No. 7-4.) In October 2018, MERS assigned the mortgage to Wells Fargo Bank, N.A. ("Wells Fargo"). (Oct. 2018 Assignment of Mortgage, Ex. 3 to Berg Decl., ECF No. 7-5.) Wells Fargo, in turn, assigned the mortgage to M&T Bank in April 2019. (Apr. 2019, Assignment of Mortgage, Ex. 4 to Berg Decl., ECF No. 7-6.) M&T Bank represents that at all times relevant, it was the holder of the note and mortgage. (M&T Moving Br. 2 (citing Nowicki Certif., ECF No. 7-11), ECF No. 7-1.)

### B. State Foreclosure Action

In August 2019, M&T Bank commenced a foreclosure action against Siano in the Superior Court of New Jersey after Siano allegedly defaulted on the loan. (*See* Super. Ct. Compl., Ex. 6 to Berg Decl., ECF No. 7-8.) Siano responded with a contesting answer that asserted the following two defenses: (1) M&T Bank "refused" to provide Siano with information "about how [the] mortgage was originated along with any and all accounting for such alleged loan attached with affidavits"; and (2) M&T Bank "caused damage to [Siano] by breaking the truth and lending act regulation z for non-disclosure of the actual economics of [the alleged] [m]ortgage." (Answer *3–4, Ex. 7 to Berg Decl., ECF No. 7-9).)[1] In January 2020, the Superior Court issued an order that granted M&T Bank's summary judgment motion, struck Siano's answer, directed the clerk to enter default against Siano, and deemed the foreclosure action uncontested. (Jan. 2020 Order, Ex. 11 to Berg Decl., ECF No. 7-13.) In March 2020, the Superior Court issued a final judgment authorizing a sheriff's sale of the Property. (Final J., Ex. 13 to Berg Decl., ECF No. 7-15.)

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

2

On August 24, 2020, Siano moved to vacate the final judgment. (Mot. to Vacate Final J., Ex. 15 to Berg Decl., ECF No. 7-17.) Although Siano's motion is difficult to follow, Siano seems to argue that the judgment should be vacated because M&T Bank did not demonstrate that it possessed a valid interest in the loan and, therefore, M&T Bank lacked standing to foreclose on the Property. (*See id.* at 1, 14–15; *see id.* ¶¶ 18, 33.) Siano appears to further argue that the underlying loan is unenforceable because the lender—which seems to refer to Glendenning— fraudulently induced Siano into entering an agreement in which Siano would fund his own loan. (*See id.* ¶¶ 6–7, 10.)[2] Siano also asserts that the note was altered to the extent that the language "promise to pay" was changed to "order to pay." (*See id.* ¶¶ 18–19, 24.)

On or about September 10, 2020, Siano submitted a "Counterclaim With Quiet Title" that asserted the following nine counterclaims: (1) violations of Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(b), (c), and (d); (2) common law fraud; (3) "defamation/libel"; (4) "illegal liens"; (5) conspiracy; (6) violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (7) mail fraud; (8) "the creation and use of fraudulent promissory notes and mortgage assignments"; and (9) quiet title. (Countercls. *3–14, Ex. 17 to Berg Decl., ECF No. 7-19.) That same day, the court issued a deficiency notice which advised Siano that he must first seek to vacate the January 2020 default in order for the counterclaim to be considered. (*See* Sept. 11, 2020 Docket Entry *3, Ex. 5 to Berg Decl., ECF No. 7-7.) The court

---

[2] (Mot. to Vacate Final J. ¶ 6 ("The concealment of material facts started before closing, [t]he [l]ender led Siano to believe that the [l]ender was loaning money which is in complete contraction of the Federal Reserve Bank published publications."); *id.* ¶ 7 ("The [l]ender was not up front and truthful and used superior knowledge to trick Siano into signing a [p]romissory [n]ote. The [l]ender had superior knowledge of the [f]act that Siano was funding Siano's own loan. . . ."); *id.* ¶ 10 ("The [l]ender received a promissory note from Siano and recorded the same promissory note as a loan from the borrower to the [l]ender, the lender's assets and liabilities increase by the same amount of the loan to the bank. The [l]ender was not truthful, the [l]ender claims it granted a loan, but the lender['s] assets and liabilities increase by the amount of the promissory note.").)

3

also entered an Order denying Siano's motion to vacate the final judgment. (Sept. 11, 2020 Order, Ex. 18 to Berg Decl., ECF No. 7-20.)

### C. Instant Action

On September 18, 2020, Siano filed the present "Complaint with Quiet Title" against M&T Bank and its counsel during the foreclosure action, Parker McCay. (*See* Compl., ECF No. 1.) The Complaint maintains that "Siano was induced into a one-sided, unenforceable, deceitful credit transaction under the false pretense of a loan with Glendenning." (*Id.* ¶ 4.) In addition, the Complaint appears to further allege that M&T Bank and Parker McCay conspired to foreclose on the Property by fraudulently acquiring an assignment of the mortgage. (*Id.* ¶¶ 8, 10–11.)

The Complaint asserts the following thirteen claims: violations of RICO, 18 U.S.C. §§ 1962(b), (c), and (d) (Counts One through Three); violation of 18 U.S.C. § 1346, which defines "scheme or artifice to defraud" (Count Four); common law fraud claim (Count Five); "defamation/libel" (Count Six); "Illegal Liens" (Count Seven); conspiracy (Count Eight); violations of the TILA (Count Nine); violations of 12 C.F.R. § 226.23 and 15 U.S.C. § 1635, which address the right of rescission as to certain transactions (Count Ten); mail fraud (Count Eleven); "the use of Siano's altered Converted Notes and deceptive Mortgage Assignments" (Count Twelve); and quiet title (Count Thirteen). (*Id.* ¶¶ 18–96.) On November 3, 2020, M&T Bank moved to dismiss the Complaint. (M&T Moving Br.) Siano opposed M&T Bank's Motion on November 26, 2020 (Pl.'s Opp'n Br., ECF No. 9), and M&T Bank replied on December 18, 2020 (M&T Reply Br., ECF No. 14). On December 21, 2020, Parker McCay also moved to dismiss the Complaint. (Parker McCay Moving Br., ECF No. 18.) Siano opposed Parker McCay's Motion on January 4, 2021 (Pl.'s Opp'n Br., ECF No. 21), and Parker McCay replied on January 12, 2021 (Parker McCay Reply Br., ECF No. 22).

## II. LEGAL STANDARD

It is well established that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Since subject matter jurisdiction is a threshold requirement for consideration of the sufficiency of the underlying claims, the Court's analysis begins there." *Frame v. Lowe*, No. 09-2673, 2010 WL 503024, at *5 (D.N.J. Feb. 8, 2010).

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or factually. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack contests the sufficiency of the complaint because of a defect on its face, whereas a factual attack asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Halabi v. Fed. Nat'l Mortg. Ass'n*, No. 17-1712, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018) (quotation marks and citations omitted). In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). When a defendant challenges the court's exercise of subject matter jurisdiction, the plaintiff has the burden of proving that jurisdiction exists. *See Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995).

Where a plaintiff proceeds pro se, the complaint must be "liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). A pro se litigant, however, "is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

## III. DISCUSSION

Defendants raise several grounds for dismissal, but the Court need only address one: whether the *Rooker-Feldman* doctrine bars Siano's claims. (M&T Moving Br., 8–10; Parker McCay Moving Br. 6–9.)

The *Rooker-Feldman* doctrine constitutes a bar to suits brought by the losing party in state court that "seek[] what in substance would be appellate review of the state judgment in a [federal] district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). The "party's recourse for an adverse decision in state court is an appeal to the appropriate state appellate court, and ultimately to the Supreme Court under § 1257, not a separate action in federal court." *Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 324 (3d Cir. 2000).

"The Third Circuit has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Nest v. Nationstar Mortg., LLC*, No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (collecting cases). The *Rooker-Feldman* doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothchild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Here, all four elements of *Rooker-Feldman* are met.[3] The first and third elements are met because Siano lost in the state foreclosure action and subsequently commenced the instant action. Specifically, the Superior Court entered a final judgment against Siano in March 2020 and Siano did not file the present Complaint until September 2020. (Final J.; Compl.)

The essential and "closely related" second and fourth elements are also satisfied in this case. *Great W. Mining*, 615 F.3d at 166, 168 (noting that "the second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim"). The second element "inquir[es] into the source of the plaintiff's injury." *Id.* at 166. Here, the Complaint alleges that Siano "was induced into a one-sided, unenforceable, deceitful credit transaction under the false pretense of a loan with Glendenning," (Compl. ¶ 4.) The Complaint also appears to allege that M&T Bank and Parker McCay conspired to foreclose on the Property by fraudulently acquiring an assignment of the mortgage. (*Id.* ¶¶ 8, 10–11.) But these recycled "claims are in essence an attack on the state court judgment of foreclosure" because they were already raised and rejected by the Superior Court. *See Gage v. Wells Fargo Bank, NA*, 521 F. App'x 49, 51 (3d Cir. 2013) (finding that a debtor "cannot evade *Rooker-Feldman* by arguing on appeal that he was not injured by the foreclosure judgment, but rather by [the creditor's purportedly fraudulent actions]."); *see In re Kajla*, No. 18-16818, 2019 WL 6456120, at *3 (D.N.J. Nov. 30, 2019)

---

[3] Even though Parker McCay was not a party in the state foreclosure action and was only involved in its capacity as M&T Bank's legal counsel, the *Rooker-Feldman* doctrine applies to bar Siano's claims against Parker McCay. *See ITT Corp. v. Intelnet Inter'l Corp.*, 366 F.3d 205, 216 n.19 (3d Cir. 2004) (holding that "*Rooker-Feldman* bars jurisdiction where, as here, related but non-identical defendants . . . were drawn into the federal litigation by the parties . . . against whom the state court action was decided.").

7

(applying *Rooker-Feldman* applicable despite the appellant's claims "contest[ing] the validity of certain assignments of the loan documents").[4]

The Court is mindful that a fraud exception to the *Rooker-Feldman* doctrine has been applied in some cases and notes that it remains "unclear whether this exception exists within the Third Circuit." *Davis v. Fein Such Kahn & Shepard PC*, No. 18-8560, 2019 WL 1789471, at *5 (D.N.J. Apr. 24, 2019) (observing a circuit split and noting the Third Circuit has applied the exception "'inconsistently' in several unpublished opinions"). In any event, "the fraud exception to *Rooker-Feldman*, if one exists at all, is exceedingly narrow[,]" *Farzan*, 2021 WL 613843, at *7, and "courts are reluctant to recognize the fraud exception" where, as here, Siano "already raised the fraud argument in the state court action and the state court rejected it[,]" *Davis*, 2019 WL 1789471, at *6 (collecting cases). Based on the foregoing, the Court finds that the second *Rooker-Feldman* element is satisfied.

Finally, as to the fourth element, "the question is whether [Siano] asks this Court 'to determine that the prior judgment was [in]correctly decided.'" *Farzan*, 2021 WL 613843, at *7 (second alteration in original) (citations omitted). "[T]he relief sought (as opposed to the issues raised) by the federal plaintiff will be particularly significant." *Id.* (alteration in original) (citation omitted). Here, the Superior Court entered a foreclosure judgment in favor of M&T Bank, authorizing the sale of the Property. (Final J.) Siano seeks, *inter alia*, to quiet title to the Property. (Compl. ¶¶ 85–96, 100.) To entertain Siano's challenge and grant relief would necessarily require the Court to review and invalidate the state court judgment, a result that is inconsistent with the *Rooker-Feldman* doctrine. *Nest*, 2016 WL 4541871, at *2. The proper recourse for Siano is "an

---

[4] The Court also notes that "[i]t is well established that a borrower does not have standing to sue for an alleged illegal assignment of his mortgage." *Purpura v. JP Morgan Chase*, No. 16-3765, 2018 WL 1837952, at *6 (D.N.J. Apr. 18, 2018) (collecting cases).

appeal to the appropriate state appellate court . . . not a separate action in federal court." *Parkview*, 225 F.3d at 324. The Court, therefore, finds that the fourth *Rooker-Feldman* requirement is satisfied.

Having found that all four elements are met, the Court finds the *Rooker-Feldman* doctrine bars Siano's claims and, accordingly, grants Defendants' Motions. Consequently, the Court denies Siano's Motion to Extend the Hearing Date of Defendants' Motion to Dismiss as moot.[5]

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions are granted. In addition, Siano's Motion is denied as moot. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[5] Siano's Motion requested a stay of Defendants' Motions in order to permit the Attorney General of New Jersey to investigate the matter. (*See* ECF No. 15.)

9