IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL PATRICK SIANO**<br><br>　　　　Plaintiff,<br><br>V.<br><br>**M&T BANK, PARKER McCAY P.A. LAW OFFICES et al, and all Unknown Parties,**<br><br>　　　　Defendants. | Civil Action No.:3:20-cv-12827-MAS-DEA<br><br>**Plaintiffs Objection to Court's order of dismissal of complaint and files its Motion for Reconsideration pursuant to 4:49-2, Civil Rule 7.1** |

　　PLEASE TAKE JUDICIAL NOTICE upon this Court's dismissal of Plaintiff Michael Patrick Siano's complaint on June 30,2021, I Michael Patrick Siano strongly objects, and respectfully moves this Court to reconsider its decision dismissing my proper and just complaint granted by the Honorable Michael A. Shipp, United States District Judge for the DISTRICT OF NEW JERSEY at the Clarkson S. Fisher Building and U.S. District Courthouse located at 402 East State Street, Trenton, New Jersey, 08608, and to reinstate my proper complaint, allowing Siano his right to due process of law pursuant to Local Court Rule 4:49-2 and Civ. Rule 7.1.

RECEIVED

JUL 09 2021

AT 8:30_____M
WILLIAM T. WALSH
CLERK

_/s/ M__ 7/9/21

Michael Patrick Siano

102 Haines Street East

Lanoka Harbor, NJ 08734

Phone: 732-788-0772

E- Mail: Mikee1987@Yahoo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL PATRICK SIANO**<br><br>Plaintiff,<br><br>V.<br><br>**M&T BANK, PARKER McCAY P.A. LAW OFFICES et al, and all Unknown Parties,**<br><br>Defendants. | Civil Action No.:3:20-cv-12827-MAS-DEA<br><br>**Plaintiffs Objection to Court's order of dismissal of complaint and files its Motion for Reconsideration pursuant to 4:49-2, Civil Rule 7.1** |

PLAINTIFF MICHAEL PATRICK SIANO MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO RECONSIDER THE ORDER TO DISMISS THE COMPLAINT

Plaintiff Michael Patrick Siano respectfully moves this Honorable Court to reconsider its order of June 30, 2021 granting Defendants motion to dismiss, ultimately dismissing the Plaintiff's proper and just complaint and in support thereof avers as follows.

1. **LEGAL STANDARD**

It appears to be some type of confusion before this Court, as this Federal Case has no bearing on a disgruntle party from State Court asking a Federal Court to step in. None of the Plaintiff's complaint is asking this Federal Court to step in and oversee what the State Court has done in some sort of an appeal. Siano understands the willful misrepresentations of facts committed by the lender, before, during, and after closing. Siano exercised his right as trustor

and only signer of the now voided mortgage document, the State Court case is simply void on its face.

1. Siano's Federal complaint clearly shows, the lack of performance in correcting the record by the Defendants and possibly their involvement in racketeering having superior knowledge of their actions. Pursuant to 15 U.S.C. § 1640 which gives Siano the authority to file suit in Federal Court as the Assignee has failed to properly respond and correct the record pertaining to a proper rescission. More over, *15 USC §1640* establishes the jurisdiction of this court.

2. Siano is following the authority under Federal Statute 15 USC §1640 (e), which I quote… *"any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction.* All parties are with in this courts jurisdiction and authority.

3. This Federal Court has the jurisdiction and the power to over see and to enforce the lack of performance when the claiming assignee fails to follow the Law when a consumer rightfully rescinds the transaction, and to enforce the assignee to correct the record at the recorders office.

4. This Court makes a bold ruling in favor of the Defendant's "statements of counsel that it *"was the holder of the note and mortgage,"* notwithstanding the fact that this Court has no "Strict Proof" on the record that establishes the subject Note was in fact the original or simply a copy, as this Honorable Court has based its decision on an "unsupported statement" to claims made by the Defendant's Attorney. "Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment," *Trinsey v. Pagliaro, D. C. Pa. 1964, 229 F. Supp. 647.* There is no required affidavit in support of its claim therefore, the Court's decision was

knowingly granted absent a competent witness's testimony, sworn under "penalties of perjury" before this Court, which is required by Federal rules of evidence.

5. Whereas, any MERS member has access to any registered mortgage documents with in the MERS system, and this Honorable Court's decision was made absent "strict proof" required to be on the record for this Court to make this bold ruling that fails or refuses to acknowledge the rules of evidence required to overcome the hearsay.

6. The UCC and the Federal Reserve banks clearly explain why the transaction was riddled with misrepresentations of facts. Once discovered the law allows Siano the right to void the credit transaction, which once executed with a "NOTICE" leaves the State Court judgment void on its face, as there is nothing to appeal at the State Appellate Court. Siano's right to rescind the transaction was never a part of the State Court proceeding and happened after the Defendant willfully came to the State Court with unclean hands having superior knowledge.

7. Therefore, the fact that Siano's rescinding of the transaction voids the State Court's ruling, establishing the Rooker-Feldman doctrine as merely a boiler plate attempt to have this case dismissed by an attorney absent "first-hand knowledge" where the doctrine does not apply, made moot and irrelevant in this case. This Court is holding Siano to higher standards as an attorney, Siano's arguments were never reviewed, heard or tried in State Court. Siano merely tried to vacate the moot judgment granted against him as the transaction is void per law, as Siano did not realize there was a default judgment, which barred him from having the Court hear and present the Court with new evidence.

8. Siano filed this case to enforce his rightful rescission, which is the entire basis of this Federal action, and is well with in the time frame of 3 years. According to Honorable Justice

Scalia someone doesn't need to file suit within the 3 year time frame, just needs to 'Notice". See *JESINOSKI ET UX. v. COUNTRYWIDE HOME LOANS,INC., ET AL. 574 U. S. ___ (2015).* The Basis of Siano's right to rescind the credit transaction is solely, misrepresentations of facts that were later discovered, and there is no time frame as fraud vitiates everything. There is nothing within the Federal laws were Siano needs the approval of any authority to rescind the transaction, but simply "Notice" the other party *see 15 USC §1635 and provisions under TILA.*

2. **ROOKER- FELDMAN DOCTRINE**

Rooker-Feldman Doctrine is irrelevant in this case. There is no winey disgruntle party from State Court asking relief in Federal Court. Reviewing "inextricably intertwined" which focuses on the injury alleged by the Federal Plaintiff. The fundamental and appropriate question to ask is whether the injury alleged by the Federal Plaintiff resulted from the State Court judgment itself or is distinct from that judgment. This approach turns on whether the federal claim alleges the injury was caused by the judgment or whether the federal claim alleges an independent injury that the State Court failed to remedy. There is nothing for the State Court to remedy as Siano doesn't need the approval of any court to lawfully rescind the transaction as I was the only party who signed the mortgage document and I have the lawful right to void it and I used the Authority under 15 USC §1635 and TILA under 12 CFR §226.23.

9. When a Plaintiff suffers an out of court injury and then fails to get relief from the State Court, a subsequent federal lawsuit is not inextricably intertwined. But, if Plaintiff complains of an injury which was caused by the State Court judgment Rooker-Feldman bars Federal Court appellate review for lack of subject matter jurisdiction. Siano makes very clear, that there is no injury from State Court as the mortgage document relied on by the Defendants became void as a

matter of law. There is nothing under 15 USC §1635 that states the consumer needs the approval of some authority, but simply "NOTICE" the other party. The purpose of Rooker-Feldman doctrine is to prevent collateral attacks on State Court judgments with the same arguments, or injury from the State Court judgments. Siano has no injury from State Court, and the State Court never heard or tried Siano's Federal complaint, as Siano has filed this proper complaint with the proper court according to 15 USC §1640.

10. Furthermore, Inextricably intertwined rests on, whether the federal claim alleges an injury caused by the State Court judgment. This causation requirement asks whether the State Court judgment both actually and proximately caused the injury for which the Federal Plaintiff seeks relief. If the State Court judgment is both the actual and proximate cause of the alleged injury only then is the Plaintiff's Federal claim barred. Siano's Federal complaint is not seeking to set aside judgments in any previous lawsuits based on legal errors of the State Court but seeks damages based on the wrongful behavior of extrinsic fraud (misrepresentation of facts) by the Defendants having unclean hands, as the Defendants are holding a counterfeit copy of Siano's Note, and also has a useless voided judgment.

11. The courts hold that the Rooker- Feldman Doctrine applies only when the Federal Plaintiff both asserts as his injury legal error or errors by the State Court and seeks as his remedy relief from the State Court judgment, notwithstanding the Federal Plaintiff was seeking to set aside previous judgments because fraud produced the State Court judgments that the Federal Court shall not be deprived of jurisdiction under Rooker-Feldman and FRCP 12(b) (1). Plaintiff Siano is **not** asserting State Court judgements caused him harm or any injury, Plaintiff's complaint is invoking his right under the authority of federal law to properly enforce his rescission and to correct the record because the Defendants failed to do so.

12. As there must have been some type of confusion, I now clear up the confusion and correct the record. The Rooker – Feldman Doctrine is irrelevant in this case as the cause of action is not an attempt to appeal a State Court action, or claiming a State Court's judgment caused harm, and no appellate review would be warranted.

13. Furthermore lets not forget that any court cannot rule by presumption without facts on the record, as subject matter jurisdiction for such ruling was never established on the record at the State Court level once Siano challenged subject matter jurisdiction in Siano's Motion to vacate judgment filed in State Court. Any court can lose jurisdiction. The court made it clear that *"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but rather, should dismiss the action,"* Melo v. US, 505 F2d 1026 . With the proper rescission and voidance of the mortgage document, how can the court still have competent subject matter jurisdiction over the *"Thing"* in dispute (my property)?

14. Whereas, the Defendant failed to establish the Courts jurisdiction on the record for the record, also any party who has unclean hands strips any court of jurisdiction. It is not this Court's decision to assume or not assume if the Defendant has unclean hands or not, but review the record of supporting evidence and statements made under oath. **"An order that exceeds the jurisdiction of the court, is void, or voidable, and can be attacked in any proceeding in any court where the validity of the judgment comes into issue"** *Rose v. Himely (1808) 4 Cranch 241, 2 L ed 608; Pennoyer v. Neff (1877) 95 US 714, 24 L ed 565; Thompson v. Whitman (1873) 18 Wall 457, 21 l ED 897; Windsor v. McVeigh (1876) 93 US 274, 23 L ed 914; McDonald v. Mabee (1917) 243 US 90, 37 Sct 343, 61 L ed 608.*

15. The court cannot assume it has jurisdiction for its ruling. In the State Court proceeding, Siano raised Lack of subject matter jurisdiction and the State Court failed to require and enforce the moving party to establish the Courts jurisdiction, which in turn violated Siano's due process rights.

16. This Court has no firsthand knowledge, based on the record "if" the Defendant has unclean hands or not as Siano has the right to cross examine any affiant who makes bold claims. This Court stripped me the right to have my day in court, to allow me the right to acquire the needed documents to support my complaint. It is not this Court's job to question my rightful rescission but to enforce pursuant to 15 USC §1640 and to allow the record to be corrected.

17. There is nothing in the record before this Court that proves the establishment of the State Courts jurisdiction after jurisdiction was challenged. The mortgage document, which transferred equitable rights to the property relied on by the Defendants is void after the "Notice was mailed pursuant to 15 USC §1635. Anything that happened in State Court is moot. This Court received the evidence , before this decision was rendered, of my lawful rescission "NOTICE" and also my complaint filed with the Attorney General who has yet to reply, as the attorney General may join this suit pursuant to 15 USC §1540.

18. Siano's cause of action is unique as interstate banking is wholly the jurisdiction of the federal courts. The key factor before this Court is this Court has no ideal if the Note the Defense introduced is original or not. The Court made a ruling without first hand knowledge of the facts and came to its own conclusion using assumption.

19. The Court erred without having the evidence of a competent witness sworn under pains and penalty of perjury with firsthand knowledge, nor the evidence established on the

record when stating that the uncontested fact that Siano was induced into a one sided, unenforceable, deceitful transaction under the fraudulent pretense of a loan with Glendenning, and that M&T BANK and Parker McCay conspired to foreclose on my property by fraudulently acquiring mortgage assignments are recycled claims.

20. The Court's job is to review the evidence on the record with supporting affidavits. The Court has no right, and has practiced law from the bench when the Court has no idea what happened before, during, or after closing or what happened behind closed doors, as the proper forms FR 2046, 1099-OID, 424-B5 prospectus, RC-S, RC-B call schedules, will tell a different story. It is not as simple as claiming to be the holder of the note, the Note must be the original signed Note, the original piece of paper signed at closing, not a fabricated claiming original Note recreated and allowed under UCC 3-401(b).

21. To make it clear, Siano's uncontested facts were never filed into the State Courts record as the Judge would not remove his default judgment against Siano and denied Siano due process of law. The State Court denied me the right to due process of law.

22. Siano makes his point and makes this very clear, Siano's counterclaim was never actually litigated in a State Court prior to the filing of a Federal Court action, and the claims are not inextricably intertwined as expressed previously herein. *"a claim is barred by Rooker-Feldman under two circumstances: first, if the claim was `actually litigated' in state court prior to the filing of the federal action or, second, if the claim is `inextricably intertwined with [the] state adjudication Exxon Mobil v. Saudi Basic Industrial Corp 364 F.3d 102 (2004). Quoting Desi's Pizza, 321 F.3d at 419 quoting Parkview Assocs. P'ship v. City of Lebanon, 225 F.3d 321, 325 (3d Cir.2000))*. Exxon Mobil did not satisfy all four requirements set out by the

Third District for the invocation of the Rooker-Feldman Doctrine and the Court did not have to consider whether the claims were inextricably intertwined, Siano does **not** satisfy all four requirements as well therefore the evidence is not in support of the Rooker-Feldman Doctrine and establishes it's irrelevancy in this case.

## CONCLUSION

As Siano clears up any confusion, Siano moves this Court to reconsider its decision dismissing Siano's proper complaint and allow Siano his right to have his day in court and prove his complaint. Acquiring the documents stated above clearly provides the evidence of Siano's right to void the mortgage and prove that the Defendants are without clean hands and their involvement of racketeering. Claiming to hold the note is one thing, claiming to hold the original signed piece of paper at closing is another.

Respectfully Submitted

_____ date: 7/9/21

MICHAEL PATRICK SIANO
102 Haines Street East
Lanoka Harbor, New Jersey 08734
Mikee1987@Yahoo.com
(732) 788-0772

# AFFADAVIT OF TRUTH TO THE FACTS

I Michael Patrick Siano having firsthand knowledge states the following:

1. I Michael Patrick Siano as the Trustor and only signer have properly rescinded/voided the Mortgage document # 1705GMC12643, MIN #1009777-0000007084-9 basing his decision on misrepresentations of facts.

2. I Michael Patrick Siano have the lawful right to exercise per federal statute 15 U.S.C. § 1635(b) to rescind my signature due to misrepresentation of facts before, and during the transaction process. The effect of my rescission voids the security instrument, the Defendants M&T BANK and Parker McCay Law Offices are with unclean hands filing a suit in the Superior Court of New Jersey all of which renders the Judgment procured void ab initio.

3. I Michael Patrick Siano attests that my Federal Case has no bearing or came from an injury from the State Court judgments.

4. I Michael Patrick Siano attests having firsthand knowledge that my complaint is just and right and once tried will result in the facts and findings in his complaint.

I, Michael Patrick Siano, testify on my own behalf and by my own free will act and deed, under penalty of perjury that the statements and facts in this Motion for Reconsideration set forth herein are true and correct to the best of my ability and will testify under oath if case may be, so help me God.

Under my Hand and Seal,	Dated: 7/9/21

By: _____

State of New Jersey  )
                     )ss        **JURAT**
County of Ocean      )

Sworn to (or affirmed) and subscribed before me on this 9th day of July 2021, Michael Patrick Siano proved to me on the basis of satisfactory evidence to be the one who appeared before me.

_____
Notary's Public Signature                                       Date 07/09/2021

(seal)   BRITTANY McCULLOUGH
         NOTARY PUBLIC OF NEW JERSEY
         Comm. # 50078850
         My Commission Expires 3/16/2023

## CERTIFICATE OF SERVICE

I hereby certify that on July 09, 2021, a true copy of the foregoing was mailed via U.S.P.S. to the named Defendant's council. Notice of this filing will be sent by e- mail .

| | |
|---|---|
| PARKER IBRAHIM & BERG | Andrew Sayles |
| 270 Davidson Avenue | Connell Foley LLP |
| Somerset, NJ 08873 | 56 Livingston Ave |
| kyle.stefanczyk@piblaw.com | Roseland NJ, 07068 |
| | asayles@connellfoley.com |

_____ date: 7/9/21

MICHAEL PATRICK SIANO

102 Haines Street East

Lanoka Harbor, New Jersey 08734

Mikee1987@Yahoo.com

(732) 788-0772