# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL PATRICK SIANO,

             Plaintiff,

             v.

M&T BANK, *et al.*,

             Defendants.

Civil Action No. 20-12827 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court on pro se Plaintiff Michael Patrick Siano's ("Siano") Motion for Reconsideration. (ECF No. 28.) Defendants M&T Bank and Parker McCay, P.A. (collectively, "Defendants") opposed (ECF Nos. 29, 31) and Plaintiff did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Siano's Motion is denied.

On June 30, 2021, this Court entered an Order granting Defendants' motions to dismiss and denying Siano's "motion to extend hearing date of Defendants." (ECF No. 25.) Concerning the motions to dismiss, the Court concluded that the *Rooker-Feldman* doctrine barred Siano's claims. (*See generally* Mem. Op., ECF No. 24.) On July 9, 2021, Siano filed a Motion for Reconsideration of this Court's decision to dismiss the Complaint.[1]

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *See Harrison v. Smith*, No. 08-3050, 2010 WL 715666, at *2 (D.N.J. Feb. 24,

---

[1] On July 19, 2021, Siano amended his Motion for Reconsideration. (ECF No. 28.) Siano's amended motion attaches a series of exhibits, including a memorandum he drafted to the Attorney General for the State of New Jersey and the U.S. Attorney's Office. (*See id.*)

2010) (citing *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999)). Generally, such motions are treated as motions to alter or amend the judgment of the court under Federal Rule of Civil Procedure 59(e).[2] In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). *Bowers v. Nat'l Collegiate Athletic Assoc.*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). Reconsideration is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 506-07 (D.N.J. 2002). Reconsideration is appropriate in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence that was previously unavailable; or (3) to correct a clear error of law or to prevent manifest injustice. *Id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 612-13. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Interfaith*, 215 F. Supp. 2d at 507 (quoting *Resorts Int'l v. Great Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)). The Court construes Plaintiff's filings liberally. *See Cason v. Johnston*, 845 F. App'x 203, 204 (3d Cir. 2021), *as amended* (May 11, 2021).

Siano argues that the *Rooker-Feldman* doctrine is irrelevant to this case and, thus, reconsideration is appropriate. (*See* Pl.'s Moving Br. *5, ECF No. 28.)[3] Siano contends that the *Rooker-Feldman* doctrine "turns on whether the federal claim alleges the injury was caused by the

---

[2] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[3] All numbers preceded by an asterisk refer to the page number in the ECF header.

judgment or whether the federal claim alleges an independent injury that the [s]tate [c]ourt failed to remedy." (*Id.*) Plaintiff's understanding of the *Rooker-Feldman* doctrine, however, is off-base.

As this Court explained in its June 30, 2021 Memorandum Opinion, "[t]he *Rooker-Feldman* doctrine constitutes a bar to suits brought by the losing party in state court that 'seek[ ] what in substance would be appellate review of the state judgment in a [federal] district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" (Mem. Op. (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).) The doctrine applies when, "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). As the doctrine applies here, Siano lost in state court on these same claims before filing the instant action. The relief Siano seeks would thus require this Court to dispute the state court's judgment.

Siano further avers that, "[w]hen a Plaintiff suffers an out of court injury and then fails to get relief from the [s]tate [c]ourt, a subsequent federal lawsuit is not inextricably intertwined." (Pl.'s Moving Br. *5.) In Siano's view, the federal and state court actions are only "inextricably intertwined" if "the federal claim alleges an injury caused by the [s]tate [c]ourt judgment." (*Id.* at *6.) The Court, however, emphasizes that causation is irrelevant to the *Rooker-Feldman* doctrine. The purpose of the doctrine is to prevent federal courts from overturning a state court decision. *Weiss v. New Jersey*, No. 17-1406, 2017 WL 4550876, at *2 (D.N.J. Oct. 12, 2017). Simply put, it is irrelevant whether the state court caused a plaintiff's injury; if the state court issued a decision on a particular claim, a plaintiff cannot subsequently litigate that same claim in federal court to get

the federal district court to overturn the state court's decision. As such, the Court finds that the *Rooker-Feldman* doctrine bars Plaintiff's claims and reconsideration is unwarranted. The Court therefore denies Siano's Motion. Accordingly, for the reasons set forth above, and for other good cause shown,

**IT IS** on this 4th day of January, 2022 **ORDERED** that:

1. Siano's Motion for Reconsideration (ECF No. 27) is **DENIED**.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**